**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| In re<br><br>INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*,[1]<br><br>Debtors. | Case No. 19-32231-jal<br><br>Chapter 11<br>(Jointly Administered) |

**LIMITED OBJECTION TO DEBTORS' PROPOSED**
**FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION**

Oakland Bulk & Oversized Terminal ("OBOT"), for its limited objection[2] to *Debtors' Proposed First Amended Chapter 11 Plan of Reorganization* [Doc. 247], states as follows:

1. On June 19, 2020, Debtors filed Debtors' First Amended Chapter 11 Plan of Reorganization dated June 19, 2020 [Docket No. 247] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, "Debtors' Plan").

2. Debtors' Plan includes the following broad release provision ("Release Provision"):

> **G. Releases by Holders of Claims and Interests.** As of and subject to the occurrence of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Plan Supplement, for good and valuable consideration, the adequacy of which is hereby confirmed, including, the service of the Released Parties to facilitate the reorganization of the Debtors and

---

[1] Debtors in these Chapter 11 cases are Insight Terminal Solutions, LLC (Case No. 19-32231) and Insight Terminal Holdings, LLC (Case No. 19-32232), and the Court has entered an order directing the procedural consolidation and joint administration of these cases. The docket in Case No. 19-32231 should be consulted for all matters affecting the above listed cases.

[2] Contemporaneous with this filing, OBOT has filed an objection to the cure amounts proposed by Debtors and Autumn Wind Lending, LLC.

> the implementation of the Plan, and except as otherwise provided in the Plan or in the Confirmation Order, (i) each holder of a Claim that votes in favor of the Plan (or is deemed to accept the Plan), and (ii) to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, each holder of a Claim or Interest that does not vote to accept the Plan or is deemed to reject the Plan, as applicable, shall be deemed to unconditionally, forever release, waive and discharge each of the Released Parties, from any and all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action and liabilities whatsoever in connection with or related to the Debtors, the Estates, the Chapter 11 Cases, or the Plan whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Estates, the Reorganized Debtors, the Chapter 11 Cases or the Plan.

*See* Debtors' Plan, Article VII, ¶ G.

3. Under Debtors' Plan, "Released Parties" is further defined as follows:

> 49. "<u>Released Parties</u>" means (i) each present and former manager, director, officer and employee of the Debtors, in his or her capacity as such, (ii) each Holder of a DIP Financing Claim in its capacity as such, and (iii) each Advisor of the Debtors and the Holders of the DIP Financing Claims. For purposes of this definition, "Advisors" means each of the following: financial advisor, investment banker, Professional, accountant, and attorney, and each of their respective employees, members, parent corporations, subsidiaries, affiliates, and partners.

*See* Debtors' Plan, Article I, ¶ A(49).

4. Parties which may be encompassed by the definition of "Released Parties" owe obligations to OBOT which could be viewed as "in connection with or related to the Debtors, the Estates, the Chapter 11 Cases, or the Plan." To the extent Debtors are using the Release Provision to achieve an improper third-party release, OBOT objects.

5.      Debtors have also reserved their Litigation Claims. *See* Debtors' Plan, Article VII, ¶ G. To the extent the releases provided by the Release Provision would hamper any defense available against the Litigation Claims, OBOT objects.

Respectfully submitted,

*/s/ Brian R. Pollock*
Elizabeth L. Thompson (ethompson@stites.com)
Brian R. Pollock (bpollock@stites.com)
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
*Counsel for Oakland Bulk & Oversized Terminal*

## CERTIFICATE OF SERVICE

I certify that on August 4, 2020, the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users.

*/s/ Brian R. Pollock*
Brian R. Pollock