UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*[1] | ) | CASE NO. 19-32231 |
| | ) | |
|     Debtors | ) | Jointly Administered |
| | ) | Chapter 11 Cases |
| | ) | |

**BAY BRIDGE EXPORTS, LLC'S RESPONSE IN SUPPORT OF
MOTION TO CONTINUE CONFIRMATION HEARING**

Comes now Bay Bridge Exports, LLC ("Bay Bridge"), by and through counsel, and hereby files this Response in support of the Motion to Continue Confirmation Hearing filed by Debtors Insight Terminal Solutions, LLC ("ITS"), Insight Terminal Holdings, LLC ("ITH") and Cecelia Financial Management, LLC [Docket No. 268] (the "Motion to Continue"). In support of the Motion to Continue, Bay Bridge respectfully states as follows:

1. Autumn Wind Lending, LLC ("AWL") objects to the Motion to Continue arguing that the OBOT Sublease will be deemed rejected if the confirmation hearing is not held and this Court does not enter an order confirming either the AWL's plan or the Debtors' plan on or before August 15, 2020. While not objecting to the Motion to Continue, Oakland Bulk and Oversized Terminal ("OBOT"), states that it will not consent to any further extension of the August 15, 2020. Contrary to AWL's argument, the requested continuance of the confirmation hearing will not result in the deemed rejection of the OBOT sublease and no further extension of the deadline for doing so is necessary or required.

---

[1] The Debtors in these Chapter 11 cases are Insight Terminal Solutions, LLC (Case No. 19-32231) and Insight Terminal Holdings, LLC (Case No. 19-32232), and the Court has entered an order in this case directing for the procedural consolidation and joint administration of the Chapter 11 cases. The docket in this Case No. 19-32231 should be consulted for all matters affecting the above listed cases.

4830-1525-8054.1

2. Unless extended, debtors must to decide whether to assume or reject a lease within 120 days after the petition date. Section 365(d)(4)(A) provides:

> [A]n unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.

Here, the deadline has been extended to August 15, 2020, and both Debtors and AWL have already filed plans seeking to assume the OBOT sublease. (AWL's Plan Supplement, Docket No. 265; Debtors' Chapter 11 Plan Supplement, Docket No. 264.).

3. Section 365(d)(4)(A) does not require that this Court enter an order confirming either AWL's plan or Debtors' plan on or before August 15, 2015. Courts have long recognized that an order approving the assumption of the lease is not required. *See, e.g., Cousins Prop., Inc. v. Treasure Isles HC, Inc. (In re Treasure Isles HC, Inc*.), 462 B.R. 645, 649-650 (6th Cir. BAP 2011) (trustee does not have to obtain court approval of assumption of lease prior to the deadline to avoid having the lease deemed rejected); *In re Simbaki, Ltd*., 520 B.R. 241, 245 (Bankr. S.D. Tex. 2014) (collecting cases). All that is required is that the trustee seek court approval for assumption of the lease prior to expiration of the deadline. *(Id*.)

4. It makes no difference that Debtors and AWL are seeking to assume the OBOT sublease through their respective plans, rather than by motion:

> There are two routes by which a chapter 11 debtor-in-possession may seek a court order that results in an effective assumption of an executory contract or lease. The first is by motion. Fed. R. Bankr. P. 6006(a). The second is by chapter 11 plan. Section 1123(b)(2). When a debtor seeks the assumption by chapter 11 plan, then a separate motion is not necessary. Fed. R. Bankr. P. 6006(a).

*In re Ring Enterprises, Inc.*, 2009 WL 779800, *1 (Bankr. N.D. Cal. Feb. 19, 2009) (*cited with approval in Cousins Prop.*, 462 B.R. at 649). Thus, the timely filing by AWL and Debtors of plans seeking to assume the OBOT sublease precludes automatic rejection of the OBOT sublease even if an order confirming one of these plans is not entered prior to August 15, 2020. (*Id.*)

5. Even if this Court were to conclude that, unlike the filing of a motion, the timely filing of the AWL plan and/or Debtors' plan does not preclude rejection of the OBOT sublease, AWL and/or Debtors can simply file a motion to assume the OBOT sublease in connection with the plan. Both AWL and Debtors have until August 15, 2020, to file such motion. *See, e.g.*, *Cousins Prop.*, 462 B.R. at 649.

