UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*[1] ) | Case No. 19-32231 |
| ) | |
| Debtors ) | Jointly Administered |
| ) | Chapter 11 Cases |
| ) | |

### DEBTORS' MOTION TO ASSUME SUBLEASE

Come now the Debtors, Insight Terminal Solutions, LLC ("ITS") and Insight Terminal Holdings, LLC ("ITH") (the "Debtors"), by and through counsel, and hereby file this Motion to Assume Sublease (the "Motion to Assume"). In support of the Motion to Assume, the Debtors provide as follows:

### BACKGROUND

1. This motion is being filed out of an abundance of caution so that the record reflects that the Debtors are affirmatively seeking to assume the Sublease in compliance with the Bankruptcy Code's deadlines for assuming an unexpired non-residential real property leases (such as the Sublease[2]) that are set forth in Section 365(d)(4) of the Bankruptcy Code.

2. Section 365(d)(4)(A) of the Bankruptcy Code generally provides that unless extended, debtors must decide whether to assume or reject a an unexpired commercial lease within 120 days after the petition date. More specifically, the statute states that:

---

[1] The Debtors in these Chapter 11 cases are Insight Terminal Solutions, LLC (Case No. 19-32231) and Insight Terminal Holdings, LLC (Case No. 19-32232), and the Court has entered an order in these cases directing for the procedural consolidation and joint administration of these cases. The docket in this Case No. 19-32231 should be consulted for all matters affecting the above listed cases.

[2] This capitalized term is defined subsequently herein.

> [A]n unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i)    the date that is 120 days after the date of the order for relief; or
>
> (ii)   the date of the entry of an order confirming a plan.

3. Here, the Sublease assumption deadline has been extended to August 15, 2020, and the Debtors have already filed a chapter 11 plan seeking to assume the Sublease in satisfaction of this deadline. (*See* Debtors' Chapter 11 Plan Supplement [Docket No. 264]).

4. Notwithstanding this course of action, OBOT has argued in its *Response to the Debtors' and Cecelia Financial Management LLC'S Joint Motion To Continue Confirmation Hearing* filed on August 3, 2020 [Docket No. 270] that the Sublease will be deemed rejected if an order confirming the Debtors' chapter 11 plan (which approves the assumption of the Sublease) is not entered on or before August 15, 2020.

5. Contrary to OBOT's argument, a decision by the Court to not consider confirmation of the Debtors' or any chapter 11 plan contemplating the assumption of the Sublease will <u>not</u> result in the deemed rejection of the Sublease. So there is no urgency for conducting a confirmation hearing and confirming a chapter 11 plan on or before August 15, and no further extension of the Sublease assumption deadline is necessary.

6. To support this position, the Debtors assert that Section 364(d)(4)(A) does not require the Court to enter an order confirming the Debtors' plan or any competing plan on or before August 15, 2020 based on Sixth Circuit case law. *See, e.g., Cousins Prop., Inc. v. Treasure Isles HC, Inc. (In re Treasure Isles HC, Inc.)*, 462 B.R. 645, 649-650 (6th Cir. BAP 2011) (trustee does not have to obtain court approval of assumption of lease prior to the deadline to avoid having the lease deemed rejected); *In re Simbaki, Ltd.*, 520 B.R. 241, 245 (Bankr. S.D.

Tex. 2014) (collecting cases). All that is required is that the trustee/debtor in possession seek court approval for assumption of the lease prior to expiration of the deadline. *(Id.)* Therefore, it makes no difference that the Debtors are seeking to assume the Sublease through its plan, rather than by motion. *See In re Ring Enterprises, Inc.*, 2009 WL 779800, *1 (Bankr. N.D. Cal. Feb. 19, 2009) (*cited with approval in Cousins Prop.*, 462 B.R. at 649) (when a debtor seeks the assumption by chapter 11 plan, then a separate motion is not necessary).

7. Notwithstanding the controlling statute and case law, the Debtors are taking a belt and suspenders approach by filing this motion to concurrently address and satisfy the August 15 Sublease assumption deadline.

### REQUEST AND BASIS FOR RELIEF

8. By this Motion, the Debtors are (redundantly) seeking an order from the Court authorizing and approving the assumption of the Sublease pertaining to the West Gateway of the Port of Oakland Terminal by and between Oakland Bulk and Oversized Terminal ("OBOT") and ITS (the "Sublease").

9. Section 365(a) of the Bankruptcy Code provides, in relevant part, that the debtor-in-possession subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor. Section 365(b)(1) further provides in relevant part that the debtor-in possession may not assume such contract or lease unless, at the time of assumption of such contract or lease, the debtor-in-possession:

> (A) cures, or provides adequate assurance that [it] will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty rate or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property, if it is impossible for the trustee to cure such default by performing nonmonetary acts at and after the time of assumption, except that if such default arises from a failure to operate in accordance with a nonresidential real property lease, then such default shall be cured by performance

3

    at and after the time of assumption in accordance with such lease, and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

    (B)  compensates, or provides adequate assurance that [it] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C)  provides adequate assurance of future performance under such contract or lease.

*See* 11 U.S.C. § 365(b)(1).

    10.    As noted above, the Debtors intend to assume the Sublease in accordance with the requirements set forth in Section 365(a) and 365(b)(1) of the Bankruptcy Code, and have effectively moved to do so through the filing of their chapter 11 plan and plan supplement. The Debtors further acknowledge that there is a pending objection filed by OBOT to its request to assume the Lease (the "<u>OBOT Lease Assumption Objection</u>"). In preliminary response to the OBOT Lease Assumption Objection, the Debtors state that they remain in continuing discussions with OBOT about resolving its objection, including but not limited to acknowledging and proposing to pay OBOT's approximate $4.7 million dollar cure claim asserted by OBOT upon the assumption of the Sublease by the Debtors. The Debtors further state that the Utah Funds identified in their chapter 11 plan and disclosure statement allow the Debtors to satisfy the adequate assurance requirements set forth in Section 365(b) of the Bankruptcy Code.

    WHEREFORE, the Debtors ask the Court to enter an order granting this Motion to Assume Sublease and authorizing the assumption of the Sublease, and provide any additional relief that is just and proper.

4

Respectfully submitted,

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
KBA ID No. 87969
MIDDLETON REUTLINGER
401 S. Fourth Street, Suite 2600
Louisville, Kentucky 40202
Tel: (502) 625-2734
astosberg@middletonlaw.com
COUNSEL FOR THE DEBTORS

**CERTIFICATE OF SERVICE**

It is hereby certified that on August 5, 2020 a true and correct copy of the foregoing was served (a) electronically through the court's CM/ECF system at the electronic addresses as set forth in the ECF system, including the U.S. Trustee, and (b) will be sent U.S. mail postage prepaid August 6, 2020, to all creditors and parties in interest set forth in the Debtors' mailing matrix.

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
COUNSEL FOR THE DEBTORS