**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| In re | Case No. 19-32231-jal |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**OBJECTION TO DEBTORS' MOTION TO ASSUME SUBLEASE**

Oakland Bulk & Oversized Terminal ("OBOT"), for its Objection to *Debtors' Motion to Assume Sublease* [Doc. 286] ("Motion"), states as follows:

1. On August 4, 2020, OBOT objected to Debtors' proposed cure amount of $0.00 for the defaults due under the *Army Gateway Redevelopment Sublease for West Gateway dated as of September 24, 2018, between Oakland Bulk and Oversized Terminal, LLC, as sub-landlord, and ITS, as subtenant* (the "Sublease") asserted in the July 27, 2020 Chapter 11 Plan Supplement [Doc. 264] ("Debtors' Supplement") to Debtors' First Amended Chapter 11 Plan of Reorganization dated June 19, 2020 [Doc. 247] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented, "Debtors' Plan"). *See* Objection To Proposed Cure Amounts In Connection With Debtors' First Amended Chapter 11 Plan of Reorganization Dated June 19, 2020 and Autumn Wind Lending, LLC's Chapter 11 Plan Of Reorganization, Doc. 280 ("Cure Objection"). OBOT

---

[1] Debtors in these Chapter 11 cases are Insight Terminal Solutions, LLC (Case No. 19-32231) and Insight Terminal Holdings, LLC (Case No. 19-32232), and the Court has entered an Order directing the procedural consolidation and joint administration of these cases. The docket in Case No. 19-32231 should be consulted for all matters affecting the above listed cases.

incorporates by reference its Cure Objection[2] in support of its objection to the Motion. In the Motion, despite OBOT's Cure Objection, Debtors continue to assert no pre- or post-petition monetary defaults under the Sublease. Debtors' position of the cure amount being $0.00 is further belied by OBOT's Motion to Terminate Automatic Stay [Doc. 304].

2.Since the filing of the Cure Objection, additional post-petition defaults have accrued. In particular, Debtors failed to pay $112,085.00 in taxes due on or before August 31, 2020, to Alameda County, thereby causing OBOT to pay said tax amount to avoid a potential event of default under the master lease. *See* August 31, 2020 Notice of Sublandlord Payment, attached as Exhibit A. Also, other rent due under the Sublease continues to accrue.

3.There is no good faith basis for the cure amount proposed in the Motion and Debtors' Supplement. Debtors have ignored the significant benefit that OBOT has bestowed by permitting amounts due under the Sublease to accrue during the pendency of this bankruptcy.

4.While not raised substantially in the Cure Objection,[3] since the filing of Debtors' Supplement, significant questions of Debtors' ability to perform under the Sublease—both as to the payment of the correct cure amount and meeting future obligations—have arisen.

---

[2] As noted during the August 5, 2020 hearing, OBOT and Autumn Wind Lending, LLC ("AWL") have resolved their dispute as to the proposed cure amount asserted in AWL's Notice of Filing of Plan Supplement [Docket. No. 265].

[3] *See* Cure Objection, at ¶ 17 ("Moreover, Sublandlord seeks adequate assurances from the assuming party regarding the assuming party's ability to meet future obligations under the Sublease.").

5. In Debtors' and Cecilia Financial Management LLC's Joint Motion to Continue Confirmation Hearing [Doc. 268], Debtors asserted the importance of pending legislation on the funding of Debtors' Plan:

> <u>Third</u>, based on recent and continuing developing information, undersigned counsel believes that the Utah State legislature is going to conduct a special legislative session on or about August 20, at which time the Utah State Legislature will consider and vote on proposed statutory legislation that will authorize and direct the release of the Throughput Infrastructure Funds directly to the Four Counties for the funding of the Debtors' Plan. The confirmation hearings should not be rescheduled until shortly after August 20 when the fate of the proposed legislation is known.

*See* Doc. 268, ¶ 3 (emphasis original). While the special session did occur, no legislation was passed which would authorize and direct the release of the monies necessary to fund Debtors' Plan. Debtors lack the ability to cure the monetary defaults under the Sublease, so they assert—with no basis—that there is no monetary default.

6. Pursuant to 11 U.S.C. § 365(b)(1)(A), Debtors must cure any defaults under the Sublease in connection with any proposed assumption, as well as provide adequate assurance of future performance. Debtors' proposed cure amounts are insufficient to cure the existing and accruing defaults on the Sublease. Additional amounts continue to accrue under the Sublease, and Debtors will be obligated for amounts which accrue prior to the date of assumption.

7. Where "there has been a default" in an unexpired lease to which a debtor is a party, "the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee" cures all monetary defaults under the

lease agreement.[4] Additionally, under the Bankruptcy Code provision governing unexpired leases, timely performance is required for obligations of a debtor which arise from and after the order for relief until the lease is assumed or rejected.[5] Thus, Debtors must cure both pre- and post-petition defaults.

8. OBOT reserves the right to supplement this Objection, including, but not limited to, for the purpose of asserting attorneys' fees, expenses, and/or interest due at the time of assumption. OBOT also reserves the right to alter, modify, and/or assert additional amounts due or becoming due to be included in the Cure Amount asserted in the Cure Objection.

Respectfully submitted,

*/s/ Brian R. Pollock*
Elizabeth L. Thompson (ethompson@stites.com)
Brian R. Pollock (bpollock@stites.com)
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
Telephone: (502) 587-3400
*Counsel for Oakland Bulk & Oversized Terminal*

## CERTIFICATE OF SERVICE

I certify that on September 7, 2020, the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users.

*/s/ Brian R. Pollock*
Brian R. Pollock

---

[4] 11 U.S.C.A. § 365. Consistent with § 365, this response does not address Subtenant's non-Rent obligations under the Sublease. While under no obligation to do so, OBOT has acquiesced to three (3) extensions of the assumption or rejection date, presently extending the same to August 15, 2020.

[5] *See In re Handy Andy Home Improvement Ctrs.*, 196 B.R. 87 (Bankr. N.D. Ill. 1996) (holding that "[i]f the lease is ultimately assumed under § 365(a), then debtor will have to cure both pre-and post-petition defaults under § 365(b)").