# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| INSIGHT TERMINAL SOLUTIONS, LLC et al.[1] | Case No. 19-32231 |
| Debtors. | (Jointly Administered) |
| | Judge Joan A. Lloyd |

## MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF AUTUMN WIND LENDING, LLC'S CHAPTER 11 PLAN OF REORGANIZATION FOR THE BANKRUPTCY ESTATE OF DEBTOR INSIGHT TERMINAL SOLUTIONS, LLC PURSUANT TO BANKRUPTCY CODE SECTION 1121(c)(2)

Dated: September 8, 2020

**LOWENSTEIN SANDLER LLP**
Robert M. Hirsh (admitted *pro hac vice*)
Rachel Maimin (admitted *pro hac vice*)
Phillip Khezri (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

**FROST BROWN TODD LLC**
Ronald E. Gold
Edward M. King
400 W. Market Street
Suite 3200
Louisville, KY 40202
Tel: (502) 589-5400
Fax: (502) 581-1087

---

[1] The Debtors in these chapter 11 cases are Insight Terminal Solutions, LLC (Case No. 19-32231) and Insight Terminal Holdings, LLC (Case No. 19-32232). The Court has ordered the joint administration of these chapter 11 cases. The docket in this Case No. 19-32231 should be consulted for all matters affecting the above listed cases.

# <u>TABLE OF CONTENTS</u>

**Page(s)**

A.    INTRODUCTION ...................................................................................................1

B.    THE PLAN SHOULD BE CONFIRMED .........................................................1

    1.    The Plan Fully Complies with the Applicable Provisions of the
       Bankruptcy Code (Section 1129(a)(1)).................................................................1

          **a.**    The Plan Satisfies the Classification Requirements of Section 1122
              of the Bankruptcy Code by Placing Only Substantially Similar
              Claims or Equity Interests in Each Class......................................................2

          **b.**    The Plan Meets the Requirements Set Forth in Section 1123(a) of
              the Bankruptcy Code.....................................................................................3

    2.    AWL Has Fully Complied With The Applicable Provisions of the
       Bankruptcy Code (Section 1129(a)(2))................................................................4

    3.    AWL Has Proposed the Plan in Good Faith (Section 1129(a)(3)) .........................5

    4.    The Plan Provides for Bankruptcy Court Approval of Certain
       Administrative Payments (Section 1129(a)(4)) ...................................................6

    5.    The Identity of Certain Individuals Who Will Hold Positions Post-
       Confirmation Has Been Disclosed (Section 1129(a)(5)).......................................6

    6.    No Governmental Regulatory Commission Has Jurisdiction over the
       Reorganized Debtor (Section 1129(a)(6)) ...........................................................7

    7.    The Plan is in the Best Interests of Creditors and Interest Holders (Section
       1129(a)(7)) ...........................................................................................................7

    8.    The Plan Has Been Accepted By All Classes Entitled to Vote (Section
       1129(a)(8)) ...........................................................................................................9

    9.    The Plan Provides for the Statutorily Mandated Treatment of
       Administrative and Priority Tax Claims (Section 1129(a)(9)) ...........................11

    10.    At Least One Impaired Class of Claims has Accepted the Plan, Excluding
       the Acceptances of Insiders (Section 1129(a)(10))..............................................11

    11.    The Plan is Feasible (Section 1129(a)(11)) ........................................................11

    12.    The Plan Provides for the Payment of All Fees Under 28 U.S.C. § 1930
       (Section 1129(a)(12))..........................................................................................12

13.     The Plan Complies with Section 1129(a)(13) of the Bankruptcy Code ................13

C.     RESERVATION OF RIGHTS ........................................................................................13

D.     CONCLUSION...............................................................................................................14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*In re Apex Oil Co.*,
    118 B.R. 683 (Bankr. E.D. Mo. 1990)................................................................7

*Bank of America Nat'l Trust & Sav.. Ass'n v. 203 LaSalle St. P'ship*,
    526 U.S. 434 (1999)................................................................................8

*In re Butler*,
    42 B.R. 777 (Bankr. E.D. Ark. 1984) ................................................................4

