UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC[1]<br><br>Debtors. | Case No. 19-32231-jal<br><br>Jointly Administered<br>Chapter 11 |

### CECELIA FINANCIAL MANAGEMENT LLC'S MOTION TO QUASH SUBPOENA

\*\*\* \*\*\* \*\*\*

COMES NOW Cecelia Financial Management LLC ("CFM"), by counsel, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure made applicable herein by Rules 7030, 9014, and 9016 of the Federal Rules of Bankruptcy Procedure, and pursuant to Local Rule 37.1 of the Joint Local Rules of Civil Procedure for the United States District Courts for the Eastern and Western District of Kentucky made applicable by Local Bankruptcy Rule 9029-1 of the Local Bankruptcy Rules of Bankruptcy Procedure for the Western District of Kentucky, and moves to quash the September 10, 2020 *Subpoena to Testify at a Deposition and Produce Documents in a Bankruptcy Case* (the "Subpoena") served by Autumn Wind Lending LLC ("AWL") on CFM. In support of this motion to quash, CFM states:

1. On September 10, 2020, AWL served the Subpoena on CFM's counsel, who agreed to accept service. A copy of the Subpoena is tendered herewith as **Exhibit A** and incorporated by this reference herein.

---

[1] The Debtors in these Chapter 11 cases are Insight Terminal Solutions, LLC (Case No. 19-32231) and Insight Terminal Holdings, LLC (Case No. 19-32232), and the Court has entered an order in these cases directing for the procedural consolidation and joint administration of these cases. The docket in this Case No. 19-32231 should be consulted for all matters affecting the above listed cases.

2. The Subpoena—though served on September 10, 2020—inexplicably commands CFM to produce certain communications and documents for inspection on or before August 31, 2020 (eleven days *before* the Subpoena was ever served).

3. Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure made applicable herein by Rules 9014 and 9016 provides that the court must quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; . . . or (iv) subjects a person to undue burden."

4. Quite obviously, a subpoena that commands production of documents for a time *before* the subpoena is actually served fails to allow a reasonable time to comply and subjects the person to whom the subpoena is directed to an undue (in fact, impossible) burden.

5. Even if AWL is given the benefit of the doubt and it is assumed that AWL made a scrivener's error on the Subpoena's production date, the "Notice" of the Subpoena purports to contain a deadline for production of documents of September 14, 2020.[2] This quick four-day turnaround time (just two business days) likewise fails to allow a reasonable time to comply and subjects CFM to an undue burden. Additionally, Mr. John S. Siegel manages the CFM business operation. Mr. Siegel's administrative assistant is currently out of the office and is therefore unable to assist Siegel in harvesting the relevant communications and other responsive documents. In the meantime, Siegel has made efforts to obtain outside assistance in culling email communications.

6. CFM has agreed to attend a Zoom video deposition on September 17, 2020.

7. Further, pursuant to Local Rule 37.1 made applicable by Local Bankruptcy Rule 9029-1, the undersigned contemporaneously files herewith a certification that the undersigned has conferred by email with counsel for AWL in an effort to resolve this discovery dispute extrajudicially and has been unable to resolve said dispute.

---

[2] That said, the August 31, 2020 deadline in the Subpoena—not the deadline in the Notice—controls.

**WHEREFORE**, for the reasons stated herein, CFM respectfully requests that the Court enter an order quashing the Subpoena and for all other relief as is just under the circumstances.

A proposed Order is tendered herewith.

                                                      Respectfully submitted,

                                                      */s/ David M. Cantor*
                                                      DAVID M. CANTOR
                                                      SEILLER WATERMAN LLC
                                                      Meidinger Tower – 22nd Floor
                                                      462 S. Fourth Street
                                                      Louisville, Kentucky 40202
                                                      Telephone: (502) 584-7400
                                                      E-mail: cantor@derbycitylaw.com
                                                      *Counsel for Cecelia Financial Management LLC*

## CERTIFICATE OF SERVICE

It is hereby certified that on September 14, 2020, a true and correct copy of the foregoing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notification in this case and (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

                                                      */s/ David M. Cantor*
                                                     DAVID M. CANTOR