Heidi McIntosh (CO SBN 48230, *pro hac vice*)
Earthjustice
633 17th Street, Suite 1600
Denver, Colorado  80220
303.623.9466
hmcintosh@earthjustice.org

Marie Elizabeth Logan (CA SBN 308228, *pro hac vice*)
Earthjustice
50 California Street, Suite 500
San Francisco, California  94111
415.217.2000
mlogan@earthjustice.org

*Counsel to Sierra Club and Utah Chapter
of the Sierra Club*

**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| IN RE: <br><br> INSIGHT TERMINAL SOLUTIONS, LLC, et al.[1] <br><br> Debtors | Chapter 11 <br><br> Case No. 19-32231 <br><br> (Jointly Administered) <br><br> Judge Joan A. Lloyd |

**SIERRA CLUB'S RESPONSE IN OPPOSITION TO
DEBTORS'** ***MOTION TO STRIKE***

---

[1] The Debtors in these chapter 11 cases are Insight Terminal Solutions, LLC (Case No. 19-32231) and Insight Terminal Holdings, LLC (Case No. 19-32232). The Court has ordered the joint administration of theses chapter 11 cases. The docket in this Case No. 19-32231 should be consulted for all matters affecting the above listed cases.

1

1. On August 5, 2020, Sierra Club filed a *Notice of Information Pertaining to Debtor Insight Terminal Solutions, LLC's and Debtor Insight Terminal Holdings, LLC's Proposed First Amended Chapter 11 Plan of Reorganization*, ECF No. 285.

2. On September 8, 2020, Sierra Club supplemented its earlier filing by filing a *Notice of Updated Information Pertaining to Debtor Insight Terminal Solutions, LLC's and Debtor Insight Terminal Holdings, LLC's Proposed First Amended Chapter 11 Plan of Reorganization*, ECF No. 320.

3. Sierra Club did not seek to participate in this matter as a party in interest or intervenor in either filing, nor did it assert that it had standing to do so. Its intent was simply to inform the court of relevant legal and factual issues pertinent to the court's evaluation of the legality and feasibility of ITS's proposed reorganization plan. These issues include the statutory limitations on use of the Throughput Infrastructure Fund from which ITS hopes to draw funding for its reorganization plan, *see* Utah Code Ann. 35A-8-309; the prohibition on the use of public funds for private purposes, *see Utah Tech. Fin. Corp. v. Wilkinson*, 723 P.2d 406, 412 (Utah 1986); and certain bidding and other requirements that apply to the Utah Permanent Community Impact Fund Board's (CIB's) decision whether to disburse the funds. (As discussed in Sierra Club's second filing, the CIB's poor record of compliance with statutory requirements was the subject of a recent audit by the Utah Auditor General and resulted in legislative recommendations for improved oversight, which can be expected to delay CIB review of any proposal to fund the ITS reorganization plan.)

4. On September 11, 2020, the Debtors filed a *Motion to Strike Sierra Club's Filings*. ECF No. 325. In that motion, the Debtors asked this Court to strike Sierra Club's two *Notices* [ECF No. 285 and 320] on the basis of the Debtors' assertion that Sierra Club lacks

standing to participate in this bankruptcy. ECF No. 325. Debtors did not allege that any of the information contained in Sierra Club's filing was inaccurate or irrelevant to the Court's consideration of whether to approve the Debtors' plan. *Id.* Debtors further asked the Court to enter an order striking "any future documents that may be filed by the Sierra Club." *Id*. at 6.

5. On September 14, 2020, Sierra Club filed its *Notice of Withdrawal of Notice of Information and Notice of Updated Information Pertaining to Debtor Insight Terminal Solutions, LLC's And Debtor Insight Terminal Holdings, LLC's Proposed First Amended Chapter 11 Plan Of Reorganization*, ECF No. 332.

6. This Court should deny Debtors' motion to strike the two Notices as moot, because Sierra Club has already voluntarily withdrawn those filings. *See Braun Builders, Inc. v. Kancherlapalli*, No. 09-11534-BC, 2010 WL 489520, at *1 (E.D. Mich. Feb. 4, 2010) (motion to strike reply brief denied as moot because it was withdrawn); *Brdar v. Cottrell, Inc.*, No. 3:06-0729, 2007 WL 9782985, at *2 (M.D. Tenn. Jan. 19, 2007) (motion to strike summary judgment motion denied as moot because it was withdrawn); *In re Smith*, No. 06-60396, 2006 WL 3253153, at *2 (N.D. Ohio Nov. 8, 2006) (motion to strike a motion to remand denied as moot because it was withdrawn). The Debtors have not challenged the veracity or relevance of the information presented in Sierra Club's two filings.

