UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, et al. ) | CASE NO. 19-32231(1)(11) |
| ) | Jointly Administered |
| ) | |
| Debtors ) | |

**MEMORANDUM- OPINION-ORDER**

This matter is before the Court on the Motion to Strike Sierra Club Filings filed by Debtors, Insight Terminal Solutions, LLC and Insight Terminal Holdings, LLC ("Debtors"). The Court considered the Debtors' Motion and the Response of the Sierra Club and Utah Chapter of the Sierra Club (collectively "Sierra Club"). For the following reasons, the Court will grant the Debtors' Motion to Strike Sierra Club Filings.

The Debtors seek to strike the following documents filed by the Sierra Club: Doc. Nos. 285 and 320. On September 14, 2020, the Sierra Club withdrew both of these documents from the record. Therefore, these documents will be stricken from the record of this matter.

Additionally, the Debtors seek to strike any documents filed by the Sierra Club in the future. The Court will also grant this request. The Sierra Club admits in its Response to the Debtors' Motion that it does not have legal standing to participate in this case. The law is clear. Under 11 U.S.C. §§ 1109 and 1128, as well as Bankruptcy Rule 2018(a), the Sierra Club is not a "party-in-interest" because it does not have a direct legal interest in this case, nor does it hold a direct financial stake in the outcome of the case. *See In re Ionosphere Clubs, Inc.*, 208 B.R. 812, 814 (S.D.N.Y. 1997); *In re Co Petro Marketing Group*, 680 F.2d 566 (9th Cir. 1982). While its members may have an interest in the outcome of the case, they are neither debtors nor creditors and do not have a

pecuniary interest in the outcome of this case. They are, therefore, not entitled to be treated as a party-in-interest in this case. As a bankruptcy proceeding, the matters herein are public record. Furthermore, there is no basis for this Court to exercise its discretion to allow Sierra Club to permissively intervene in this proceeding. Absent a protective order, any member of the public may observe the in court proceedings or view the filings herein. This, however, does not entitled the Sierra Club to act as a participant in this proceeding.

This is a highly contested Chapter 11 case, with able counsel representing each participant. The parties have and will continue to advocate for their clients as to the feasibility of the proposed Plan, as well as whether it does or does not comply with any federal or state laws and regulations. It is unduly burdensome and prejudicial to the parties of this proceeding to have to respond to the Sierra Clubs' filings. Therefore, the Sierra Club is prohibited from filing any future pleadings in this case.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Strike Sierra Club Filings of Debtors Insight Terminal Solutions, LLC and Insight Terminal Holdings, LLC, be and hereby is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that any documents filed in the future by the Sierra Club, be and hereby are disallowed and deemed stricken from the record.

*/s/ Joan A. Floyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: September 18, 2020
