**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **INSIGHT TERMINAL** | ) | |
| **SOLUTIONS, LLC,** *et al.* | ) | **CASE NO. 19-32231-jal** |
| | ) | |
| Debtor | ) | **Chapter 11 Case** |
| | ) | **(Jointly administered)** |
| _____ | ) | |

### ORDER GRANTING MOTION BY THE REORGANIZED DEBTOR FOR A RULE 2004 EXAMINATION OF THE CITY OF OAKLAND

This matter having come before the Court on the Motion by Insight Terminal Solutions, LLC (the "Debtor"), the reorganized debtor in the above-captioned jointly-administered chapter 11 cases; the Court having reviewed and considered the Moton along with any timely objections filed thereto; and the Court being otherwise sufficiently advised; it is hereby

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the City of Oakland is directed (a) to attend a Rule 2004 Exam on Wednesday, August 21, 2024 at 9:30 a.m. prevailing Eastern Time at Gray Ice Higdon, PLLC located at 3939 Shelbyville Road, Suite 201, Louisville, KY 40207 (or such other place and time as the parties may otherwise subsequently agree), to appear for a deposition concerning the City of Oakland's material post-petition financial transactions and dealings, and (b) to produce any and all documents, records or other information in its possession, custody or control in accordance with the Rule 2004 Document Request set forth on attached Exhibit A two weeks prior to the deposition date above.

SO ORDERED.

PREPARED AND TENDERED BY:

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
GRAY ICE HIGDON, PLLC
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
Telephone: (502) 625-2734
astosberg@grayice.com
COUNSEL FOR THE
REORGANIZED DEBTOR

### Exhibit A

### (Rule 2004 Document Request)

#### Definitions

The conjunctions "and" and "or" shall be interpreted conjunctively to include any information otherwise within the scope of the request, and shall not be interpreted disjunctively.

"AASEG" shall mean the African American Sports and Entertainment Group, including its managers, agents, agencies, representatives, directors, officers, partners, shareholders, employees, attorneys, investigators, advisors, accountants, auditors, consultants, staff, and any other persons or entities acting on its behalf or at its direction.

"City" shall mean the City of Oakland, including each City Official, and each of the City of Oakland's current or past managers, agents, agencies, representatives, directors, officers, partners, employees, attorneys, investigators, advisors, accountants, auditors, consultants, staff, and any other persons or entities acting on its behalf or at its direction.

"City Officials" shall mean any elected or appointed official of the City of Oakland, including but not limited to its Mayor (from 2014 – present) and associated staff, any current or past sitting member of the Oakland City Council and their respective staffs including, without limitation, Dan Kalb and Rebecca Kaplan, the City Administrator (from 2014 – present) and its staff, including but not limited to Elizabeth "Betsy" Lake, Winnie Woo, William "Bill" Gilchrist, John Monetta, and Doug Cole, and the City Attorneys' Office, including but not limited to Barbara Parker, Maria Bee, Bijal Patel, and Jamila Jefferson (from 2014 – present) and its staff.

"Coliseum" means that certain real property located at 7000 Coliseum Way, Oakland, CA.

"Communication" means, without limitation, any meeting, conference, conversation, negotiation, oral or written exchange, or other form of communication, whether face-to-face, by telephone, facsimile, telecopier, letter, e-mail, or any other means, including where sent from the City Officials' personal e-mail account or telephone consistent with *City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 615-618, 625.

"Contracts" shall mean the agreements entered into between the City and AASEG including, without limitation, any exclusive negotiating agreement and any draft purchase and sales agreement.

"Debtor" refers to (a) Insight Terminal Solutions, LLC, and (b) Insight Terminal Holdings, LLC.

