UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.* ) | CASE NO. 19-32231(1)(11) |
| ) | (Jointly Administered) |
| ) | |
| Debtors ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Set Aside Order Granting Motion by the Reorganized Debtor for a Rule 2004 Examination of the Sierra Club (referred to herein "Sierra Club"), filed by Debtor Insight Terminal Solutions, LLC (referred to herein as "Debtor"). For the following reasons, the Court will enter an Order denying the Sierra Club's Motion to Set Aside the Order Granting the Motion by the Reorganized Debtor for a Rule 2004 Examination of the Sierra Club.

**PROCEDURAL BACKGROUND**

On July 17, 2019, Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the Western District of Kentucky.

On April 27, 2020, Autumn Wind Lending, LLC filed its Chapter 11 Plan of Reorganization for the Bankruptcy Estate of Debtor.

On May 26, 2020, Debtor filed its Chapter 11 Plan.

On July 19, 2020, Debtor filed its First Amended Chapter 11 Plan.

On November 3, 2020, following a hearing before this Court, Debtor withdrew its Amended Chapter 11 Plan and the Court entered an Order of Confirmation of the Amended Plan of Creditor Autumn Wind Lending, LLC.

On March 11, 2024, Debtor filed Adversary Proceeding No. 24-03007 against the City of Oakland ("City") asserting claims against the City for monetary damages that it claimed were caused by the City's interference with Debtor's third-party contracts pertaining to the construction of a proposed rail to ship terminal. Debtor asserts that the City's actions caused Debtor's bankruptcy filing and that its actions interfered with Debtor's third party contracts resulting in monetary losses of no less than $1 billion.

On April 22, 2024, in this case, Debtor filed a Motion for a Rule 2004 Examination of a Sierra Club representative.

On April 26, 2024, the Court entered an Order granting Debtor's Motion for a Rule 2004 Examination of a Sierra Club representative.

On July 3, 2024, in this case, Debtor filed a Motion for a Rule 2004 Examination of the City of Oakland.

On May 24, 2024, the Sierra Club filed a Motion to Set Aside the Order Granting the Motion of the Reorganized Debtor for a Rule 2004 Examination of the Sierra Club.

On July 5, 2024, the City of Oakland filed an Objection to Debtor's Motion for a Rule 2004 Examination of the City of Oakland.

On July 11, 2024, the Court held a hearing on Debtor's Motion for a Rule 2004 Examination of the City of Oakland and Debtor's Motion for a Rule 2004 Examination of a Sierra Club representative. Following the hearing, the Court took both matters under submission.

## LEGAL ANALYSIS

The Sierra Club seeks an Order from this Court vacating the Court's Order of April 24, 2024 granting the Debtor's request for a 2004 Examination of a Sierra Club representative. The Sierra Club contends that the Debtor has no basis to conduct a Rule 2004 Examination of the Sierra Club as it has no scheduled claims against the Sierra Club in this bankruptcy, nor were any Schedules of the Debtor ever amended to allege claims against the Sierra Club as assets of the Debtor's estate. The Sierra Club contends that the Debtor's actions in seeking the 2004 Examination of the Sierra Club have no bearing on the bankruptcy estate or on the execution of the confirmed Plan.

Similar to the allegations raised by the City of Oakland in response to the Debtor's Motion for a 2004 Examination of that entity, Sierra Club asserts that this Court lacks jurisdiction over the issues that the Debtor is trying to raise "by way of these new, unsupported conspiracy allegations." *See*, par. 11 of Sierra Club's Motion to Set Aside Order Granting Rule 2004 Examination of the Sierra Club.

