UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-32231-jal<br><br>(Jointly Administered)<br><br>Judge Joan A. Lloyd |

**DEFENDANT CITY OF OAKLAND'S MOTION FOR RECONSIDERATION AND RELIEF FROM ORDER GRANTING RULE 2004 MOTION FOR EXAMINATION OF CITY OF OAKLAND, OR IN THE ALTERNATIVE, TO STAY THAT ORDER**

1. The City of Oakland ("Defendant" or "the City"), by counsel, respectfully submits this Motion for Reconsideration and Relief, Pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60, from this Court's Order of the August 26, 2024 Granting Debtor Insight Terminal Solution ("ITS")'s Motion for a Rule 2004 Examination of Defendant City of Oakland [Dkt. 523]. [1]

2. Reconsideration and relief is justified because (1) the City is not the Debtor here and Section 549(a) applies *only* to transactions involving *property of the debtor's estate* [11 U.S.C. §549(a)]; and (2) while Rule 2004 examinations are justified for pre-litigation discovery, but there is an already pending adversary proceeding brought by the Debtor ITS against the City. A Rule 2004 examination is, therefore, improper.

---

[1] The Supreme Court recently confirmed that Rule 60 should be used by trial courts, in the interest of efficiency and justice, to correct inadvertent errors of law that result in mistaken orders. *See Kemp v. United States*, 142 S.Ct. 1856, 1861 & n. 1 (2022).

3.      *First*, the Order relies on Section 549(a) to grant the Rule 2004 Examination, but Section 549(a) applies *only* to transactions involving *property of the debtor's estate.* [11 U.S.C. §549(a)].  As ITS admitted in its Motion, the City's financial transactions that are the subject of this proposed examination, including the sale of a sports stadium, involve City-owned property that has nothing to do with Debtor's estate. [Dkt. 503].   There was no allegation that the City ever received payments or property or any assets from the Debtor that needed to return to the estate. The subject financial transactions engaged in by the City, with respect to its own property, *cannot* fall within Section 549(a).

4.      *Second*, ITS's Rule 2004 Motion seeks discovery into the City's financial condition, specifically, the value of the City's interest in the Coliseum.  As counsel for ITS admitted at the July 11, 2024 hearings, "It's not that ITS really has any dog in the fight about the sale itself, other than the most important part of this, the value that the City's getting."  Rule 2004 cannot be used to circumvent the rules pertaining to jurisdiction and discovery that apply to pending adversary proceedings. *See* Transcript from July 11, 2004 hearing, attached as Exhibit A, 37:9-13.   The only link between ITS and the discovery into the City's financial business *is* the pending adversary proceeding, and ITS's asserted ability to recover damages.

## BACKGROUND

5.      The Background to this Rule 2004 is set forth in this Court's August 24, 2024 Order. [Dkt. 523].[2]  ITS is the Reorganized Debtor, which filed an adversary proceeding against Defendant and Respondent here the City of Oakland on March 11, 2024.  [*Id*. at 2; see Adv. Dkt. 1].

---

[2] Citations to the main bankruptcy docket are to "Dkt."  Citations to the pending Adversary Proceeding brought by ITS against the City, Adv. No. 24-03007-jal, are to "Adv. Dkt."

2

6. The City *is not a debtor to ITS*. The Adversary Proceeding pending in this Court is the *only* basis for ITS's contention that the City is a "contingent debtor" of ITS. The City and ITS have no other relationship, legal, contractual or otherwise, beyond that adversary proceeding.

7. Three months after filing that Adversary Proceeding, ITS filed the Motion for a Rule 2004 Examination of the City on the main bankruptcy docket, in an attempt to circumvent the scope and rules that pertain to jurisdiction and discovery in the adversary proceeding. *See* ITS Motion for Rule 2004 Examination [Dkt. 508] at 1 (contending the City is a "contingent debtor" to ITS and citing *only the adversary proceeding* in support of that bare allegation).

8. ITS sought to examine the City on financial transactions involving a sports stadium on City-owned land that have nothing to do with ITS or its estate. ITS asserted that discovery into the City's financial transactions was necessary because those transactions "may well constitute post-petition transactions that are avoidable under Section 549(a) of the Bankruptcy Code." [*Id*. at 2-3, 7-8].

