UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC *et al.*<br><br>Debtors | Chapter 11<br><br>Case No. 19-32231<br><br>(Jointly Administered) |
| INSIGHT TERMINAL SOLUTIONS, LLC, as the Reorganized Debtor,<br><br>        PLAINTIFF,<br><br>v.<br><br>CITY OF OAKLAND,<br><br>        DEFENDANT. | Adv. Pro. No. 24-03007-jal<br><br>Judge Joan A. Lloyd |

**DEBTOR'S OBJECTION TO DEFENDANT CITY OF OAKLAND'S
MOTION FOR RECONSIDERATION AND RELIEF FROM ORDER GRANTING
RULE 2004 MOTION FOR EXAMINATION OF CITY OF OAKLAND,
<u>OR IN THE ALTERNATIVE, TO STAY THAT ORDER</u>**

Comes now Insight Terminal Solutions, LLC (the "<u>Debtor</u>" or "<u>ITS</u>"), the reorganized debtor in the above-captioned jointly administered chapter 11 cases (the "<u>Chapter 11 Cases</u>"), by counsel, and hereby submits this objection to the Motion filed by Defendant City of Oakland (the "<u>City</u>") for Reconsideration and Relief from this Court's Order Granting the Debtor's Rule 2004 Motion for Examination of the City, or in the Alternative, to Stay that Order (the "<u>Motion to Reconsider</u>"). In further support, the Debtor states as follows:

1. On August 29, 2024, the City filed its Motion to Reconsider [DN 525]. In its Motion, the City asks this Court to set aside its reasoned Memorandum Opinion of August 26, 2024 [DN 523] ("<u>Opinion</u>"), pursuant to Bankruptcy Rule 9024 and Federal Rule of Civil

1

Procedure 60, not because of any newly discovered law, evidence, or fraud, but for the same arguments the City put forward in its opposition to the Debtor's Rule 2004 Examination request. Specifically, the City contends that the Court must do an about-face and deny the Debtor's request for a Rule 2004 Examination of the City because Section 549(a) of the Bankruptcy Code "only applies to transactions involving property of the debtor's estate," and the simple fact that there is an adversary proceeding pending against the parties. Whether in its opposition to the Debtor's motion for a Rule 2004 Examination of the City [DN 509] ("Opposition"), at the July 11, 2024 hearing on the Debtor's motion ("Hearing"), or both, the City has already been given ample opportunity to vigorously assert these arguments to the Court which, through its Opinion, the Court has rejected. There is no valid reason under Rule 60 or otherwise for this Court to depart from its holding.

2. Rule 60(b) of the Federal Rules of Civil Procedure enumerates specific grounds from which a party may seek relief from a final judgment, order, or proceeding. While the City does not specify under which ground it seeks relief, reading between the lines it can be assumed that it asks this Court to set aside its Opinion based on either (1) mistake, inadvertence, surprise, or excusable neglect, and/or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1), (6). Presumably, the City contends that the Court made a "mistake" in its reasoning, though it does not identify such a mistake or articulate why the Court is wrong. Similarly, the Motion to Reconsider fails to identify any *other* reason justifying its requested relief, apart from the same legal arguments it has already made in its attempt to avoid this Rule 2004 Examination.

3. Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments." *Doe v. Lexington–Fayette Urban Cnty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005). Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest

errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *Walker v. Mazza*, No. 1:99-CV-00104-TBR, 2021 WL 5772095, at *1 (W.D. Ky. Dec. 6, 2021). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *Id*. The exceptional circumstances under Rule 60(b)(6) "require "unusual and extreme situations where principles of equity *mandate* relief." *Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 387 (6th Cir. 2001) (emphasis in original).

4. In light of these principles, "[r]eiteration of a previously rejected argument does not warrant Rule 60(b) relief." *White v. United States*, No. 18-3090, 2018 WL 11337479, at *2 (6th Cir. Jun. 7, 2018). Rather, Rule 60(b)(6) calls for different arguments. *Kelmendi v. Detroit Bd. of Educ*., 780 F. App'x 310, 312 (6th Cir. 2019).

5. Here, the City's Motion to Reconsider is premised solely on the rehashed arguments that Section 549(a) of the Bankruptcy Code cannot be used to justify the Debtor's Rule 2004 Examination of the City, and that the Court should otherwise deny the request on the mere fact that there is a pending adversary proceeding.

6. As to the latter, the City waged its argument that the Rule 2004 Examination was not proper in light of the adversary proceeding, asserting in its Opposition that the Debtor is seeking to use Rule 2004 to "bypass" the adversary proceeding. (City's Opposition [DN 509], pp. 9-10.) The City reiterated the argument at the Hearing, objecting that the Rule 2004 request "is really about the AP proceeding," and that "the 2004 goes far beyond this bankruptcy case." (*See* Motion to Reconsider [DN 525-1], pp. 33, 36, 44.)

7. This Court expressly rejected this argument in its Opinion, noting that Debtor's Chapter 11 case remains active before the Court, that this Court has continuing jurisdiction over the matter, and how the Plan specifically provides that this Court retains jurisdiction for

3

circumstances such as those presented here. (Opinion [DN 523], pp. 3-4.) In addition, this Court correctly found that, regardless of the terms of the confirmed Plan, the Court need only determine that a matter is "related to" the bankruptcy in order to exercise jurisdiction. (*Id*., p. 4.) Noting the broad scope of a Rule 2004 Examination, the Court determined that the Debtor's Rule 2004 Examination is related to this bankruptcy case, relevant to the execution of the confirmed Plan, and otherwise "well within" the limits of Rule 2004 as pre-litigation strategy. (*Id*., pp. 4-6.) The City offers no reason, much less one of exceptional circumstances, for this Court to reverse its prior reasoning.

