**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC et al. | ) | CASE NO. 19-32231 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Honorable Judge Joan A. Lloyd |
| | ) | |

## DEFENDANT CITY OF OAKLAND'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND RELIEF FROM RULE 2004 ORDER

1. The City of Oakland ("Defendant" or "the City"), respectfully provides this reply in support of its Motion for Reconsideration from this Court's Order of August 26, 2024 Granting Debtor Insight Terminal Solution ("ITS")'s Motion for a Rule 2004 Examination of Defendant City of Oakland [Dkt. 523] and respectfully requests the Court for a hearing on the issues raised by this Motion.

2. The United States Supreme Court made undoubtedly clear that Federal Rule of Civil Procedure 60(b)(1) allows the correction of any errors of law made in judicial orders: "We conclude, based on the text, structure, and history of Rule 60(b), that a judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)." *Kemp v. United States*, 596 U.S. 528, 530 (2022); *see also* Dkt. 525 at 1 n.1 (City's Motion, citing Rule 60 and *Kemp*). The Sixth Circuit recently affirmed the same, as it must, in *Miller v. United States*, No. 23-3229, 2023 WL 6130301, at *1 (6th Cir. Aug. 9, 2023) ("The ordinary meaning of the term 'mistake' in Rule 60(b)(1) includes a judge's legal errors," quoting *Kemp,* 596 U.S. at 534).

3. The only constraint identified by the Supreme Court in using Rule 60(b)(1) to address judicial errors of law in an order or judgment is that the motion be made within a

"reasonable time," normally one year. *Kemp*, 596 U.S. at 534. And, significantly, the "mistake" of law addressed by *Kemp* had previously been argued by the party below, and was not considered in any way improper to re-raise in a Rule 60 motion to correct the mistake of law. *Id.*; *see also Kemp v. United States*, No. 20-10958, 2021 WL 2102860 (11th Cir. May 25, 2021).

4. Yet, contrary to the holding of the Supreme Court, ITS's Objection argues Rule 60 requires a showing of "manifest errors of law," or "a change in law" or other "exceptional circumstances." [Dkt. 528 at 2-3]. These are all arguments *rejected* by the Court in *Kemp*, when it decided *any* judicial error can be addressed by Rule 60(b)(1). 596 U.S. at 534. And, under *Kemp*, Rule 60(b)(1) can be, and should be, used to correct these "mistakes" whether or not the City previously argued the issues that the Court's Order incorrectly resolved.

5. Here, the Court's Order granting the Rule 2004 Examination of the City of Oakland contained two mistakes of law: misapplying 11 U.S.C. §549(a), and permitting pre-judgment discovery via a Rule 2004 during a pending adversary proceeding. [Dkt. 525]. ITS provides no good reason the Court should not remedy the mistakes of law by reconsidering and revising its Order Granting the Rule 2004 Examination per the authority recognized in *Kemp*, 596 U.S. at 534.

6. First, with respect to 11 U.S.C. §549(a), ITS misleadingly justifies the Rule 2004 Examination on the basis that the subject financial transactions of the City might be "voidable" under Section 549(a), but those transactions involving the City of Oakland-owned Oakland Coliseum are not *Debtor* property nor property of the *Estate*. The Court's reliance on Section 549(a) at ITS's urging was therefore an error of law that should be corrected within this Court's Rule 60 authority.

7. ITS now argues that because this discovery supposedly would have been permitted under California's Uniform Voidable Transactions Act ("UVTA"), any error was harmless. [Dkt.

528 at 5]. But ITS's new reliance on the California UVTA fails for the same reasons as ITS's improper and misleading invocation of Section 549(a): the Oakland Coliseum is not the Debtor's property or part of this Estate. *See* California Civil Code §3439, *et seq.* This state law therefore does not provide any further basis to claim that any transaction involving the City-owned Coliseum property could ever be "voided."

8.  Second, ITS has no response to the fact, plain on the face of the original Rule 2004 Motion, that ITS is using Rule 2004 to seek discovery into the City's assets *because* of the pending adversary proceeding. Granting this request to depose the Defendant City because of that pending proceeding is directly contrary to law within the Sixth Circuit. [Dkt. 525 at 7 (collecting cases)] The use of Rule 2004 in these circumstances is an independent error of law that should also be corrected within this Court's Rule 60 authority.[1]

9.  Finally, ITS argues here that no stay is in place; but provides no response to the City's request that this Court grant one. [Dkt. 528 at 7]. This Court has the authority to do so, and should it deny reconsideration, it should grant the stay to protect the City right to appeal.

10. The subject deposition and document discovery threaten to impose a significant burden on the City, taxpayer expense, when there is no legal basis for doing so. The City is requesting a resolution of good faith arguments that the Order imposing this discovery into its financial transactions, that have no relevance to the Debtor, is not correct. The City should not be made to open its books to private parties with no lawful interest in the subject transactions, and to

---

[1] ITS's Objection also now claims, without any support, that the discovery it seeks here is "relevant to the execution of the confirmed Plan." [Dkt. 528 at 4]. That is not at all correct: ITS seeks discovery into the City's finances solely to determine whether it will run out of money to pay any *hypothetical* recovery of damages in the adversary proceeding, but any such recovery would not go to ITS Estate or any creditor under the terms of this confirmed Plan, as previously explained by the City. [Dkt. 525 at 6].

travel to Kentucky to do so, while such important legal issues remain pending.  Good cause exists for a stay in these circumstances, even if this Court does not grant reconsideration.

Dated:  September 10, 2024     By: /s/  *April A. Wimberg*
April A. Wimberg
Ryne E. Tipton
DENTONS BINGHAM GREENBAUM LLP
3500 PNC Tower, 101 South Fifth Street
Louisville, Kentucky 40202
Phone:  (502) 587-3719
Email:   april.wimberg@dentons.com
            ryne.tipton@dentons.com

Barbara Parker, City Attorney (SBN 69722)
Maria S. Bee, Chief Asst City Attorney (SBN 167716)
Jamilah Jefferson, Supervising Deputy City Attorney (SBN 219027)
THE CITY OF OAKLAND
One Frank Ogawa Plaza, 6th Floor
Oakland, California 94612
Phone:   (510) 238-3601
Email:    bparker@oaklandcityattorney.org
             mbee@oaklandcityattorney.org
             jjefferson@oaklandcityattorney.org

Monique D. Jewett-Brewster (SBN 217792)
HOPKINS & CARLEY, ALC
The Letitia Building
70 S First Street
San Jose, CA  95113-2406
Phone:       (408) 286-9800
Facsimile:   (408) 998-4790
Email:  mjb@hopkinscarley.com

Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Phone: (415) 421-7151
Email:  dleonard@altshulerberzon.com

Attorneys for Defendant,
CITY OF OAKLAND

- 4 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served electronically upon all parties in the electronic filing system in this chapter 11 case.

Dated:  September 10, 2024        By: /s/ *April A. Wimberg*
                                                                April A. Wimberg