UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re: <br><br> INSIGHT TERMINAL SOLUTIONS, LLC *et al.* <br><br> Debtors | Chapter 11 <br><br> Case No. 19-32231 <br><br> (Jointly Administered) |
| INSIGHT TERMINAL SOLUTIONS, LLC, as the Reorganized Debtor, <br><br> PLAINTIFF, <br><br> v. <br><br> CITY OF OAKLAND, <br><br> DEFENDANT. | Adv. Pro. No. 24-03007-jal <br><br> Judge Joan A. Lloyd |

**DEBTOR'S OBJECTION TO THE SIERRA CLUB'S MOTION FOR RECONSIDERATION AND RELIEF FROM MEMORANDUM OPINION ORDER DENYING MOTION TO VACATE ORDER GRANTING MOTION FOR RULE 2004 EXAMINATION OF INTERESTED PARTY SIERRA CLUB**

Comes now Insight Terminal Solutions, LLC (the "Debtor" or "ITS"), the reorganized debtor in the above-captioned jointly administered chapter 11 cases (the "Chapter 11 Cases"), by counsel, and hereby submits this objection to the Motion filed by the Sierra Club for Reconsideration and Relief from this Court's Order Denying the Sierra Club's prior Motion to Vacate the Order Granting ITS's Motion for Rule 2004 Examination of Interested Party Sierra Club (the "Motion to Reconsider No. 2"). In further support, ITS states as follows:

1. To describe the present motion as "another bite at the apple" would not be accurate because, in reality, the apple has already been fully consumed. While styled as a "Motion to Reconsider," Sierra Club's motion is in truth a Motion to Re-Reconsider. This Court was correct

1

in permitting the Debtor's Rule 2004 Examination [DN 501] (the "2004 Order"); it was correct in denying Sierra Club's first request to reconsider that 2004 Order [DN 504] ("Motion to Reconsider No. 1"); and it will be correct in denying the present motion to reconsider its order denying Sierra Club's Motion to Reconsider No. 1.

2. On March 11, 2024, Debtor filed Adversary Proceeding No. 24-03007 against the City of Oakland ("City"), asserting claims for monetary damages caused by the City's interference with Debtor's third-party contracts pertaining to the construction of a proposed rail to ship terminal. Presently, there is no such proceeding pending against the Sierra Club.

3. On April 22, 2024, the Debtor filed its Motion for a Rule 2004 Examination of the Sierra Club ("Rule 2004 Motion") [DN 499]. In that Rule 2004 Motion, Debtor argued that good cause existed for the Rule 2004 Examination to further investigate and corroborate the nature and extent of certain claims the Debtor holds and may prosecute in a subsequent adversary proceeding against the Sierra Club. (*See generally* Rule 2004 Motion [DN 499], p. 3.) The Debtor then supplemented its Rule 2004 Motion with a preliminary draft complaint against the Sierra Club, asserting potential claims for: tortious interference with a prospective economic advantage; aiding and abetting tortious interference with contract; aiding and abetting tortious interference with prospective economic advantage; inducing breach of contract; and civil conspiracy ("Draft Complaint") [DN 500]. The potential allegations within the Draft Complaint relate to an intentional and concerted effort to interfere with the Debtor's rights and span in time from 2016 to as recent as January, 2024. (*See*, *e.g*., Draft Complaint, [DN 500], ¶¶ 45, 49-53, 86, 99, 110, 120).

4. On April 26, 2024, the Court entered an Order granting Debtor's Rule 2004 Motion. [DN 501] ("Rule 2004 Order").

5. On May 24, 2024, the Sierra Club filed its Motion to Reconsider No. 1. [DN 504]. In its Motion to Reconsider No. 1, the Sierra Club argued, among other things, that the Debtor has no basis to conduct a Rule 2004 Examination of the Sierra Club as it has no scheduled claims against the Sierra Club in this bankruptcy, nor were any Schedules of the Debtor amended to allege claims against the Sierra Club as assets of the Debtor's estate. (*See* Motion to Reconsider No. 1. [DN 504] p. 3.)

6. Importantly, in the Motion to Reconsider No. 1, the Sierra Club argued that the scope of the Rule 2004 requests were overbroad (*see* Motion to Reconsider No. 1 [DN 504] p. 11); the potential claims in the Draft Complaint failed as a matter of law as the Sierra Club's conduct is protected under the First Amendment and *Noerr-Pennington* doctrine (*Id.* p. 8); and the claims in the Draft Complaint are time-barred under California law (*Id.*).

