# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al*., | Case No. 19-32231 |
| | Judge Joan A. Lloyd |
| Debtors. | |

## NOTICE OF APPEAL OF ORDERS GRANTING RULE 2004 DISCOVERY FROM ADVERSARY DEFENDANT CITY OF OAKLAND AND DENYING THE CITY'S MOTION FOR RECONSIDERATION

**PLEASE TAKE NOTICE** that the City of Oakland, CA ("City") hereby appeals to the U.S. District Court for the Western District of Kentucky under 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure (FRBP) 8004, the order of the U.S. Bankruptcy Court for the Western District of Kentucky entered on January 29, 2025 (Dkt. 548) denying the City's *Motion to Reconsider and Relief from Order Granting Rule 2004 Motion for Examination* and the order of the U.S. Bankruptcy Court for the Western District of Kentucky entered on August 26, 2024 (Dkt. 523) granting former Debtor and Adversary Proceeding Plaintiff Insight Terminal Solutions, LLC's ("ITS") *Motion for a Rule 2004 Examination* ("Orders"). Copies of those Orders are attached hereto as **Exhibits A and B**.

**PLEASE TAKE FURTHER NOTICE THAT** The City has filed herewith a motion for leave to appeal under 28 U.S.C. § 158(a)(3) and FRBP 8004.

1

Respectfully submitted,

Dated:  January 31, 2025        By:  /s/  *Monique D. Jewett-Brewster*
                                                            Monique D. Jewett-Brewster (SBN 217792)
LATHROP GPM
The Letitia Building
70 S First Street
San Jose, CA  95113-2406
Phone:   (408) 299-1428
Email:  mjb@lathropgpm.com

Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Phone: (415) 421-7151
Email:  dleonard@altshulerberzon.com

April A. Wimberg
Ryne E. Tipton
DENTONS BINGHAM GREENBAUM LLP
3500 PNC Tower, 101 South Fifth Street
Louisville, Kentucky 40202
Phone:  (502) 587-3719
Email:    april.wimberg@dentons.com
              ryne.tipton@dentons.com

Ryan Richardson, City Attorney (SBN 223548)
(*Pro Hac Vice* motion forthcoming)
Maria S. Bee, Chief Asst City Attorney
(SBN 167716)
Kevin McLaughlin, Supervising Deputy City Attorney (SBN 251477)
THE CITY OF OAKLAND
One Frank Ogawa Plaza, 6th Floor
Oakland, California 94612
Phone:   (510) 238-3601
Email:    rrichardson@oaklandcityattorney.org
            mbee@oaklandcityattorney.org
            kmclaughlin@oaklandcityattorney.org


Attorneys for Defendant,
CITY OF OAKLAND

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served electronically upon all parties in the electronic filing system.

Dated: January 31, 2025					By: /s/ *Monique D. Jewett-Brewster*
							Monique D. Jewett-Brewster

# Exhibit A

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
Insight Terminal Solutions, LLC ) CASE NO. 19-32231 (1) (11)
)
)
Debtor(s) )

ORDER

The above Chapter 11 case came before the Court on January 28, 2025, regarding the Defendant, City of Oakland's Motion to Reconsider and Relief from Order Granting Rule 2004 Motion for Examination for City of Oakland, or in the alternative, to Stay that Order (doc. #525) and Motion for Reconsideration and Relief from Memorandum-Opinion Order Denying Motion to Vacate Order Granting Motion for 2004 Examination of Interested Party, Sierra Club (doc. #530). The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Defendant, City of Oakland's Motion to Reconsider and Relief from Order Granting Rule 2004 Motion for Examination for City of Oakland, or in the alternative, to Stay that Order (doc. #525) be, and hereby, is **DENIED**.

IT IS HEREBY ORDERED that the Motion for Reconsideration and Relief from Memorandum-Opinion Order Denying Motion to Vacate Order Granting Motion for 2004 Examination of Interested Party, Sierra Club (doc. #530) shall be permitted **ten (10) days from the date of this order to file a reply brief.**

Kg

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 29, 2025

# Exhibit B

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.* ) | CASE NO. 19-32231(1)(11) |
| ) | (Jointly Administered) |
| ) | |
| Debtors ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion by the Reorganized Debtor for a Rule 2004 Examination of the City of Oakland, filed by Debtor Insight Terminal Solutions, LLC (referred to herein as "Debtor"). For the following reasons, the Court will enter the attached Order granting the Motion by the Reorganized Debtor for Rule 2004 Examination of the City of Oakland.

## PROCEDURAL BACKGROUND

On July 17, 2019, Debtor filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code in the Western District of Kentucky.

On April 27, 2020, Autumn Wind Lending, LLC filed its Chapter 11 Plan of Reorganization for the Bankruptcy Estate of Debtor.

On May 26, 2020, Debtor filed its Chapter 11 Plan.

On July 19, 2020, Debtor filed its First Amended Chapter 11 Plan.

