**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 19-32231<br><br>Judge Joan A. Lloyd |

---

**CITY OF OAKLAND'S MOTION FOR LEAVE TO FILE APPEAL OF ORDERS GRANTING RULE 2004 DISCOVERY FROM ADVERSARY DEFENDANT CITY OF OAKLAND AND DENYING THE CITY'S MOTION FOR RECONSIDERATION**

---

The City of Oakland, CA ("City") has filed herewith today a notice of appeal to the U.S. District Court for the Western District of Kentucky from two orders of the U.S. Bankruptcy Court for the Western District of Kentucky improperly permitting "pre-litigation" discovery against the City, Defendant in an *already pending* adversary proceeding: the order of January 29, 2025 (Bankr. Dkt. 548) denying the City's s *Motion to Reconsider and Relief from Order Granting Rule 2004 Motion for Examination* and the order of August 26, 2024 (Bankr. Dkt. 523) granting former Debtor Insight Terminal Solutions, LLC's ("ITS") *Motion for a Rule 2004 Examination* ("Orders"). The City noticed this appeal to this Court for a discretionary appeal under to 28 U.S.C. § 158(a)(3) and Rule 8004.

The City respectfully submits that a discretionary appeal is authorized and warranted. The orders at issue turn on two legal errors by the Bankruptcy Court that resulted in granting this improper Rule 2004 order. Rule 2004 is a bankruptcy court rule that authorizes pre-litigation discovery pertaining to the debtor or the bankruptcy proceedings but is not to be used to

circumvent the rules that apply to an already pending adversary proceeding, and statute (11 U.S.C. §549(a))) invoked to justify this examination of the Defendant City's finances (which ITS admitted in its motion have nothing to do with ITS or the bankruptcy) is simply inapplicable to a non-debtor.   The City therefore respectfully requests that the Court grant leave to appeal pursuant to 28 U.S.C. § 158(a)(3).

## BACKGROUND

ITS is the Reorganized Debtor in the underlying bankruptcy proceeding, for which a plan was confirmed back in 2020.  The City is not a debtor or creditor to ITS.

On March 11 2024, ITS filed a post-plan confirmation adversary proceeding against the City, claiming two California state law torts arising from contract disputes in California, regarding a failed maritime terminal project on City-owned land.  (No. 24-3007-jal, Adv. Dkt. 1.) The City and ITS have no other relationship, legal, contractual or otherwise, beyond the adversary proceeding.

Four months after filing that Adversary Proceeding, ITS filed the Motion for a Rule 2004 Examination of the City on the main bankruptcy docket, in an attempt to circumvent the scope and rules that pertain to jurisdiction and discovery in the adversary proceeding. (No. 19-32231, Bankr. Dkt. 508 at 1 (contending the City is a "contingent debtor" to ITS *as a result of the adversary proceeding*)). The Rule 2004 motion sought to examine the City on broad topics pertaining to the City's financial transactions involving the Oakland Coliseum, a sports stadium which has nothing to do with the subject matter of the adversary proceeding or bankruptcy case, explaining *only* that it needed this discovery to ensure the City would have sufficient funds to pay any eventual damages in the pending adversary proceeding. (Bankr. Dkt. 508.)  To be clear:

the Oakland Coliseum deal has nothing to do with ITS, the land in dispute with respect to the maritime project, or the prior ITS bankruptcy.

ITS also misleadingly portrayed this motion as necessary to investigate whether the City's transactions involving City-owned Coliseum constituted impermissible transactions pursuant to 11 U.S.C. § 549(a), a statute that plainly applies only to property of the *debtor*.

The City opposed the motion, noting that there was no legal basis for Rule 2004 pre-litigation discovery for two straightforward legal reasons:  parties cannot use Rule 2004 for discovery of the defendant in an already pending adversary proceeding, and §549(a) applies only to transfers of property in the *debtor's* estate, and cannot justify examining the City's transactions. (Bankr. Dkt. 509 at 9-12.)

The bankruptcy court granted the Rule 2004 motion, relying on § 549(a), and did not address the City's arguments explaining why that provision does not apply here. (Bankr. Dkt. 523 at 3-5, 7).  Although the Court stated that the discovery could not relate to the adversary proceeding, the Court ignored the fact that the *only* basis for the request to explore the City's finances was the potential damages in that very adversary proceeding. (Bankr. Dkt. 523.)

The City timely filed a motion for reconsideration, and a request for a stay pending appeal if its motion were to be denied. (Bankr. Dkt. 525.)

On January 28, 2025, at a hearing in the adversary proceeding regarding the City's requested stay pending the resolution of the related Motion to Withdraw the Reference and Transfer to the Northern District of California, the Bankruptcy Court denied the City's motion for reconsideration and a stay without any substantive explanation. (Bankr. Dkt. 548.)

**ARGUMENT**

To guide their discretion in evaluating motions for leave pursuant to section 158(a)(3), courts in this circuit have adopted the test under 28 U.S.C. § 1292(b), which provides for an interlocutory appeal when: (1) the order involves a controlling question of law, (2) substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Ragle*, 395 B.R. 387, 394 (E.D. Ky. 2008). Each of these factors is satisfied here. *See Bank of Am., N.A. v. Landis*, No. 2:11-CV-1338-RCJ-PAL, 2011 WL 5117909, at *2 (D. Nev. Oct. 27, 2011) (granting leave to appeal Rule 2004 without deciding whether it is appealable as of right).

