UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| INSIGHT TERMINAL ) | CHAPTER 11 |
| SOLUTIONS, LLC, ET AL. ) | (Jointly Administered) |
| ) | |
| Debtor. ) | CASE NO. 19-32231-JAL |
| ) | |

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION AND RELIEF FROM MEMORANDUM-OPINION ORDER DENYING MOTION TO VACATE ORDER GRANTING MOTION FOR 2004 EXAMINATION OF INTERESTED PARTY SIERRA CLUB**

Sierra Club respectfully asks the Court for the following relief:

1. Sierra Club respectfully requests that the Court revisit the entirety of its order: Although the Court allowed the exam so Debtor could investigate *whether* it has claims against Sierra Club, the filing of a draft complaint and Debtor's own admissions during argument make clear that Debtor has the information it believes it needs to assert a claim. Sierra Club has a right to face those claims in court, first by seeking dismissal under Federal Rule of Civil Procedure 12, and if that is unsuccessful, under the ordinary rules governing discovery.

2. At a minimum, the Court should require Debtor to identify with specificity the additional information it requires to determine whether it has a claim against Sierra Club and limit the scope of the exam to that information. That is because, as phrased, the exam calls for "[a]ll Documents in [Sierra Club]'s possession"—even if they do not concern this matter.

3. The Court should deny Debtor's request that the Court reconsider its order prohibiting Debtor from seeking information relevant only to the Adversary Proceeding; as the Court correctly concluded, discovery in that proceeding is governed by the Federal Rules of Civil Procedure, including rules concerning subpoenas to third parties like Sierra Club.

4854-8508-8745v.12 -

I. **Argument and Citation of Authority**

A. <u>The Rule 2004 exam is improper because debtor has the information it believe it needs to sue Sierra Club.</u>

As the Court has noted, a Rule 2004 exam is not appropriate where "the debtor would have ample opportunity to conduct discovery once it filed its adversary proceeding." Rule 2004 Order at 6 (citing *In re DeFoor Centre, LLC*, 634 B.R. 630, 638 (Bankr. M.D. Fla. 2021)). When a debtor has already "articulated the facts giving rise to" to its potential claims, a Rule 2004 examination is impermissible. *In re Defoor Ctr., LLC*, 634 B.R. 630 (Bankr. M.D. Fla. 2021). A different result gives the debtor an unfair "strategic advantage" because "a Rule 2004 examination does not provide the same procedural safeguards" as the Federal Rules of Civil Procedure. *In re Washington Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009); *see also Matter of Onatah Farms, LLC*, 2021 WL 2809902, at *1 (Bankr. N.D. Ind. Apr. 29, 2021) (where party seeking Rule 2004 examination already has facts suggesting it may have claims, exam request "suggests [the party] seeks to use 2004 as a substitute for formal discovery or as a mechanism to complete a substantial portion of its discovery before initiating litigation").

That is the case here: Debtor is not trying to "to determine *if* it has grounds to initiate an action" or find facts "needed to establish a claim." *Cf.* Rule 2004 Order at 6-7.[1] Debtor has provided a draft 32-page complaint alleging five causes of action. Rather than identify any facts it needs to file that complaint, its counsel has represented that "we believe we have a claim" and that the point of the exam is to "further investigate and corroborate the nature

---

[1] In fact, Debtor already had that very opportunity. Sierra Club in February 2017 intervened in the federal lawsuit brought by Debtor's business partner, OBOT. *See* Northern District of California Case No. 3:16-cv-07014-VC. OBOT thereafter sought—and received—extensive discovery from Sierra Club, including discovery that largely overlaps with what the Debtor seeks here. *See, e.g.,* OBOT's First Set Of Requests For Production To Defendant-Intervenor Sierra Club, attached here as Exhibit A, at Request No. 8 (seeking "[a]ll DOCUMENTS that REFER OR RELATE TO COMMUNICATIONS with the CITY regarding coal, petroleum coke and/or any other fossil fuel").

and extent of" them. [Doc. 535 at 9, 2]. That is precisely the purpose of discovery governed by the Federal Rules of Civil Procedure. *See In re Symington*, 209 B.R. 678 (Bankr. D. Md. 1997) (request for Rule 2004 exam seeking information "already well–known or within movant's possession" suggests bad faith).