6. In addition to the reasons set forth in the Motion to Continue, the confirmation hearing should be continued due to the City of Oakland's recent objection to confirmation of both AWL's plan and Debtors' plan. (Docket No. 276.). As this Court is well aware, the impediment to Debtors ability to obtain financing and confirm a plan has always been the ordinance passed by the City of Oakland banning the transport of coal through the proposed terminal and related litigation regarding the validity of that ordinance. Since almost the filing of this case, the Oakland ordinance banning coal has been referred to in this case as the "Oakland Overburden."

7. On May 26, 2020, the Ninth Circuit Court of Appeals affirmed the lower court's decision declaring the Oakland ordinance banning coal invalid. (*See* Docket No. 222.). On August 3, 2020, the Ninth Circuit denied the motions for rehearing filed by the City of Oakland and the Sierra Club. A copy of the Ninth Circuit's order is attached hereto as <u>Exhibit A</u>.

8. Having lost in the Ninth Circuit, the City of Oakland, on May 27, 2020, filed its Complaint for Breach of Contract and Declaratory Relief in the Superior Court of Almeda County, California styled *City of Oakland v. Oakland Bulk and Oversized Terminal, LLC, et al.*, Case No. RG18930929 (the "<u>State Court Action</u>"). In the State Court Action, the City of Oakland seeks a

declaratory judgment that OBOT breached the prime lease, and, therefore, the City of Oakland is entitled to terminate the prime lease.

9. Because the termination of the OBOT prime lease would cause the termination of the OBOT sublease, the City of Oakland's filing of the State Court Action was a blatant violation of the automatic stay. *See, e.g., In re 48th Street Steakhouse, Inc*., 835 F.2d 427, 430-431 (2d Cir. 1987) (attempt to terminate prime lease that, if successful, would have resulted in the termination of the debtor's sub-tenancy violated the automatic stay). The State Court Action is stayed, and the City of Oakland has not sought relief from the automatic stay.

10. Rather than seeking relief from the automatic stay, the City of Oakland has now filed its objection to confirmation of AWL's plan and Debtors' plan arguing that neither plan can be confirmed because OBOT has breached the OBOT prime lease and, therefore, the City of Oakland is entitled to terminate the prime lease. (*See* Docket No. 276). The City of Oakland has submitted the questions whether OBOT breached, and whether the City of Oakland is entitled to terminate, the OBOT prime lease and itself to the jurisdiction of this Court.

11. As the result of the Ninth Circuit's May 26, 2020 decision, the Oakland ordinance banning coal is no longer an impediment to Debtors' proposed terminal. The City of Oakland is now attempting to raise a new impediment claiming it is entitled to terminate the OBOT prime lease. Unlike the issues related to the Oakland ordinance banning coal, this Court is in position to resolve any remaining impediment to Debtors' proposed terminal in conjunction with confirmation of Debtors' plan. That determination will also benefit AWL because its plan, like the Debtors' plan, is conditioned on AWL's ability to assume the OBOT sublease.

12. The continuance that Debtors have requested will afford all parties the opportunity to conduct any necessary discovery in connection with the City of Oakland's objection and fully brief the issue prior to the confirmation hearing. The continuance that Debtors' have requested is

in the best interests of all parties involved and streamline the issues to be determined at the confirmation hearing.

For the reasons set forth herein and in the Motion to Continue, this Court should grant the Motion to Continue.

Dated: August 4, 2020

                                        Respectfully submitted,

                                        BRADLEY ARANT BOULT CUMMINGS LLP

                                        By:  */s/ Roger G. Jones*
                                                 Roger G. Jones (admitted *pro hac vice*)
                                                 Roundabout Plaza, Suite 700
                                                 1600 Division Street
                                                 Nashville, Tennessee    37203
                                                 Phone:  615-252-2323
                                                 Email:  rjones@bradley.com

                                                 COUNSEL FOR BAY BRIDGE EXPORTS, LLC

**CERTIFICATE OF SERVICE**

  It is hereby certified that on August 4, 2020, a true and correct copy of the foregoing was served electronically through the court's CM/ECF system to counsel for the U.S. Trustee and upon all parties receiving electronic notifications in this case through the U.S. Bankruptcy Court's CM/ECF system.

                */s/ Roger G. Jones*
                Roger G. Jones