*Estate of Debtor Insight Terminal Solutions, LLC Pursuant to Bankruptcy Code
    Section 1121(c)(2)*
    [Docket No. 245] ................................................................................1

*In re Dow Corning Corp.*,
    255 B.R. 445 (Bankr. E.D. Mich. 2000)................................................................6

*In re Future Energy Corp.*,
    83 B.R. 470 (Bankr. S.D. Ohio 1988)................................................................6

*Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters., Ltd. II (In re Briscoe
    Enters., Ltd. II)*,
    994 F.2d 1160 (5th Cir. 1993) ................................................................12

*In re Johns-Manville Corp.*,
    843 F.2d 636 (2d Cir. 1988)................................................................1, 5

*In re Kovich*,
    4 B.R. 403 (Bankr. W.D. Mich. 1980)................................................................2

*In re Madison Hotel Assocs.*,
    49 F.2d 410 (7th Cir. 1984) ................................................................5

*In re Prudential Energy Co.*,
    58 B.R. 857 (Bankr. S.D.N.Y. 1986)................................................................4

*In re PWS Holding Corp.*,
    228 F.3d 224 (3d Cir. 2000)................................................................5

*In re Ruti Sweetwater*,
    836 F.2d 1263 (10th Cir. 1988) ................................................................10

*In re S&W Enterprise*,
   37 B.R. 153 (Bankr. N.D. Ill. 1984) ............................................................................1

*Teamsters Nat'l Freight Indus. Negotiating Comm. v. U.S. Truck Co., Inc. (In re
   U.S. Truck Co., Inc.)*,
   800 F.2d 581 (6th Cir. 1986) .....................................................................................2

*In Re Texaco, Inc.*,
   84 B.R. 893 (Bankr. S.D.N.Y. 1988) ..........................................................................4

*The Mutual Life Ins. Co. of New York v. Patrician St. Joseph Partners (In re
   Patrician St. Joseph Partners)*,
   169 B.R. 669 (Bankr. D. Ariz. 1994) .........................................................................12

*In re Toy & Sports Warehouse, Inc.*,
   37 B.R. 141 (Bankr. S.D.N.Y. 1984) ......................................................................4, 6

*Travelers Ins. Co. v. Pikes Peak Water Co. (In re Pikes Peak Water Co.)*,
   779 F.2d 1456 (10th Cir. 1985) ...............................................................................12

## STATUTES

11 U.S.C. § 1122(a) .......................................................................................................2

11 U.S.C. §§ 1123(a)(1) and 1129(a)(9) .........................................................................3

11 U.S.C. § 1123(a)(6) ................................................................................................3, 4

11 U.S.C. § 1126(g) .....................................................................................................10

11 U.S.C. §§ 1129(a)(7)(A)(i)-(ii) ...................................................................................8

28 U.S.C. § 1930 .........................................................................................................12

Bankruptcy Code section 1123(a)(1) ..............................................................................3

Bankruptcy Code section 1123(a)(3) ..............................................................................3

Bankruptcy Code section 1123(a)(4) ..............................................................................3

Bankruptcy Code section 1123(a)(5) ..............................................................................3

Bankruptcy Code section 1123(a)(7) ..............................................................................4

Bankruptcy Code sections 1125 and 1126 ......................................................................4

Bankruptcy Code section 1125(a) ..................................................................................5

Bankruptcy Code section 1125(e) ..................................................................................5

Bankruptcy Code section 1126(d) ...........................................................................................9

Bankruptcy Code section 1126(f) ................................................................................8, 9, 10

Bankruptcy Code Section 1129(a)(1) .....................................................................................1

Bankruptcy Code Section 1129(a)(2) .....................................................................................4

Bankruptcy Code section 1129(a)(3) ..................................................................................5, 6

Bankruptcy Code Section 1129(a)(4) .....................................................................................6

Bankruptcy Code section 1129(a)(5) ..................................................................................6, 7

Bankruptcy Code Section 1129(a)(5)(A)(i) ...........................................................................6

Bankruptcy Code Section 1129(a)(5)(A)(ii) ..........................................................................6

Bankruptcy Code Section 1129(a)(6) .....................................................................................7