7. This Court should also deny the portion of Debtors' motion asking the Court to strike any future documents filed by Sierra Club. Such extreme prospective relief—which would have the potential to chill Sierra Club's First Amendment rights—would be inappropriate in any proceeding, but particularly here where Sierra Club's participation may be warranted by future developments in the bankruptcy. In bankruptcy proceedings in the Sixth Circuit, an injunction imposing pre-filing restrictions on a party is only warranted where that party "has a history of

repetitive or vexatious litigation." *Conway v. Nusbaum*, 109 F. App'x 44, 46 (6th Cir. 2004). The Sierra Club has no such history, and so the Debtors' overly broad motion must be denied.

8.      This Court should also deny the portion of the Debtors' motion seeking to enjoin future filings by Sierra Club, because the determination of whether a party has standing to be heard in a bankruptcy proceeding "must be made on a case-by-case basis" and must include consideration of "whether a given party has a sufficient stake in a proceeding to enable them to be heard and to participate in a case." *In re Marcus Hook Dev. Park, Inc.*, 153 B.R. 693, 700 (Bankr. W.D. Pa. 1993) (citing *In re Amatex Corp.*, 755 F.2d 1034, 1043 (3d Cir. 1985)). Should future developments in this bankruptcy occur which implicate the interests of Sierra Club and its members, including submission by the Debtors of a further amendment to their reorganization plan, Sierra Club must be afforded the opportunity to establish its interests at that time.

9.      Moreover, the Debtor's reliance on *In re Alpha Natural Resources*, 544 B.R. 848 (Bankr. E.D. Va.) is inapposite. *See* ECF No. 325 at 4. The Sierra Club in that case objected to a proposed settlement agreement between the debtor and state regulators, and the court held that the Club lacked Article III standing to do so and that the Club was not a "party in interest" as defined by the Bankruptcy Code. *Id*. at 856.  However, the Sierra Club does not contend here that it has standing or that it is a party in interest; it simply provided the information to the court to review pursuant to its broad powers of equity. *Cf. In re Dickson*, 427 B.R. 399, 404 (B.A.P. 6th Cir. 2010) ("The Supreme Court has long recognized that bankruptcy courts are courts of equity with the power to apply flexible equitable remedies in bankruptcy proceedings . . . ."). Indeed, the court in *In re Alpha Natural Resources* appears to have reviewed the Sierra Club's arguments regarding the fairness of the settlement even after holding that the Club lacked standing. *See* 544 B.R. at 858. Sierra Club continued to participate in the *In re Alpha Natural*

*Resources* bankruptcy, and ultimately entered into a settlement ("the Environmental Groups Settlement") that was incorporated into the bankruptcy court's final order confirming the debtors' reorganization plan. *In re Alpha Natural Resources*, Case No. 15-33896, ECF No. 2887 (Bankr. E.D.Va., June 30, 2016) (attached as Exhibit 1)[2]; *see also id.*, ECF No. 3038 (adopting Environmental Groups Settlement in entirety). In the same way, Sierra Club may have cause to seek to participate in some future aspect of this proceeding, and must be afforded the right to establish its interests at that time.

For all of the foregoing reasons, Sierra Club respectfully requests that the Court deny the Debtors' Motion to Strike.

Dated: September 14, 2020

By: /s/ Heidi J. McIntosh
Heidi J. McIntosh, CO SBN 48230
(*pro hac vice*)
EARTHJUSTICE
633 17th Street, Suite 1600
Denver, CO 80202
Telephone: (303) 623-9466

Marie Elizabeth Logan, CA SBN 308228
(*pro hac vice*)
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, California 94111
Telephone: (415) 217-2000

*Attorneys for Interested Parties Sierra Club and Utah Chapter of Sierra Club*

---

[2] The settlement is a publicly available document attached here for the convenience of the Court.

## CERTIFICATE OF SERVICE

I certify that on September 14, 2020, the foregoing **SIERRA CLUB'S RESPONSE IN OPPOSITION TO DEBTORS'** *MOTION TO STRIKE* was served on all parties authorized to receive notice through the Court's ECF notice system in this case.

/s/ Heidi J. McIntosh
Heidi J. McIntosh