"Documents" means all writings or records of every kind or description, including Communications as defined herein, however produced or reproduced, whether draft or final, original or reproduction and all Electronically Stored Information and tangible things in your custody, possession or control or in the custody, possession or control of any agent, employee or

representative of yours specifically including, but not limited to, writings, correspondence, letters, e-mails, text messages, Facebook messages or posts, LinkedIn messages or posts, tweets, Snapchat messages, WhatsApp messages, Instagram messages or posts, or any other web-based or application-based server, telex messages, story boards, memoranda, reports, interoffice and intraoffice communications, circulars, bulletins, periodicals, drawings, studies, calendar or diary entries, maps, plans, pamphlets, minutes, notes or records of meetings or conversations of any kind, graphs, charts, tabulations, analyses, statistical or information accumulations, agreements, contracts, financial statements, bills, receipts, work orders, purchase orders, invoices, canceled checks, general ledgers, accounting records of any kind, film impressions, photographs, video tapes, thumb drives, flash drives, USB drives, memory cards, computer files, computer printouts (and electronic or other materials from which such printouts may be obtained), data compilations (stored in any medium form which information can be obtained and translated, if necessary into a reasonably usable form), magnetic tapes, mechanical reproductions (of sound, data or visual information), as well as drafts, revisions, amendments or supplements of the above, and copies of documents that are not identical duplicates of the originals (whether, e.g., by revision, amendment, supplement, redline, interlineation, receipt stamp, notation, handwritten or "blind" notes appear thereon or attached thereto, indication of copies sent or received, or otherwise) or any material similar to any of the foregoing, however denominated.

"Electronically stored information" and "ESI" means any information on operational systems including accounting, financial, distribution, or manufacturing systems specifically including, but not limited to computer files, data compilations, e-mail, instant messages (IM), web pages, text messages, cell phone data, digital images and graphics, digital or analog audiotapes and files, digital or analog videotapes and files, excel spreadsheets and underlying formulae, metadata, computer databases (i.e., Access), erased, fragmented or damaged data, PDA data, and anything stored on computer or other electronic means located on or in, but not limited to laptops, desktops, cache memory, optical disks, magnetic tapes/back-up tapes, magnetic disks (hard drive, floppy disks, etc.), PDAs, cell phones, IM tools, USB drives or memory cards.

The term "fair market value" means the estimated price at which an asset would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell, and both having reasonable knowledge of the relevant facts.

The term "person" or "individual" means any natural person, legal person, government (or agency thereof), a quasi-public entity, or other form of entity, company, corporation, partnership, trust, unincorporated association, or other entity of any description.

The term "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, mentioning, describing, explaining, summarizing, pertaining to, concerning or referring to, directly or indirectly.

The term "you" and "your" refers to the City.

## Instructions

1. The following Requests for Production (each a "Request," and collectively, the "Requests") are to be responded to in accordance with the Federal Rules of Bankruptcy Procedure.

2. These Requests are continuing in nature and require supplemental answers in the event You or Your attorney discovers additional responsive information.

3. Each Request is for Documents or Communications in our possession, custody, or control. This includes Documents or information possessed by You or Your present or former attorneys, agents, subordinates, employees, representatives, and consultants.

4. Produce each Document called for by the Requests in its entirety, including all attachments and enclosures, even if only a portion of the Document is responsive to the request.

5. If You cannot provide a complete response to a Request, You must furnish as complete an answer as possible, and explain in detail the reasons for the incomplete response, and the information that is needed to provide a complete response.

6. If You encounter any ambiguity in construing any Request, or any definition or instruction relevant thereto, please set forth in Your response the matter You deem ambiguous and the construction You have chosen or used in responding to the request.

7. In the event You file a proper and timely objection to any Request, please respond to all portions of that request that do not fall within Your objection.

8. If You withhold from production any Document (or portion of any Document) that is otherwise responsive to a Request on the basis of a claim of privilege, work product, or other ground, You must assert the privilege in accordance with applicable rules.

9. You shall produce all Documents in the manner in which they are maintained in the usual course of Your business or You shall organize and label the Documents to correspond with the categories in this request.

10. A Request for a Document shall be deemed to include a request for any and all file folders within which the Document was contained, transmittal sheets cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

11. ESI, such as emails and MS Word documents, shall be produced in native format, with its original formatting and metadata intact.

12. If and to the extent that ESI is maintained in a database or other proprietary software, You shall produce along with the document(s) software that will enable access to the ESI or database as You would access such ESI or database in the ordinary course of Your business.

<u>Documents to be Produced Two Weeks Prior to the City's Rule 2004 Examination</u>

1.　　All Documents in your possession—including, but not limited to, all Communications and Contracts—with AASEG relating to the Coliseum.

2.　　All Documents in your possession evidencing the fair market value of the Coliseum.