While this Chapter 11 proceeding was initiated in 2019 and the Plan confirmed in 2020, Debtor's case remains active before this Court and this Court has continuing jurisdiction over the matter. A review of Autumn Wind Lending, LLC's Chapter 11 Plan of Reorganization for the Bankruptcy Estate of Debtor Insight Terminal Solutions, LLC Pursuant to Bankruptcy Code Section 1121(c)(2) ("the Plan"), sets forth the terms of this Court's post-confirmation jurisdiction. Paragraph 2 under Article IX of the Miscellaneous Plan Provisions specifically provides that this Court retains jurisdiction to:

> adjudicate any and all adversary proceedings, applications, and contested matters that may be commenced or maintained pursuant to the Chapter 11 Case, this Plan, or that were the subject of proceedings before the Bankruptcy Court, prior to the Effective Date, proceedings

>  to adjudicate the allowance of Disputed Claims, and all controversies and issues arising from or relating to any of the foregoing;

Despite the Sierra Club's assertions that this Court's authority is limited to the implementation of the Plan, the above cited section from the Plan established that this Court retained jurisdiction over the matters referenced above.

Regardless of the terms in the confirmed Plan on post-confirmation jurisdiction, the source of any bankruptcy Court's jurisdiction derives from 28 U.S.C. §§ 1334 and 157. In order to determine whether a matter is within a bankruptcy court's jurisdiction, "it is necessary only to determine a matter is at least "related to" the bankruptcy. *In re Wolverine Radio Co.*, 930 F.2d 1132, 1141 (6th Cir. 1991). It is well established that this Court's subject matter jurisdiction derives from 28 U.S.C. § 1334, and not necessarily from the terms of a confirmed plan. *In re Resorts Int'l., Inc.*, 372 F.3d 154, 161 (3d Cir. 2004). The Court determines that the matters to be covered in the Rule 2004 Examination are related to this bankruptcy case and are relevant to the execution of the confirmed Plan.

The Debtor states in its Motion for the Rule 2004 Examination of Sierra Club that it believes it has a claim against the Sierra Club. However, before filing an action on the basis of that claim, the Debtor seeks to use the Rule 2004 Examination to discover exactly what, if any, information and facts are available to support such an action. The Debtor is using Rule 2004 to conduct limited discovery surrounding the ongoing negotiations related to the sale of the Oakland Coliseum.

The Sierra Club, however states that the Debtor's purpose for the 2004 Examination of the Sierra Club is to discover information "regarding its communications with the City of Oakland with

no prior notice to the Sierra Club" for the purpose of putting pressure on the City of Oakland *vis-a-vis* the Sierra Club . . .." *See* page 3 of the Sierra Club's Motion to Set Aside Order.

This Court, by separate Memorandum-Opinion, has determined that Debtor is entitled to conduct a 2004 Examination of the City of Oakland to determine whether the City of Oakland's transactions with respect to the Coliseum may constitute an avoidable post-petition transaction under 11 U.S.C. § 549 of the United States Bankruptcy Code. Similarly, the examination of the Sierra Club is limited to whether any actions by the Sierra Club will support a claim on behalf of the Debtor.

Debtor stated at the hearing on this matter that the claims it seeks to investigate relate to the sublease. Debtor contends this is a substantive part of the Plan. Attached as Exhibit B to Debtor's Motion for a Rule 2004 Examination of the Sierra Club is a draft complaint by Debtor against the Sierra Club. *See* DKT #500. In the draft Complaint, Debtor seeks a recovery of no less than $1 billion from the Sierra Club, a California non-profit corporation and the Utah Chapter of the Sierra Club. Debtor alleges that the Sierra Club, along with the City of Oakland interfered with its contractual rights regarding the construction and financing of a proposed rail-to-ship terminal capable of handling boat commodities, including coal. Debtor seeks to hold the Sierra Club accountable for what it alleges were improper actions which caused Debtor's bankruptcy filing, as well as the failure of the Debtor's proposed Plan of Reorganization.

The Debtor's draft complaint contains five causes of action against the Sierra Club and the Utah Chapter of the Sierra Club. These include: (1) tortious interference with a prospective economic advantage; (2) aiding and abetting tortious interference with contract; (3) aiding and abetting tortious interference with prospective economic advantage; (4) inducing breach of contract;

and (5) civil conspiracy. The draft Complaint specifically alleges that the Sierra Club, and others, intentionally interfered with Debtor's efforts to obtain funding for the terminal and that due to these efforts, the project could not proceed and Debtor was unable to access the funds that had been appropriated for the Debtor's Plan, as well as the project.