9. ITS motion indicates that it intends to "investigate" issues the following contentions regarding the City of Oakland's negotiations with respect to the Oakland Coliseum that include issues ranging from:

- The City's alleged lack of: "diligence," "marketing process," "market value estimates," "broker opinions of value," or "other third-party analyses"
- The negotiated "Community Benefits" aspects of the transaction
- The City's "Budget Deficit" and "using most, if not all of the Purchase Price to pay for City salaries"
- The City's "intention to use any of the Purchase Price to pay off the Bond Debt"
- The relationship between the Purchase Price and the City's Proposed Budget
- Federal investigations of political officials

[*Id*. at 4-6].

10. ITS therefore sought: "(a) enter an order (i) directing the City of Oakland, to attend a Rule 2004 Exam on Wednesday, August 21, 2024 at 9:30 a.m. prevailing Eastern Time at Gray

3

Ice Higdon, PLLC law office located at 3939 Shelbyville Road, Suite 201, Louisville, KY 40207, to appear for a deposition on its material post-petition financial transactions and dealings." ITS did not define "material" or "transactions and dealings." ITS also sought extensive document discovery in advance of that deposition, including "*all documents*" in the City's possession regarding communications with the group involved in the Oakland Coliseum negotiations and "all documents evidencing the fair market value" of that stadium. [*Id*. at 8 & Ex. A].

11. ITS explained its political motivation for bringing this Motion, divorced from any relationship to ITS or its estate: "Allowing this 2004 Examination will provide a *healthy check and balance* to (hopefully) deter the City from proceeding with future improper financial dealings and transactions, with the knowledge that such dealings will be *published and scrutinized in a federal court record*." [*Id*. at 7 (emphasis added)].

12. This Court granted ITS's Motion on August 26, 2024. [Dkt. 523].

## DISCUSSION

**I.    City Property is Not "Property of the Estate" and Section 549(a) Does Not Apply.**

13. The Order concluded that ITS "has established that the reason for the Rule 2004 Examination is to determine whether the City's transactions with respect to the Coliseum may constitute an avoidable post-petition transaction under 11 U.S.C. § 549(a) of the United States Bankruptcy Code." [Dkt. 523 at 6-7].

14. The City's property and financial transactions that are the subject of ITS's desired examination are not property of the Debtor ITS or its estate. Property of the estate includes only those "interests *of the debtor* in property *as of the commencement of the case*." 11 U.S.C. § 541(a)(1) (emphasis supplied). When ITS commenced this bankruptcy case, it did not disclose any claims

4

held against the City, and certainly did not include *any* of the City of Oakland-owned property at issue in this Rule 2004 Motion as its own, including the Oakland Coliseum. [Dkt. 63; Dkt. 105-1].

15. These City financial therefore transactions *cannot* be "post-petition transactions" under 11 U.S.C. §549(a), because that section applies *only* to "property of the estate." [*Id*.] 11 U.S.C. §549(a); see also *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 465 (6th Cir. 1991) (trustee must allege a transfer of estate property in order to avoid a transfer under section 549(a).)

16. ITS did not (and indeed could not) contend that the City's transactions must be examined because the City somehow had received payments, property or assets from the Debtor that needed to return to the estate. As this Court is well aware, Section 549(a) permits the trustee tp pull back "a transfer of property of the estate." The Debtor argued only here that the City is a potential "contingent debtor" on a pending claim (ignoring its prior schedules which said nothing about this claim). Allowing such a fishing expedition into the finances of any third-party on such thin a basis could have sweeping ramifications.

17. Thus, section 549(a), on its face, does not apply here where there is a third-party property in which the debtor had zero interest on the petition date. *See, e.g., In re Great Gulfcan Energy Texas, Inc.*, 488 B.R. 898, 919-20 (Bankr. S.D. Tex. 2013) (trustee cannot avoid a transfer of real property in which the estate had no interest on the petition date); *In re Bean*, 252 F.3d 113, 117 (2d Cir. 2001) ("the Trustee's claim fails here because a trustee cannot recover that which did not belong to the estate at the time the debtor filed for bankruptcy protection.")

18. The Court cited *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984) for the non-controversial proposition that Rule 2004 can be used to examine "non-debtor witnesses where there is a showing that the purpose of the examination is to enable a party to probe into matters

5

which may lead to the discovery of assets." [Dkt. 523 at 5]. But the *Mittco* court continued: "Nevertheless, there are limits. An examination cannot be used for purposes of abuse or harassment. It also cannot stray into matters *which are not relevant to the basic inquiry*." *In re Mittco, Inc.*, 44 B.R. at 36 (emphasis added). The examination of the third party witness at issue in *Mittco* was proposed by a creditor to help discover whether certain property was or was not improperly excluded from the estate *for the benefit of creditors*—that is not remotely the case here, where the property and transactions at issue could *never* be property of the debtor or its estate and, as discussed *infra*, ITS did not file the Rule 2004 Motion for the benefit of the estate's unsecured creditors.