8.  As noted at the Hearing on this matter, the City's gamesmanship on this issue is instructive. In its original opposition and in its Motion to Reconsider, the City contends that discovery through the context of the adversary proceeding, rather than the Rule 2004 Examination, is more appropriate. However, as it readily conceded in its Opposition, the City also takes the position that, whether in the Rule 2004 or adversary proceeding context, the Debtor should "never" obtain this discovery. DN 509, p. 4. In short, the City's reheated arguments are provided under the guise of a fidelity to the law, but in reality are nothing more than a transparent attempt to avoid *any* discovery of its financial dealings.

9.  As to the City's argument based on Section 549(a) of the Bankruptcy Code, the City similarly asserted its same argument regarding Section 549(a) in its Opposition to the Debtor's Rule 2004 request. (*See* Opposition [DN 509], pp. 4-5, 9). As a fundamental matter, the City's argument is a red herring, as neither the Debtor's Rule 2004 Examination request nor the reasoning in the Court's Opinion is solely reliant on the application of Section 549(a). Therefore, even if Section 549(a) could not serve as a basis to grant a Rule 2004 Examination request, the Opinion should nevertheless not be disturbed in light of the other grounds underpinning its

reasoning.  For example, "good cause" can be shown to grant Rule 2004 discovery where a denial of the request would cause undue hardship. (*See* Opinion, p. 5).  As extensively briefed by the Debtor and argued at the Hearing, denial of its Rule 2004 discovery would have caused extensive hardship in the form of, among other things, a complete dissipation of assets.  Moreover, Section 549(a)'s state law sibling, the Uniform Voidable Transactions Act as adopted in California, applies to City transfers of assets in the event Section 549(a) is inapplicable.  *See generally* Cal. Civ. Code § 3439.01, *et seq*.

10. For all of the foregoing reasons, the Debtor respectfully requests this Court deny the City's Motion to Reconsider.  The Motion to Reconsider fails to offer any new arguments.  Furthermore, the arguments asserted by the City in the Motion to Reconsider were previously litigated during the Hearing, and were already considered and rejected by the Court.  Moreover, the Motion otherwise fails to provide any reason necessary to justify the extraordinary relief that is called for under Rule 60(b).

11. Finally, when evaluating the Motion to Reconsider, the Debtor hopes the Court will recognize this Motion to Reconsider is another example of the City engaging in a delay tactic to hinder and prevent the Debtor from properly and effectively utilizing the Sublease as contemplated under a chapter 11 plan of reorganization that was litigated before and approved by this Court.  The City's delay is further evidenced in a letter dated September 3, 2024 to one of ITS's attorneys, Barry W. Lee, in which the City advises that it "awaits instruction from that Court regarding that pending Motion, and will respond further once we have information regarding how the Court wishes to proceed." (City Letter, pp. 2.)  As Mr. Lee correctly responds in a reply correspondence to the City dated September 4, 2024, "[t]he City's motion for reconsideration does not stay or

5

otherwise impact the Court's Order." Copies of the aforementioned letters are attached hereto as <u>Exhibit A</u>.

12. Mr. Lee's position in his September 4th reply correspondence is corroborated by Rule 60(d), which provides that a Rule 60(b) motion to reconsider "does not affect the [order's] finality or suspend its operation." *See* Fed. R. Civ. P. 60(d). Notwithstanding the lack of a stay as to this Court's Opinion and the Order set forth therein, the City's September 3rd Letter clearly implies that they are willfully refusing to comply with the Court's Order granting the Debtor's Rule 2004 Motion for Examination of the City. This position is inexcusable, and the Debtor reserves the right to file a motion to compel and subsequently seek sanctions if the City's willful noncompliance persists.

13. As a procedural aside, ITS asserts that this matter can be deemed submitted upon the filing of this Objection and adjudicated by the Court without the need for oral argument or other in-person hearing.

[*Signature page to immediately follow.*]

Respectfully submitted,

*/s/ Robert M. Hirsh*
Robert M. Hirsh
NORTON ROSE FULLBRIGHT US, LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3400
Robert.hirsh@nortonrosefullbright.com
COUNSEL FOR PLAINTIFF


*/s/ Barry W. Lee*
Barry E. Lee
MANATT PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7450
bwlee@manatt.com
COUNSEL FOR PLAINTIFF


*/s/ Skyler M. Sanders*
Skyler M. Sanders
PARSONS BEHLE & LATIMER
36 Professional Plaza, Ste. 220
Rexburg, Idaho 83440
Telephone: (208) 557-1953
ssanders@parsonsbehle.com
COUNSEL FOR PLAINTIFF

-and-

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
GRAY ICE HIGDON, PLLC
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
Telephone: (502) 625-2734
astosberg@grayice.com
COUNSEL FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

It is hereby certified that on September 9, 2024 a true and correct copy of the foregoing was served electronically through the court's CM/ECF system to all parties having entered an appearance in this proceeding, including Defendant's counsel.

/s/ *Andrew D. Stosberg*
COUNSEL FOR THE PLAINTIFF