7. On July 3, 2024, the Debtor filed a Motion for a Rule 2004 Examination of the City. DN 508.

8. On July 11, 2024, the Court held a hearing on Debtor's Motion for a Rule 2004 Examination of the City, as well as the Sierra Club's Motion to Reconsider No. 1.

9. On August 26, 2024, the Court issued a Memorandum Opinion granting the Debtor's Motion for a Rule 2004 Examination of the City [DN 523] ("<u>City Rule 2004 Order</u>"). Concurrently with that Opinion, the Court issued a Memorandum Opinion denying the Sierra Club's Motion to Reconsider No. 1. [DN 524] ("<u>First Reconsideration Order</u>"). It is this First Reconsideration Order that is the subject of the present motion.

10. As there is presently no action pending against the Sierra Club, in its First Reconsideration Order, this Court observed that the Debtor was seeking "to use the Rule 2004 Examination [of the Sierra Club] to discover exactly what, if any, information and facts are

3

available" to support a potential action against the Sierra Club. (Opinion [DN 524] p. 4.)  The Court further observed how the Debtor had stated at the hearing on this matter that the claims it seeks to investigate relate to the sublease; a substantive part of the Plan. (*Id*., pp. 5, 7.)  Noting the broad scope of a Rule 2004 Examination and the purpose for which it was being invoked by the Debtor, the Court found that Debtor's request was "well within the limits of Rule 2004 as pre-litigation strategy for determining whether grounds exist for it to bring an action against the Sierra Club." (*Id*., p. 7.)

11. Rule 60(b) of the Federal Rules of Civil Procedure enumerates specific grounds from which a party may seek relief from a final judgment, order, or proceeding. In the present motion, the Sierra Club asks the Court to reconsider its First Reconsideration Order on the basis of Fed. R. Civ. P. 60(b)(1) and/or (6). Subsection (1) permits a court to set aside its order for mistake, inadvertence, surprise, or excusable neglect, while subsection (6) does so for any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b)(1), (6).

12. Here, the Sierra Club offers only one argument that is relevant to the Court's First Reconsideration Order.  For the reasons discussed below, that argument is well taken to the extent the Court inadvertently limited the scope of the Rule 2004 Order by including language in the subsequent First Reconsideration Order that may have been unintentionally lifted from the City Rule 2004 Order.

13. As to the "other reasons justifying relief," the remainder of the arguments levied in the Sierra Club's Motion to Reconsider No. 2 do not relate to the Court's First Reconsideration Order.  Instead, they improperly criticize the merits of the Court's ruling on the Rule 2004 Order. In this sense, the motion is truly a motion to re-reconsider, as it is not requesting the Court to reconsider an order for the first time (in this case, the First Reconsideration Order), but to consider,

4

yet again, an order that the Court *has already reconsidered*. There is no valid reason for the Court to depart from its prior holding based on the same arguments it has already rejected.

**I.      Potential Inadvertent Limitation in the First Reconsideration Order**

14.     The sole argument actually directed at the order requested to be "reconsidered" relates to what does appear to be scrivener's error(s) in the Court's First Reconsideration Order. (*See* Motion to Reconsider No. 2 [DN 530] p. 2). As the Sierra Club points out, the First Reconsideration Order includes language such as "[t]he Debtor is using Rule 2004 to conduct limited discovery surrounding the ongoing negotiations related to the sale of the Oakland Coliseum" and that "Any discovery attempts regarding those matters set forth in the pending Adversary Proceeding, A.P. No. 24-030007 are not within the scope of this Order." (Opinion [DN 524] pp. 4, 8.)

15.     Neither the Rule 2004 Motion nor the Draft Complaint mentions the City's sale of the Coliseum, which holds an independent relevance to the City as an avoidable post-petition transaction. (Motion to Reconsider No. 2 [DN 530] p. 5.) Therefore, the Debtor agrees with the Sierra Club that this language appears to have been unintentionally borrowed from the City Rule 2004 Order.

16.     The language regarding "[a]ny discovery attempts regarding those matters set forth in the [City Adversary Proceeding] are not within the scope of this Order" similarly appears to have been taken from the City Rule 2004 Order.