On November 3, 2020, following a hearing before this Court, Debtor withdrew its Amended Chapter 11 Plan and the Court entered an Order of Confirmation of the Amended Plan of Creditor Autumn Wind Lending, LLC.

On March 11, 2024, Debtor filed Adversary Proceeding No. 24-03007 against the City of Oakland ("City") asserting claims against the City for monetary damages that it claimed were caused by the City's interference with Debtor's third-party contracts pertaining to the construction of a proposed rail to ship terminal. Debtor asserts that the City's actions caused Debtor's bankruptcy filing and that its actions interfered with Debtor's third party contracts resulting in monetary losses of no less than $1 billion.

On April 22, 2024, in this case, Debtor filed a Motion for a Rule 2004 Examination of a Sierra Club representative.

On April 26, 2024, in this case, this Court entered an Order granting Debtor's Motion for a Rule 2004 Examination of a Sierra Club representative.

On July 3, 2024, Debtor filed a Motion for a Rule 2004 Examination of the City of Oakland.

On May 24, 2024, the Sierra Club filed a Motion to Set Aside the Order Granting the Motion of the Reorganized Debtor for a Rule 2004 Examination of the Sierra Club.

On July 5, 2024, the City of Oakland filed an Objection to Debtor's Motion for a Rule 2004 Examination of the City of Oakland.

On July 11, 2024, the Court held a hearing on Debtor's Motion for a Rule 2004 Examination of the City of Oakland and Debtor's Motion for a Rule 2004 Examination of a Sierra Club representative. Following the hearing, the Court took both matters under submission.

**LEGAL ANALYSIS**

Debtor seeks an order from this Court to allow it to conduct a Rule 2004 Examination of the City of Oakland. Debtor states that the scope of the examination will be limited to its purpose which

is to investigate the City's material transactions, such as the contemplated sale of the Oakland Coliseum. Debtor contends the City's actions warrant investigation of the "questionable" transactions "to determine whether they may constitute avoidable post-petition financial transactions under § 549(a) of the United States Bankruptcy Code." *See* Paragraph 21 of Debtor's Motion for a Rule 2004 Examination.

The City of Oakland objects to Debtor's Motion for a Rule 2004 Examination based on the fact that there is a pending Adversary Proceeding filed by Debtor against the City, A.P. No. 24-03007. The City was never a creditor of Debtor and no claims were ever raised by Debtor in its Chapter 11 case against the City of Oakland. The current Adversary Proceeding filed by Debtor against the City is based on two California business tort allegations which Debtor asserts caused Debtor's bankruptcy. The City has a pending Motion to Dismiss Debtor's Adversary Proceeding for lack of jurisdiction by this Court over any post-confirmation efforts by Debtor to bring California tort claims against a California city in this Court.

The City of Oakland also objects to Debtor's use of a Rule 2004 Motion in this case for discovery into the City's finances, including the proposed transaction related to the Oakland-Alameda County Coliseum Complex. The City contends these transactions have nothing to do with the Debtor's bankruptcy case or its Plan and that this Court "lacks jurisdiction to grant this frivolous request for many other reasons."

Although this Chapter 11 proceeding was initiated in 2019 and the Plan confirmed in 2020, Debtor's case remains active before this Court and this Court has continuing jurisdiction over the matter. A review of the Autumn Wind Lending, LLC's Chapter 11 Plan of Reorganization for the Bankruptcy Estate of Debtor Insight Terminal Solutions, LLC Pursuant to Bankruptcy Code Section

1121(c)(2) ("the Plan"), sets forth the terms of this Court's post-confirmation jurisdiction. Paragraph 2 under Article IX of the Miscellaneous Plan Provisions specifically provides that this Court retains jurisdiction to:

> adjudicate any and all adversary proceedings, applications, and contested matters that may be commenced or maintained pursuant to the Chapter 11 Case, this Plan, or that were the subject of proceedings before the Bankruptcy Court, prior to the Effective Date, proceedings to adjudicate the allowance of Disputed Claims, and all controversies and issues arising from or relating to any of the foregoing;

Debtor states that the City of Oakland is a "contingent debtor" of Debtor. Debtor wants to investigate matters that it contends are improper financial transactions that could constitute post-petition transactions avoidable under 11 U.S.C. § 549(a) of the Bankruptcy Code. This Court retains jurisdiction under the terms of the Debtor's confirmed Plan to "hear any other matter not inconsistent with the Bankruptcy Code;" *See* Paragraph 12, under Article IX(A) of the Miscellaneous Plan Provisions. Good cause exists for the a Rule 2004 Examination request, "for the purpose of further investigating the City's material transactions such as the Coliseum Transaction described *supra* to determine whether they may constitute avoidable post-petition financial transactions under § 549(a) of the Bankruptcy Code." *See* Paragraph 21 of Debtor's Brief.