The appeal raises two purely legal issues, both of which the Bankruptcy Court's orders get wrong. First, the law is clear that a party cannot use Rule 2004's pre-litigation procedures to obtain discovery in an already pending adversary proceeding: "once an adversary proceeding … is under way, discovery sought in furtherance of litigation is subject to the F.R.Civ.P. rather than the broader bounds of R2004." *E.g.*, *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) (collecting cases); *In re Michalski*, 449 B.R. 273, 281 n.4 (Bankr. N.D. Ohio 2011) (same). ITS explained to the court below in its motion that it seeks this discovery expressly to explore the City's *general financial condition and ability to pay damages in the adversary proceeding.* This is not "pre-litigation" discovery where the very litigation has already been filed. The Bankruptcy Court should have dismissed this attempt to use Rule 2004 against the City out of hand on this purely legal basis. Indeed, the Bankruptcy Court itself acknowledged (Bankr. Dkt. 523 at 7), using Rule 2004 discovery to uncover facts related to the adversary proceeding is foreclosed by controlling case law – but that is exactly what the Court did, and that was plainly error. Such a ruling opens the floodgates to parties in adversary

4

proceedings using Rule 2004 to circumvent the plainly applicable federal rules and is reversible error.

Second, the Bankruptcy Court explained that it was allowing this discovery notwithstanding the adversary proceeding because the City's transactions might fall within 11 U.S.C. § 549(a) – but the misapplication of that statute is again a pure issue of law.  ITS speculated that the City's financial transactions might run afoul of this statute, and told the Bankruptcy Court this examination was needed to determine whether that was so.  The Court concluded that section 549(a) permitted exploration of transactions involving *the City's* property, not the *debtor's* property.  The plain language of this statute forecloses any application to property other than a debtor's.  11 U.S.C. §549(a); *In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 465 (6th Cir. 1991); 11 U.S.C. § 541(a)(1) (property of the estate includes only those "interests of the debtor in property as of the commencement of the case"); *see also In re Great Gulfcan Energy Texas, Inc.*, 488 B.R. 898, 919-20 (Bankr. S.D. Tex. 2013) (trustee cannot avoid a transfer of real property in which the estate had no interest on the petition date); *In re Bean*, 252 F.3d 113, 117 (2d Cir. 2001) ("the Trustee's claim fails here because a trustee cannot recover that which did not belong to the estate at the time the debtor filed for bankruptcy protection.").  Extending the statute to property of a defendant in an adversary proceeding was also reversible error.  This Court need look no further than ITS's own Rule 2004 motion (Bankr. Dkt. 508) to understand that the City's Coliseum stadium is not the debtor's property.

Both issues are *controlling* questions of law because they "materially affect the outcome of the case." *Ragle*, 395 B.R. at 395. The Rule 2004 orders are the discrete case for these purposes, and resolving this appeal would resolve the entire case. For that same reason, permitting this appeal would "advance the ultimate termination of the litigation." *Ragle*, 395

B.R. at 394. Again, the "litigation" in question is the stand-alone Rule 2004 order, not the underlying bankruptcy proceeding, and not the pending adversary proceeding.

Finally, there is more than a substantial ground for difference of opinion regarding the correctness of the decision. As discussed above, the law is clear that courts should not permit parties to use Rule 2004 to circumvent the discovery rules and procedures that apply to adversary proceedings; and Section 549(a) applies only to transactions involving the debtor's property, which this indisputably is not.

This is not the typical Rule 2004 order, in which the court must understand and delve into the facts and relationships among parties to a bankruptcy in order to review such an order on appeal. Nothing more than the ITS Motion, and the Bankruptcy Court's orders are needed to understand that the Court committed two dispositive, reversible errors of law. Whatever the valid policy reasons for generally holding that Rule 2004 orders involving the parties to a bankruptcy should proceed without review, the facts and circumstances of *this* appeal justify permitting the City to be heard on review, and warrant reversal as a matter of law.

## CONCLUSION

For all the foregoing reasons, this Court should grant discretionary review.

4934-0916-8405.1

Respectfully submitted,

Dated:  January 31, 2025                    By:  /s/  *Monique D. Jewett-Brewster*

Monique D. Jewett-Brewster (SBN 217792)
LATHROP GPM
The Letitia Building
70 S First Street
San Jose, CA  95113-2406
Phone: (408) 299-1428
Email:  mjb@lathropgpm.com

Danielle Leonard (SBN 218201)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Phone: (415) 421-7151
Email:  dleonard@altshulerberzon.com

April A. Wimberg
Ryne E. Tipton
DENTONS BINGHAM GREENBAUM LLP
3500 PNC Tower, 101 South Fifth Street
Louisville, Kentucky 40202
Phone:  (502) 587-3719
Email:  april.wimberg@dentons.com
ryne.tipton@dentons.com

Ryan Richardson, City Attorney (SBN 223548)
(*Pro Hac Vice* motion forthcoming)
Maria S. Bee, Chief Asst City Attorney
(SBN 167716)
Kevin McLaughlin, Supervising Deputy City
Attorney (SBN 251477)
THE CITY OF OAKLAND
One Frank Ogawa Plaza, 6th Floor
Oakland, California 94612
Phone:   (510) 238-3601
Email:   rrichardson@oaklandcityattorney.org
mbee@oaklandcityattorney.org
kmclaughlin@oaklandcityattorney.org

Attorneys for Defendant,
CITY OF OAKLAND

4934-0916-8405.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was served electronically upon all parties in the electronic filing system.

Dated:  January 31, 2025                    By: _/s/ Monique D. Jewett-Brewster_____
                                                            Monique D. Jewett-Brewster

4934-0916-8405.1