Allowing Debtor to proceed this way also deprives Sierra Club of other protections that would be available upon filing of the complaint. For example, Sierra Club would have the opportunity to move to dismiss the claims before any discovery. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (Rule 12 pleading standards avoid "unlock[ing] the doors of discovery for a plaintiff armed with nothing more than conclusions"). If the claims survive such a motion, only then would Debtor be entitled to discovery. *See also Agema v. City of Allegan*, 826 F.3d 326, 332 (6th Cir. 2016) ("allowing [appellants'] conclusory complaint to proceed to discovery runs counter to the Supreme Court's objective of sparing defendants the burden of a time-consuming and expensive discovery process when the complaint is defective") (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007)).

The harm caused by allowing a Rule 2004 exam to proceed in these circumstances is not academic. As the court explained in *In re Blinder, Robinson & Co., Inc.*, 127 B.R. 267 (D. Colo. 1991) in denying such an examination, the harm is irreparable: Even if the subject may "seek suppression of the fruits of any improper discovery in collateral litigation," "by that time the damage will already have been done." *Id.* at 275. So, too, here.

3

B. <u>The Rule 2004 exam is unnecessary because Debtor's anticipated claims fail as a matter of law.</u>

The Rule 2004 exam is improper because all of the claims in Debtor's draft complaint fail as a matter of law. *Compare* Doc. 530 at 9-14 *with* Doc. 535 at 7-9. Debtor's anemic attempt to show otherwise fails.

*First*, all the proposed claims fail under the *Noerr-Pennington* doctrine. *Knology, Inc. v. Insight Commc'ns Co.*, 393 F.3d 656, 658 (6th Cir. 2004). Debtor does not dispute that its claims target petition activity; that these are the kinds of claims to which *Noerr-Pennington* applies; or that the claims independently fail because it was "governmental action, not private conduct" which purportedly harmed it. *Geomatrix, LLC v. NSF Int'l*, 82 F.4th 466, 482–83 (6th Cir. 2023) (applying *Noerr-Pennington* to fraud and interference with contract claims). *See also e DIRECTV, Inc. v. Milliman*, Case No. 02–74829, 2003 WL 23892683 *7–8 (E.D. Mich., Aug.26, 2003) (dismissing fraud, civil conspiracy, and defamation claims). Instead, Debtor claims that a "Rule 2004 Examination could otherwise uncover evidence supporting an exception to the general rule." [Doc. 535 at 8]. But petitioning conduct is only exempt as a "sham" where it is both "objectively meritless" and "an attempt to interfere directly with the business relationships of a competitor … through the use of the governmental process—as opposed to the outcome of that process—as an anticompetitive weapon[.]" *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 61 (1993). Neither is true here. Sierra Club and Debtor are not "competitors." In any event, Debtor's claims are about the *outcome* of the process—the City's decision to terminate the lease for the location Debtor hoped to build a coal terminal—not the *use of the process*. *See Manistee Town Center v. City of Glendale*, 227 F3d 1090, 1092 (9th Cir 2000) (lobbying aimed at disrupting private company's lease did not

4

fall into sham exception); *see also Evans Hotels, LLC v. Unite Here Loc. 30*, 433 F. Supp. 3d 1130, 1144 (S.D. Cal. 2020) (lobbying city council members to prevent amendment to private company's lease covered by *Noerr-Pennington*; explaining that sham exception is "extraordinarily narrow" in legislative lobbying context).

*Second,* the claims fail because Debtor cannot allege causation. Where the government is responsible for an action that injured a plaintiff, the government's exercise of independent judgment breaks the causal chain, even if the government would not have acted but for the involvement of the defendant. *Galen v. County of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007); *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 634 (E.D. Mich. 2000) (even where "private parties may have influenced or persuaded the government to act," "the government's decision to act reflects an independent governmental choice"). That is the correct result unless the plaintiff alleges the defendant "had some control or power over the" governmental decisionmaker. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1356 (9th Cir. 1981). Here, Debtor does not (and cannot) make any such allegation.