Bankruptcy Code Section 1129(a)(7) ..............................................................................7, 8, 9

Bankruptcy Code Section 1129(a)(8) .....................................................................................9

Bankruptcy Code section 1129(a)(9) ..............................................................................11, 12

Bankruptcy Code Section 1129(a)(10) .................................................................................11

Bankruptcy Code Section 1129(a)(11) ...........................................................................11, 12

Bankruptcy Code section 1129(a)(12) .................................................................................12

Bankruptcy Code Section 1129(a)(13) .................................................................................13

Bankruptcy Code section 1129(b) ...................................................................................10, 11

Bankruptcy Code section 1129(b)(2)(C)(ii) .........................................................................10

**RULES**

Bankruptcy Rules 3017, 3018, and 3019 ................................................................................5

**OTHER AUTHORITIES**

H.R. Rep. No. 595, 95th...........................................................................................................1

H.R. Rep. No. 595, 95th Cong., 1st Sess. 412 .......................................................................5

S. Rep. No. 989, 95th Cong. 2d Sess. 123 (1978) .................................................................9

S. Rep. No. 989, 95th Cong., 2d Sess. 126 (1978) ..........................................................1

S. Rep. No. 989, 95th Cong., 2d Sess. 126 ......................................................................4

## A.    INTRODUCTION

Autumn Wind Lending, LLC, ("AWL") respectfully submits this memorandum of law (this "Memorandum") in support of the confirmation of *Autumn Wind Lending, LLC's Chapter 11 Plan of Reorganization for the Bankruptcy Estate of Debtor Insight Terminal Solutions, LLC Pursuant to Bankruptcy Code Section 1121(c)(2)* [Docket No. 245] (as modified, amended, or supplemented from time to time, the "Plan").[2] The Plan should be confirmed as it complies with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules and pays all Allowed Claims, except Subordinated Claims, in full. As demonstrated in Section B herein, the Plan satisfies all of the requirements of sections 1122, 1123, and 1129 of the Bankruptcy Code.

## B.    THE PLAN SHOULD BE CONFIRMED

The Plan complies with all relevant sections of the Bankruptcy Code and the Bankruptcy Rules relating to confirmation of the Plan. In particular, the Plan fully complies with all of the requirements of sections 1123 and 1129 of the Bankruptcy Code. This Memorandum addresses each requirement *seriatim*.

### 1.    The Plan Fully Complies with the Applicable Provisions of the Bankruptcy Code (Section 1129(a)(1))

Section 1129(a)(1) of the Bankruptcy Code requires that a plan of reorganization comply with the applicable provisions of chapter 11 of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a)(1). The legislative history of section 1129(a)(1) of the Bankruptcy Code indicates that a principal objective of this provision is to assure compliance with the sections of the Bankruptcy Code governing classification of claims and interests and the contents of a plan of reorganization. *See* S. Rep. No. 989, 95th Cong., 2d Sess. 126 (1978); H.R. Rep. No. 595, 95th Cong., lst Sess. 412 (1977); *In re Johns-Manville Corp.*, 843 F.2d 636, 648 (2d Cir. 1988); *In re S&W Enterprise*, 37

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Plan.

B.R. 153, 158 (Bankr. N.D. Ill. 1984). As indicated below, the Plan complies with these provisions in all respects.

> ### a.    The Plan Satisfies the Classification Requirements of Section 1122 of the Bankruptcy Code by Placing Only Substantially Similar Claims or Equity Interests in Each Class

"Absent agreement to the contrary, a plan may place a claim or interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class." 11 U.S.C. § 1122(a). Section 1122(a) of the Bankruptcy Code, however, does not require that similar claims be classified together, only that claims grouped together in a class should be similar. *See Teamsters Nat'l Freight Indus. Negotiating Comm. v. U.S. Truck Co., Inc. (In re U.S. Truck Co., Inc.)*, 800 F.2d 581, 585 (6th Cir. 1986); *See also In re Kovich*, 4 B.R. 403, 405 (Bankr. W.D. Mich. 1980) ("There is no requirement that all claims which are 'substantially similar' be placed in the same class."). The classification of Claims and Equity Interests under the Plan is proper under the Bankruptcy Code. There are five classes of Claims and Interests under the Plan:

| Class | Treatment | Entitled To Vote |
|---|---|---|
| Class 1 – Other Priority Claims | Unimpaired | No (Deemed to Accept) |
| Class 2 – Prepetition Lender Claim | Impaired | Yes |
| Class 3 – General Unsecured Claims | Unimpaired | No (Deemed to Accept) |
| Class 4 – Subordinated Claims | Impaired | No (Deemed to Reject) |
| Class 5 – Interests | Impaired | No (Deemed to Reject) |