At the hearing held on this matter, Debtor's counsel stated that its reason for scheduling a Rule 2004 Examination of the Sierra Club is to confirm certain information that it believes supports a case against the Sierra Club , before actually initiating litigation against the Sierra Club.

In general, Rule 2004 is used primarily to examine individuals who have knowledge of the financial affairs of the debtor in order to preserve rights of creditors. *In re GHR Co. Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984). However, Rule 2004 Examinations of non-debtor witnesses are allowed where there is a showing that the purpose of the examination is to enable a party to probe into matters which may lead to the discovery of assets. *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984). This is the very reason Debtor sets forth as its purpose in scheduling the Rule 2004 Examination.

In this case, the Debtor seeks a Rule 2004 Examination of the Sierra Club post-confirmation of its Chapter 11 case. While such requests are not routine occurrences in Chapter 11 proceedings, they are not prohibited. The party seeking a grant of Rule 2004 discovery must prove "good cause" for the discovery by showing it is needed to establish a claim or that denial of the request would cause undue hardship. *In re DeFoor Centre, LLC*, 634 B.R. 630, 638 (Bankr. M.D. Fla. 2021). In *DeFoor*, the request for a Rule 2004 Examination was denied because the court determined that the debtor would have ample opportunity to conduct discovery once it filed its adversary proceeding.

The Debtor stated at the hearing on the Sierra Club's Motion requesting this Court to vacate its Order granting the Debtor's request for a Rule 2004 Examination of the Sierra Club, that it wants to examine the Sierra Club's actions with regard to the sublease to determine if it has grounds to initiate an action against the Sierra Club for its actions surrounding the sublease. Debtor claims the actions of the Sierra Club are a direct attack on the sublease, which, if true is a "major substantive component" on Plan implementation. *See* Transcript from Hearing, pp. 26-27.

The scope of a Rule 2004 Examination is broad. The Rule is substantially a pre-litigation device for assessing whether grounds exists to commence an action. *Handy Andy Improvement Ctrs. Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996). The Debtor's request herein is well within the limits of Rule 2004 as pre-litigation strategy for determining whether grounds exists for it to bring an action against the Sierra Club.

Unlike discovery under Fed. R. Civ. 26(b)(1), inquiries under Rule 2004 need only be relevant to the "acts, conduct, or property or to the liability and financial condition of the debtor, or to any matter which affects the administration of the debtor's estate." *In re Velsicol Chemical LLC*, 2024 WL765083 (Bankr. N.D. Ill. 2024). In *Velsicol*, the court stated that a motion for leave to take a Rule 2004 Examination is not the time for the court to take a deep dive into the documents supporting the request or for the court to consider whose explanations of the documents are more plausible. Similarly, this Court need not make such a deep dive into the reasoning for Debtor's request for the Rule 2004 Examination of the Sierra Club.

Debtor has established that sufficient grounds for its Rule 2004 Examination of the Sierra Club. The parties herein, however, are cautioned that this Court's Order allowing the requested Rule 2004 Examination of the Sierra Club is not intended for any party to conduct examination of any

party related to the matters outside those set forth in the Debtor's Motion for the Rule 2004 Examination. Any discovery attempts regarding those matters set forth in the pending Adversary Proceeding, A.P. No. 24-03007 are not within the scope of this Order.

## **CONCLUSION**

For all of the above reasons, the Court will **GRANT** the Motion of the Reorganized Debtor for a 2004 Examination of the Sierra Club.

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.* ) | CASE NO. 19-32231(1)(11) |
| ) | (Jointly Administered) |
| ) | |
| Debtors ) | |

## ORDER

This matter came before the Court on the Motion to Set Aside Order Granting Motion by the Reorganized Debtor for a Rule 2004 Examination of the Sierra Club. The Court having reviewed the Motion of the Sierra Club, considered the comments of counsel for the parties at the hearing held on the matter, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion to Set Aside Order Granting Motion by the Reorganized Debtor for a Rule 2004 Examination of the Sierra Club, be and hereby is, **DENIED**.

So ordered this 26th day of August, 2024.