II. **Rule 2004 Does Not Permit the Debtor to Conduct Pre-Judgment Financial Discovery Based on Debtor's Pending Adversary Proceeding Against the City.**

19. Next, the Order also concluded that "The Debtor's request herein is well within the limits of Rule 2004 as pre-litigation strategy for determining whether grounds exists for it to bring an action against the City of Oakland." *Id.* at 6.

20. The only basis for ITS's purported interest in the City's financial transactions is to protect ITS's ability to recover against the City *in the pending adversary proceeding*.

21. During the July 11, 2024 hearings before this Court, ITS's counsel Robert Hirsch conceded that the discovery at issue directly relates to ITS's pending adversary proceeding, stating: "*we do have a claim against the City*, *pending obviously a dismissal motion* and going forward with our case. *If the money's gone, the money's gone*. We don't know if there would ever be money to pay our claim against the City if we ever get to that point." [Transcript, 38: 12-16] (emphasis supplied). Counsel Hirsch confirmed that ITS filed the Rule 2004 Motion "*because what we're seeking here relates directly to our damages*" [*id.*, 29:2-3] – in the pending adversary proceeding. The discovery ITS seeks is not being sought for a *pre-litigation* strategy.

6

22. ITS, therefore, has no right, even under the broadest possible interpretation of the scope of Rule 2004, to premature discovery into its ability to recover in an adversary proceeding it has already filed. A majority of courts "have prohibited a Rule 2004 exam of parties involved in or affected by an adversary proceeding while it is pending." *In re Summit Global. Logistics*, No. 08-11566 (DHS), 2008 WL 1446722, at *2 (Bankr. D.N.J. Apr. 9, 2008) (quoting *In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, at 455-56) (Bankr. D.N.J. 1998); *In re Valley Forge Plaza Assoc.*, 109 B.R. at 674 (stating that "once an adversary proceeding or a particular contested matter is under way, discovery sought in furtherance of litigation is subject to the F. R. Civ. P. rather than the broader bounds of R2004"). This rule directly applies here and requires denying the Rule 2004 Motion.

### III.    In the Alternative, the City Requests a Stay of this Order

23. In light of the time, public resources, and irrevocable harm that compliance with this Order will entail, should the Court decline to reconsider its Order, the City respectfully requests an stay of this Order pending a resolution of an appeal.

[*Remainder of Page Intentionally Left Blank*]

Dated: August 29, 2024        By: /s/ *April A. Wimberg*
          April A. Wimberg
          Ryne E. Tipton
          DENTONS BINGHAM GREENBAUM LLP
          3500 PNC Tower, 101 South Fifth Street
          Louisville, Kentucky 40202
          Phone: (502) 587-3719
          Email: april.wimberg@dentons.com
                 ryne.tipton@dentons.com

          Barbara Parker, City Attorney (SBN 69722)
          Maria S. Bee, Chief Asst City Attorney
          (SBN 167716)
          Jamilah Jefferson, Supervising Deputy City
          Attorney (SBN 219027)
          THE CITY OF OAKLAND
          One Frank Ogawa Plaza, 6th Floor
          Oakland, California 94612
          Phone: (510) 238-3601
          Email: bparker@oaklandcityattorney.org
                 mbee@oaklandcityattorney.org
                 jjefferson@oaklandcityattorney.org

          Monique D. Jewett-Brewster (SBN 217792)
          HOPKINS & CARLEY, ALC
          The Letitia Building
          70 S First Street
          San Jose, CA 95113-2406
          Phone:     (408) 286-9800
          Facsimile: (408) 998-4790
          Email: mjb@hopkinscarley.com

          Danielle Leonard (SBN 218201)
          ALTSHULER BERZON LLP
          177 Post Street, Suite 300
          San Francisco, CA 94108
          Phone: (415) 421-7151
          Email: dleonard@altshulerberzon.com

          Attorneys for Defendant,
          CITY OF OAKLAND

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served electronically upon all parties in the electronic filing system in this Proceeding.

By: /s/ April A. Wimberg