17.     Again, as this Court understands and has repeatedly recognized, the scope of an inquiry under Bankruptcy Rule 2004 is very broad. *In re Fearn*, 96 B.R. 135, 137 (Bankr. S.D. Ohio 1989). Great latitude is ordinarily permitted to a party seeking discovery under Bankruptcy Rule 2004, a 2004 examination having been characterized as a "lawful 'fishing expedition.'" *In re*

*Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000). The standard for determining the propriety of a discovery request under Bankruptcy Rule 2004 is "good cause." *In re Hammond*, 140 B.R. 197, 201 (S.D. Ohio 1992). The Court correctly granted the Debtor's Rule 2004 Motion and rightly rejected the Sierra Club's Motion to Reconsider No. 1. To the extent that the Court unintentionally included the above language that could be construed as limiting the scope of the Debtor's Rule 2004 Examination, the Debtor agrees with the Sierra Club that the First Reconsideration Order should be amended in a manner consistent with the original Rule 2004 Order.

## II.      Arguments Attacking the Original Rule 2004 Order

18.     The remaining arguments in the Sierra Club's Motion to Reconsider No. 2 take issue with the merits of the Court granting the Debtor's Rule 2004 Motion in the first instance, as opposed to any reasoning contained within the First Reconsideration Order. Not only that, but they are the same recycled arguments the Sierra Club put forth in its Motion to Reconsider No. 1, which the Court has rejected. Therefore, there is no valid reason under Rule 60 or otherwise for this Court to depart from its holdings in either its 2004 Order or its First Reconsideration Order.

19.     Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments." *Doe v. Lexington–Fayette Urban Cnty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005). Motions to reconsider under Rule 60(b) provide an "opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence or to review a prior decision when there has been a change in the law." *Walker v. Mazza*, No. 1:99-CV-00104-TBR, 2021 WL 5772095, at *1 (W.D. Ky. Dec. 6, 2021). Such motions seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *Id*. The exceptional circumstances under Rule 60(b)(6) "require "unusual and extreme situations where principles of equity *mandate* relief." *Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 387 (6th Cir. 2001) (emphasis in original). In

light of these principles, "[r]eiteration of a previously rejected argument does not warrant Rule 60(b) relief." *White v. United States*, No. 18-3090, 2018 WL 11337479, at *2 (6th Cir. Jun. 7, 2018). Rather, Rule 60(b)(6) calls for different arguments. *Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 312 (6th Cir. 2019).

20. Here, the Sierra Club's Motion to Reconsider No. 2 makes the same arguments that it did in its Motion to Reconsider No. 1. That is, that the scope of the Rule 2004 requests are overbroad (*see* Motion to Reconsider No. 2 [DN 530] pp. 8-9); the potential claims fail as a matter of law as the Sierra Club's conduct is protected under the First Amendment and *Noerr-Pennington* doctrine (*Id.*, pp. 9-13); and the claims in the Draft Complaint are time-barred under California law (*Id.*, p. 13-14; c*ompare*, *infra*, ¶ 6.)

21. The Sierra Club's motion fails to identify any manifest error of law or fact, newly discovered evidence, or intervening change in the law to support its invitation for the Court to revisit its prior ruling. In essence, the Sierra Club simply disagrees with the Court's holding. But such a disagreement does not justify the kind of "extraordinary judicial relief" afforded by Rule 60.

22. Moreover, the Sierra Club's motion masquerades as a motion to reconsider when, in reality, it is essentially a motion to dismiss claims that the Debtor has yet to file. The Sierra Club argues that the Rule 2004 Examination should be prohibited because the Debtor's potential claims relate to protected activity. (Motion to Reconsider No. 2 [DN 530] pp. 9-13.) However, the Sierra Club's opposition contravenes Rule 2004's underlying purpose, not to mention the Sierra Club's own prior arguments.

23. <u>First</u>, the Sierra Club contends that the *Noerr-Pennington* doctrine blanketly immunizes it from any liability for the conduct alleged in the Draft Complaint. (*See* Motion to

7

Reconsider No. 2 [DN 530] pp. 10-11.) With respect to the First Amendment, the Sierra Club argues that the Debtor "has not identified any false statement of fact that allegedly caused it harm" in the Draft Complaint. *Id.* p. 12.