Regardless of the terms in the confirmed Plan on post-confirmation jurisdiction, the source of any bankruptcy Court's jurisdiction derives from 28 U.S.C. §§ 1334 and 157. In order to determine whether a matter is within a bankruptcy court's jurisdiction, "it is necessary only to determine a matter is at least "related to" the bankruptcy. *In re Wolverine Radio Co.*, 930 F.2d 1132, 1141 (6th Cir. 1991). It is well established that this Court's subject matter jurisdiction derives from 28 U.S.C. § 1334, and not necessarily from the terms of a confirmed plan. *In re Resorts Int'l., Inc.*, 372 F.3d 154, 161 (3d Cir. 2004). The Court determines that the matters to be covered in the Rule

2004 Examination are related to this bankruptcy case and are relevant to the execution of the confirmed Plan.

Debtor states that its request for a Rule 2004 Examination is "limited in scope" and "will merely focus on the City's post-petition financial transactions and dealings," not on the "tortious interference claims" asserted against the City of Oakland in Adversary Proceeding No. 24-03007. Debtor claims that cause exists for an order allowing Debtor's Request for Production of Documents under Rule 2004 for the purpose of investigating terms of the Coliseum Transactions with the City of Oakland to see if they constitute avoidable post-petition financial transactions under 11 U.S.C. § 549(a).

In general, Rule 2004 is used primarily to examine individuals who have knowledge of the financial affairs of the debtor in order to preserve rights of creditors. *In re GHR Co. Inc.*, 41 B.R. 655, 660 (Bankr. D. Mass. 1984). However, Rule 2004 Examinations of non-debtor witnesses are allowed where there is a showing that the purpose of the examination is to enable a party to probe into matters which may lead to the discovery of assets. *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).

In this case, the Debtor seeks a Rule 2004 Examination of the City of Oakland post-confirmation of its Chapter 11 case. While such requests are not routine occurrences in Chapter 11 proceedings, they are not prohibited. The party seeking a grant of Rule 2004 discovery must prove "good cause" for the discovery by showing it is needed to establish a claim or that denial of the request would cause undue hardship. *In re DeFoor Centre, LLC*, 634 B.R. 630, 638 (Bankr. M.D. Fla. 2021). In *DeFoor*, the request for a Rule 2004 Examination was denied because the court

determined that the debtor would have ample opportunity to conduct discovery once it filed its adversary proceeding.

Unlike the *DeFoor* case, the Debtor herein alleges that the City of Oakland is a contingent debtor of Debtor and that the City is engaging in "questionable," and "improper financial dealings" that warrant investigation. It further sets forth those actions of the City regarding the possible sale of one of the City's biggest assets, the City's undivided 50% interest in the real property where the Oakland Coliseum is located.

The scope of a Rule 2004 Examination is broad. The Rule is substantially a pre-litigation device for assessing whether grounds exists to commence an action. *Handy Andy Improvement Ctrs. Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996). The Debtor's request herein is well within the limits of Rule 2004 as pre-litigation strategy for determining whether grounds exists for it to bring an action against the City of Oakland.

Unlike discovery under Fed. R. Civ. 26(b)(1), inquiries under Rule 2004 need only be relevant to the "acts, conduct, or property or to the liability and financial condition of the debtor, or to any matter which affects the administration of the debtor's estate." *In re Velsicol Chemical LLC*, 2024 WL765083 (Bankr. N.D. Ill. 2024). In *Velsicol*, the court stated that a motion for leave to take a Rule 2004 Examination is not the time for the court to take a deep dive into the documents supporting the request or for the court to consider whose explanations of the documents are more plausible. Similarly, this Court need not make such a deep dive into the reasoning for Debtor's request for the City's Rule 2004 Examination.

Debtor has established that the reason for the Rule 2004 Examination is to determine whether the City's transactions with respect to the Coliseum may constitute an avoidable post-petition

transaction under 11 U.S.C. § 549(a) of the United States Bankruptcy Code.  The parties herein, however, are cautioned that this Court's Order allowing the requested Rule 2004 Examination of the City of Oakland is not intended for any party to conduct examination of any party related to the matters outside those in the Debtor's Motion for the Rule 2004 Examination.  Any discovery attempts regarding those matters set forth in the pending Adversary Proceeding, A.P. No. 24-03007 are not within the scope of this Order.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** the Motion of the Reorganized Debtor for a 2004 Examination of the City of Oakland.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*  ) | CASE NO. 19-32231(1)(11) |
| ) | (Jointly Administered) |
| ) | |
| Debtors ) | |

## ORDER

This matter having come before the Court on the Motion by Reorganized Debtor Insight Terminal Solutions, LLC for a Rule 2004 Examination of the City of Oakland, and the Court having reviewed the Motion of the Debtor, the Objection to the Debtor's Motion filed by the City of Oakland, and the comments of counsel at the hearing held on the matter, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion of the Reorganized Debtor, Insight Terminal Solutions, LLC for a Rule 2004 Examination of the City of Oakland, be and hereby is, **GRANTED**.

So ordered this 26th day of August, 2024.