*Third*, all the claims are time-barred. Debtor argues the statute of limitations did not begin to run until January 23, 2024, when judgment was entered against the City in *Oakland Bulk & Oversized Terminal, LLC et al. v. City of Oakland*, Alameda County Superior Court Case Nos. RG18930929, RG20062473. But again, that "misunderstands the discovery rule": "plaintiff's claim accrues 'when the plaintiff suspects or should suspect that her injury was caused by wrongdoing'—not when [plaintiff] learns of the legal theory that would support recovery." *Ries v. Arizona Beverages USA, LLC*, 287 F.R.D. 523, 524 (N.D. Cal. Nov. 27, 2012) (citing *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110, (1988)). Debtor plainly "suspected" that its injury "was caused by wrongdoing" of Sierra Club no later than the filing of the first state

5

court action in 2018.[2] In any event, because the purportedly wrongful actions Debtor claims Sierra Club took were not "committed in secret," the discovery rule does not apply. *Cf. April Enter., Inc., v. KTTV*, 147 Cal. App. 3d 805, 832 (1983).

*Finally*, although Debtor acknowledges Sierra Club's argument that the claims independently fail under the First Amendment because Debtor has not identified a single false statement of fact, Doc. 535 at 7, it does not even attempt to rebut the argument except to say that it "puts the cart before the horse." The claims are independently deficient for this reason.

C. <u>The court should narrow the scope of the exam.</u>

Debtor does not dispute that the Requests, read literally, seek every document in Sierra Club's possession, including *but not limited to* "all communications with City Officials, relating to the Carbon Counties." Request No. 1. Debtor does not, however, explain why the request is permissible, nor is it. Thus, at a minimum, the Court should require Debtor to identify the additional information it purports to need to assess the viability of its claims and limit the exam to that information. *See* Doc. 530 at 9.

D. <u>The Court should deny Debtor's improper reconsideration request.</u>

Debtor urges the Court to remove language precluding discovery into the Adversary Proceeding. Obj. ¶¶14-17. Debtor did not file its own Motion for Reconsideration. Even if it had, the relief would be improper. "[O]nce an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004." *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002); *see also In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440 (Bankr. D.N.J. 1998). Thus, the Court properly held that "[a]ny discovery attempts regarding those matters set forth in the [Oakland Adversary

---

[2] In fact, at that time, OBET already had discovery from Sierra Club, as discussed above. *See* n.1.

6

Proceeding] are not within the scope of this Order." *Id.* at 8. It should not disturb this conclusion.

## II. Conclusion

Sierra Club respectfully requests that the Court enter an order setting aside the Sierra Club Order in its entirety and granting the relief requested in the Sierra Club Motion to Vacate. In the alternative, Sierra Club requests that the Court enter an order requiring Debtor to identify the information it needs and limiting the exam to that information.

Respectfully submitted,

*/s/ Charity S. Bird*
CHARITY S. BIRD
MICHAEL P. ABATE
**Kaplan Johnson Abate & Bird, LLP**
710 West Main Street
Fourth Floor
Louisville KY 40202
Telephone: 502-540-8285
Facsimile: 502-540-8282
E-mail: cbird@kaplanjohnsonlaw.com
E-mail: mabate@kaplanjohnsonlaw.com

AMBIKA KUMAR (*pro hac vice*)
**Davis Wright Tremaine LLP**
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
Telephone: 206-757-8039
E-mail: ambikakumar@dwt.com

THOMAS R. BURKE (*pro hac vice*)
SARAH E. BURNS (*pro hac vice* forthcoming)
**Davis Wright Tremaine LLP**
50 California Street, Suite 2300
San Francisco, California 94111
Telephone: 206-757-8039
E-mail: thomasburke@dwt.com
E-mail: sarahburns@dwt.com

*Counsel for Sierra Club*

**CERTIFICATE OF SERVICE**

   It is hereby certified that on February 10, 2025, a true and correct copy of the foregoing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system at the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) mailed, first-class, postage prepaid, to those persons, if any, identified in the Court's Notice of Electronic Filing who do not receive electronic notice but are entitled to be served.

                */s/ Charity S. Bird*
                CHARITY S. BIRD