A Claim or Interest is placed in a class only if that Claim or Interest is substantially similar to other Claims or Interests within the class. Accordingly, the classification of Claims and Interests under the Plan satisfies the requirements of section 1122 of the Bankruptcy Code.

      **b.**     **The Plan Meets the Requirements Set Forth in Section 1123(a) of the Bankruptcy Code**

Section 1123(a) of the Bankruptcy Code sets forth seven requirements with which every chapter 11 plan must comply. *See* 11 U.S.C. § 1123(a). The Plan fully complies with each requirement.

First, the Plan designates classes of Claims and Interests as required by section 1123(a)(1) of the Bankruptcy Code. *See* Article III of the Plan. The Plan does not classify Administrative Claims, Professional Fee Claims, or Priority Tax Claims because they must receive the treatment specified in the Bankruptcy Code and cannot otherwise be impaired. *See* 11 U.S.C. §§ 1123(a)(1) and 1129(a)(9).

Second, Article III of the Plan specifies that Class 2 (Prepetition Lender Claims), Class 4 (Subordinated Claims), and Class 5 (Interests) are impaired under the Plan. Article III of the Plan specifies the treatment of each impaired class of Claims and Interests as required by section 1123(a)(3) of the Bankruptcy Code.

Third, all of the holders of Claims or Interests within each of the classes are treated identically under the Plan as required by section 1123(a)(4) of the Bankruptcy Code.

Fourth, Article VI and other provisions of the Plan provide an adequate means for implementation of the Plan as required by section 1123(a)(5) of the Bankruptcy Code. *See* 11 U.S.C. § 1123(a)(6). On the Confirmation Date, AWL will place the Cash Contribution in the amount of $5,000,000 into a segregated escrow account for the benefit of Holders of Allowed Class 3 Claims. The Cash Contribution shall be used solely to pay all Allowed Claims in accordance with the Plan and, after payment of all Allowed Claims, any remaining funds in such account shall revert to AWL.

Fifth, section 1123(a)(6) of the Bankruptcy Code requires the inclusion of certain provisions in a reorganizing debtor's corporate charter prohibiting the issuance of non-voting equity interest. Pursuant to the Confirmation Order, on the Effective Date, the Reorganized Debtors' charter will include such a prohibition.

Finally, section 1123(a)(7) of the Bankruptcy Code provides that the selection of any officer, director, or trustee under a plan be consistent with public policy. *See* 11 U.S.C. § 1123(a)(7). Pursuant to the Plan, for the period immediately following confirmation of the Plan, the Prepetition Lender proposes to have Vikas Tandon serve as the sole New Non-Member Manager of Insight Terminal Solutions, LLC. Mr. Tandon is currently the Chief Investment Officer of JMB Capital Partners Lending, LLC and Ridgedale Partners, LLC, as well as Manager of the Prepetition Lender. Mr. Tandon proposes to draw no compensation for his management of the Reorganized Debtor. The Prepetition Lender will be the sole member of the Reorganized Debtor as of the Effective Date of the Plan. Accordingly, section 1123(a)(7) of the Bankruptcy Code is satisfied.