24. These arguments put the proverbial cart before the horse as no Complaint has been filed, and Rule 2004 is substantially a "pre-litigation device for assessing whether grounds exist to commence an action . . . ." *In re Handy Andy Home Imp. Centers, Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996). As this Court appropriately recognized, that is precisely what the Debtor is seeking to do here. What the Debtor will uncover and what form its Complaint and the underlying allegations will take is not presently known; despite these unknowns, sufficient cause nonetheless exists to permit broad diligence.

25. Second, the motion disregards the well-known exception to the *Noerr-Pennington* doctrine for activity that, while protected on its face, is "objectively baseless" or "patently frivolous" and intended to conceal and interfere with a business relationship. *Racetech, LLC v. Kentucky Downs, LLC*, 169 F. Supp. 3d 709, 716 (W.D. Ky. 2016). Therefore, even if the activities that serve as the basis for an action against the Sierra Club are protected as a general rule, a Rule 2004 Examination could otherwise uncover evidence supporting an exception to the general rule. If the Sierra Club's premature arguments at some point have merit, the proper vehicle is a motion to dismiss (if and when an adversary proceeding is filed), not a second motion to reconsider an order granting a Rule 2004 Examination.

26. Third, the Sierra Club's argument on the basis of the statute(s) of limitations of the Debtor's potential claims is flawed for the same reasons. As an initial matter, the limitations period for the claims that are within the Draft Complaint did not begin to accrue until January 23, 2024. (*See* Draft Complaint [DN 500] ¶¶ 45, 50, 86, 99, 110, 120.) Moreover, the motion also wholly

ignores the fact that the claims within the Draft Complaint also relate to actions within the shortest applicable limitations period of two years. (*Id.*, ¶¶ 49-53.)  In any event, the Debtor is entitled to engage in the "lawful 'fishing expedition'" that is a Rule 2004 Examination, which may yield additional or different claims than the ones contained in the Draft Complaint, and/or allegations underlying the same. *In re Lufkin*, 255 B.R. 204, 208 (Bankr. E.D. Tenn. 2000).

27.     The Sierra Club's vexatious opposition to this Rule 2004 Examination is the same type of gamesmanship being engaged in by the City.  In one moment the Sierra Club argues that the Debtor should be precluded from engaging in the Examination because its potential claims are insufficient as a matter of law, while in the same breadth asserting that "the Debtor already has" the preliminary information it needs to file a complaint.  (Motion to Reconsider No. 1 [DN 504] pp. 9-10.)  This reflects a classic "no good deed goes unpunished" situation where the Sierra Club is attacking the Debtor for showing restraint and taking a measured approach in performing robust due diligence as to its claims against the Sierra Club instead of filing a less fulsome adversary proceeding complaint.

28.     For all of the foregoing reasons, the Debtor respectfully requests this Court deny the Sierra Club's Motion to Reconsider No. 2, with the limited exception described in <u>Section I</u> above.  The Motion to Reconsider fails to offer any new arguments or otherwise provide any reason necessary to justify the extraordinary relief that is called for under Rule 60(b).

29.     The Debtor asserts that this matter can be deemed submitted upon the filing of this Objection and decided by the Court without the need for oral argument or other in-person hearing.

[*Signature page to immediately follow.*]

Respectfully submitted,

*/s/ Robert M. Hirsh*
Robert M. Hirsh
NORTON ROSE FULLBRIGHT US, LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3400
Robert.hirsh@nortonrosefullbright.com
COUNSEL FOR PLAINTIFF

*/s/ Barry W. Lee*
Barry E. Lee
MANATT PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7450
bwlee@manatt.com
COUNSEL FOR PLAINTIFF

*/s/ Skyler M. Sanders*
Skyler M. Sanders
PARSONS BEHLE & LATIMER
36 Professional Plaza, Ste. 220
Rexburg, Idaho 83440
Telephone: (208) 557-1953
ssanders@parsonsbehle.com
COUNSEL FOR PLAINTIFF

-and-

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
GRAY ICE HIGDON, PLLC
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
Telephone: (502) 625-2734
astosberg@grayice.com
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

It is hereby certified that on September 13, 2024 a true and correct copy of the foregoing was served electronically through the court's CM/ECF system to all parties having entered an appearance in this proceeding, including Defendant's counsel.

*/s/ Andrew D. Stosberg*
COUNSEL FOR THE PLAINTIFF