## 2.    AWL Has Fully Complied With The Applicable Provisions of the Bankruptcy Code (Section 1129(a)(2))

Section 1129(a)(2) of the Bankruptcy Code requires that the proponent of a plan of reorganization comply with the applicable provisions of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a)(2). The legislative history and cases discussing section 1129(a)(2) of the Bankruptcy Code indicate that the purpose of the provision is to ensure that the plan proponent complies with the disclosure and solicitation requirements of sections 1125 and 1126 of the Bankruptcy Code. *See In Re Texaco, Inc.*, 84 B.R. 893 (Bankr. S.D.N.Y. 1988); *In re Prudential Energy Co.*, 58 B.R. 857 (Bankr. S.D.N.Y. 1986); *In re Butler*, 42 B.R. 777 (Bankr. E.D. Ark. 1984); *In re Toy & Sports Warehouse, Inc.*, 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984); S. Rep. No. 989, 95th

Cong., 2d Sess. 126; H.R. Rep. No. 595, 95th Cong., 1st Sess. 412. The Debtors have complied with the applicable provisions of the Bankruptcy Code, including the provisions of 1125 and 1126 regarding disclosure and plan solicitation and Bankruptcy Rules 3017, 3018, and 3019. The solicitation of acceptance or rejection of the Plan was (i) in compliance with all applicable nonbankruptcy laws, rules, and regulations governing the adequacy of disclosure in connection with such solicitation and (ii) solicited after disclosure to holders of Claims or Interests of adequate information as defined in section 1125(a) of the Bankruptcy Code. *See Order Approving Disclosure Statement, Setting Deadlines for Objections to Confirmation and Ballots, and Setting Confirmation Hearing* [Docket No. 255]. Moreover, AWL, its directors, officers, employees, agents, affiliates, and Professionals (acting in such capacity) have acted in "good faith," within the meaning of section 1125(e) of the Bankruptcy Code.

### 3.    AWL Has Proposed the Plan in Good Faith (Section 1129(a)(3))

The Plan has been "proposed in good faith and not by any means forbidden by law," as required by section 1129(a)(3) of the Bankruptcy Code. The good faith test of section 1129(a)(3) of the Bankruptcy Code "means that the plan was proposed with 'honesty and good intentions' and with a 'a basis for expecting that a reorganization can be effected.'" *See In re Johns-Manville Corp.*, 843 F.2d at 649 (citations omitted). Good faith "is generally interpreted to mean that there exists a 'reasonable likelihood that the plan will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.'" *In re Madison Hotel Assocs.*, 49 F.2d 410, 424-25 (7th Cir. 1984). For purposes of determining good faith under section 1129(a)(3), "the important point of inquiry is the plan itself and whether such a plan will fairly achieve a result consistent with the objectives of the Bankruptcy Code." *In re PWS Holding Corp.*, 228 F.3d 224, 242 (3d Cir. 2000). "Good faith 'may exist when there is a reasonable likelihood that the plan

will achieve a result consistent with the objectives and purposes of the Bankruptcy Code.'" *In re Dow Corning Corp.*, 255 B.R. 445, 498 (Bankr. E.D. Mich. 2000). The Plan allows creditors to receive the highest possible recovery under the circumstances. As reflected in the liquidation analysis included in the Plan Supplement, Holders of General Unsecured Claims and other Claim Holders would not receive any distribution in a chapter 7 liquidation. Additionally, the Plan seeks to make distributions to creditors as promptly as possible under the circumstances of these Chapter 11 Cases. Courts have found that such a plan meets the good faith standard under section 1129(a)(3) of the Bankruptcy Code. *See, e.g., Toys & Sports Warehouse, Inc.*, 37 B.R. 141, 149 (Bankr. S.D.N.Y. 1984).

### 4. The Plan Provides for Bankruptcy Court Approval of Certain Administrative Payments (Section 1129(a)(4))

Section 1129(a)(4) of the Bankruptcy Code requires that payments made by AWL on account of services or costs and expenses incurred in connection with the Plan or the Chapter 11 Case either be approved or be subject to approval by the bankruptcy court as reasonable. *See* 11 U.S.C. § 1129(a)(4). A plan meets the requirements of section 1129(a)(4) when it provides that all payments to be made under the plan are subject to court approval. *See In re Future Energy Corp.*, 83 B.R. 470 (Bankr. S.D. Ohio 1988). Here, the Plan provides for payment of Allowed Administrative Claims and AWL will only pay such Claims only after the Court allows any such Administrative Claims, which must be filed by the Bar Date established pursuant to the Plan.

### 5. The Identity of Certain Individuals Who Will Hold Positions Post-Confirmation Has Been Disclosed (Section 1129(a)(5))

Section 1129(a)(5)(A)(i) of the Bankruptcy Code requires the proponent of a plan to disclose the identity of certain individuals who will hold positions with the debtor or its successor after confirmation of the plan. Section 1129(a)(5)(A)(ii) of the Bankruptcy Code

requires that the service of such individuals be "consistent with the interests of creditors and equity security holders and with public policy." *In re Apex Oil Co.*, 118 B.R. 683, 704-05 (Bankr. E.D. Mo. 1990)). As set forth above, pursuant to the Plan, for the period immediately following confirmation of the Plan, the Prepetition Lender proposes to have Mr. Tandon serve as the sole New Non-Member Manager of Insight Terminal Solutions, LLC. As stated above, Mr. Tandon is currently the Chief Investment Officer of JMB Capital Partners Lending, LLC and Ridgedale Partners, LLC, as well as Manager of the Prepetition Lender, and proposes to draw no compensation for his management of the Reorganized Debtor. As AWL will be the sole member of the Reorganized Debtor as of the Effective Date, and payment to Holders of Allowed Claims is not contingent on future operations of the Reorganized Debtors, AWL's choice of management satisfies the requirements of section 1129(a)(5) of the Bankruptcy Code.

### 6.    No Governmental Regulatory Commission Has Jurisdiction over the Reorganized Debtor (Section 1129(a)(6))

Section 1129(a)(6) of the Bankruptcy Code permits confirmation only if any regulatory commission that will have jurisdiction over the debtor after confirmation has approved any rate change provided for in the plan. 11 U.S.C. § 1129(a)(6). The Debtor's current business does not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after Confirmation.

### 7.    The Plan is in the Best Interests of Creditors and Interest Holders (Section 1129(a)(7))

Section 1129(a)(7) of the Bankruptcy Code, the "best interests of creditors test," requires that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class–

(1)    has accepted the plan; or

(2)     will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. §§ 1129(a)(7)(A)(i)-(ii).

The best interests test focuses on individual, dissenting impaired holders of claims and interests, rather than entire classes of claims or interests. *See Bank of America Nat'l Trust & Sav.. Ass'n v. 203 LaSalle St. P'ship,* 526 U.S. 434 (1999). The test requires that each holder of a claim or interest accept the plan or receive or retain property having a present value, as of the effective date of the plan, not less than the amount such holder would receive or retain if the debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

Under the best interests test, the court must find that each impaired creditor will receive or retain value that is not less than the amount he would receive if the debtor were liquidated. *See 203 North LaSalle,* 526 U.S. at 440. As section 1129(a)(7) of the Bankruptcy Code makes clear, the liquidation analysis applies only to non-accepting impaired claims or equity interests. If a class of claims or equity interests unanimously accepts the plan, the best interests test is deemed satisfied for all members of that class.

Moreover, pursuant to section 1126(f) of the Bankruptcy Code, a class that is not impaired under the plan is conclusively deemed to have accepted the plan. Each holder of a Claim in Classes 1 and 3 is unimpaired and is conclusively deemed to have accepted the Plan. Therefore, the best interests test is satisfied with respect to such Classes. Additionally, AWL, as the sole member of Class 2, has voted in favor of the Plan.

With respect to Holders of Subordinated Claims (Class 4) and Interests (Class 5), which do not receive a distribution under the Plan and are therefore deemed Impaired, the best interests

test is satisfied because such rejecting parties will not receive under the Plan less than they would have received under a hypothetical chapter 7 liquidation. The liquidation analysis set forth in Plan Supplement provides that the liquidation values that may be realized by the Debtors' Estate if the Debtors' assets were liquidated in chapter 7 would be significantly lower than the value of the recoveries to creditors provided for under the Plan. Holders of Subordinated Claims and Interests would receive no distribution in a chapter 7 liquidation because Holders in other classes with senior priority treatment would not be satisfied in full. In contrast, the Plan provides that General Unsecured Creditors will receive *more* than they would receive in a chapter 7, namely, payment in full. Inasmuch as Holders of Subordinated Claims and Interest will receive no distributions under the Plan, they will receive "not less than the amount" they would receive in chapter 7. Accordingly, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

### 8.    The Plan Has Been Accepted By All Classes Entitled to Vote (Section 1129(a)(8))

Section 1129(a)(8) of the Bankruptcy Code requires that each class of claims or interests must either accept a plan or be unimpaired under a plan. *See* 11 U.S.C. § 1129(a)(8). Pursuant to 1126(c) of the Bankruptcy Code, a class of impaired claims accepts a plan if holders of at least two-thirds in dollar amount and more than one-half in number of the claims in that class that actually vote to accept the plan. Pursuant to section 1126(d) of the Bankruptcy Code, a class of interests accepts a plan if holders of at least two-thirds of the amount of the allowed interests in that class actually vote to accept the plan. A class that is not impaired under a plan, and each holder of a claim or interest of such class, is conclusively presumed to have accepted the plan. *See* 11 U.S.C. § 1126(f); *See also* S. Rep. No. 989, 95th Cong. 2d Sess. 123 (1978) (section 1126(f) of the Bankruptcy Code "provides that no acceptances are required from any class whose

claims or interests are unimpaired under the Plan or in the order confirming the Plan."); *In re Ruti Sweetwater*, 836 F.2d 1263, 1267 (10th Cir. 1988) ("For purposes of acceptance of a Plan, section 1126(f) provides that a class that is not impaired under the Plan is 'conclusively presumed' to have accepted the Plan."). On the other hand, a class is deemed to have rejected a plan if the plan provides that the claims or interests of that class do not receive or retain any property under the plan on account of such claims or interests. *See* 11 U.S.C. § 1126(g).

Class 2 (Prepetition Lender Claim) was the only Class entitled to vote on the Plan. As previously discussed, AWL, as the sole member of Class 2, voted in favor of the Plan.

Classes 1 and 3 are unimpaired and therefore presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.

Classes 4 (Subordinated Claims) and 5 (Interests) will receive no distributions and retain no property under the Plan and are conclusively presumed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code (the "<u>Deemed Rejecting Classes</u>").

The Plan, however, satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to the Deemed Rejecting Classes. Specifically, section 1129(b) of the Bankruptcy Code provides:

> Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

11 U.S.C. § 1129(b). To determine whether a plan is "fair and equitable" with respect to a class of interests, section 1129(b)(2)(C)(ii) of the Bankruptcy Code provides that "the holder of any interest that is junior to the interests of such class will not receive or retain under the plan on account of such junior interest any property." The Plan satisfies this requirement. There are no

classes junior to the Deemed Rejecting Classes that will receive any distribution under the Plan. The Plan therefore satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**9.      The Plan Provides for the Statutorily Mandated Treatment of Administrative and Priority Tax Claims (Section 1129(a)(9))**

Article II of the Plan provides for payment of Allowed Administrative Claims and allowed claims entitled to priority pursuant to sections 507(a)(3)-(6) of the Bankruptcy Code in the manner required by section 1129(a)(9) of the Bankruptcy Code. Because AWL has not completed a claims reconciliation process, and as there is no claims bar date, certain administrative claims and priority claims may not be "Allowed" claims as of the Effective Date of the Plan. Nevertheless, the Plan ensures that Holders of Allowed Administrative Claims and Allowed Priority Claims are paid in accordance with section 1129(a)(9) of the Bankruptcy Code; AWL will pay such claims out of the Cash Contribution or, if necessary, pursuant to the JMB capital Guarantee.

**10.     At Least One Impaired Class of Claims has Accepted the Plan, Excluding the Acceptances of Insiders (Section 1129(a)(10))**

Section 1129(a)(10) of the Bankruptcy Code provides that at least one impaired class of claims or interests must accept a plan, not including any insider. The Plan was accepted by Class 2—an Impaired Class—and, accordingly, this provision is satisfied.

**11.     The Plan is Feasible (Section 1129(a)(11))**

Section 1129(a)(11) of the Bankruptcy Code requires the Bankruptcy Court to find that the plan is feasible as a condition precedent to confirmation. Specifically, the Bankruptcy Court must determine that:

> Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

11 U.S.C. § 1129(a)(11).

A plan proponent must prove a chapter 11 plan's feasibility by the preponderance of evidence. *See Heartland Fed. Sav. & Loan Ass'n v. Briscoe Enters., Ltd. II (In re Briscoe Enters., Ltd. II)*, 994 F.2d 1160, 1165 (5th Cir. 1993) (rejecting "clear and convincing" as the applicable standard). The Tenth Circuit has held that:

> The purpose of Section 1129(a)(11) is to prevent confirmation of visionary schemes that promise creditors and equity security holders more under a proposed plan than the Debtor can possibly obtain after confirmation. In determining whether a plan meets the requirements of 1129(a)(11)…the Bankruptcy Court has the obligation to scrutinize the plan carefully to determine whether it offers a reasonable prospect of success and is workable.

*Travelers Ins. Co. v. Pikes Peak Water Co., (In re Pikes Peak Water Co.)*, 779 F.2d 1456, 1460 (10th Cir. 1985); *Heartland Fed. Sav. & Loan*, 994 F.2d at 1163 ("Only a reasonable assurance of commercial viability is required."); *The Mutual Life Ins. Co. of New York v. Patrician St. Joseph Partners (In re Patrician St. Joseph Partners)*, 169 B.R. 669, 674 (Bankr. D. Ariz. 1994) (plan meets feasibility standard if the plan offers a reasonable prospect of success and is workable).

There is not only reasonable certainty, but complete certainty that the Plan will be successfully consummated. The Cash Contribution by AWL, in conjunction with the JMB Guarantee, will be sufficient to make the distributions under the Plan. Therefore, the Plan complies with section 1129(a)(11) of the Bankruptcy Code.

### 12.    The Plan Provides for the Payment of All Fees Under 28 U.S.C. § 1930 (Section 1129(a)(12))

As required by section 1129(a)(12) of the Bankruptcy Code, the Plan provides that all fees payable pursuant to 28 U.S.C. § 1930, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on the Effective Date of the Plan, or as reasonably

practicable thereafter. *See* Article IX of the Plan. The Plan, therefore, complies with section 1129(a)(12) of the Bankruptcy Code.

### 13.    The Plan Complies with Section 1129(a)(13) of the Bankruptcy Code

Section 1129(a)(13) of the Bankruptcy Code sets forth certain provisions for continuation of the payment of health, welfare, and retiree benefits post-confirmation. *See* 11 U.S.C. § 1129(a)(13). The Reorganized Debtors will not have any health, welfare, or retiree benefit plans or obligations to be maintained or continued. Therefore, section 1129(a)(13) is inapplicable to the Plan.

### C.    RESERVATION OF RIGHTS

AWL expressly reserves its rights to amend or supplement this Confirmation Memorandum. Nothing contained herein shall constitute a waiver of any of the rights or remedies of AWL and all such rights are hereby expressly reserved.

**D.      CONCLUSION**

For the reasons set forth herein, and as will be further demonstrated as necessary at the Confirmation Hearing, Plan satisfies all of the applicable requirements of the Bankruptcy Code and the Bankruptcy Rules. Accordingly, AWL respectfully requests that this Court enter an order confirming the Plan.

Dated: September 8, 2020
          New York, New York

                              **LOWENSTEIN SANDLER LLP**

                              /s/ *Robert M. Hirsh*
                              Robert M. Hirsh (admitted *pro hac vice*)
                              Rachel Maimin (admitted *pro hac vice*)
                              Phillip Khezri (admitted *pro hac vice*)
                              Lowenstein Sandler LLP
                              1251 Avenue of the Americas
                              17th Floor
                              New York, NY 10020
                              Telephone: (212) 262-6700
                              rhirsh@lowenstein.com
                              rmaimin@lowenstein.com
                              pkhezri@lowenstein.com

                                        -and-

                              **FROST BROWN TODD LLC**

                              Ronald E. Gold
                              Edward M. King
                              400 W. Market Street
                              Suite 3200
                              Louisville, KY 40202
                              Tel: (502) 589-5400
                              Fax: (502) 581-1087
                              tking@ftblaw.com

                              *Counsel for Autumn Wind Lending, LLC*