UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 19-32231 |
| INSIGHT TERMINAL SOLUTIONS, LLC *et al.* | Judge Joan A. Lloyd<br>Chapter 11 |
| Debtors | |

**DEBTOR'S OBJECTION TO DEFENDANT CITY OF OAKLAND'S
MOTION FOR LEAVE TO FILE APPEAL OF ORDERS GRANTING
RULE 2004 MOTION FOR EXAMINATION OF CITY OF OAKLAND AND
<u>DENYING MOTION FOR RECONSIDERATION</u>**

Comes now Insight Terminal Solutions, LLC (the "<u>Debtor</u>" or "<u>ITS</u>"), the reorganized debtor in the above-captioned jointly administered chapter 11 cases (the "<u>Chapter 11 Cases</u>"), by counsel, and hereby submits this objection to the Motion filed by Defendant City of Oakland (the "<u>City</u>") for Leave to File Appeal of Orders Granting the Debtor's Rule 2004 Motion for Examination of the City and Denying the City's Motion for Reconsideration (the "<u>Motion to Reconsider</u>"). In further support, the Debtor states as follows:

**BACKGROUND**

1. On July 3, 2024, the Debtor filed a Motion for a Rule 2004 Examination of the City. [Bank. Doc. 508] (the "<u>Rule 2004 Motion</u>"). On July 5, 2024, the City filed its Preliminary Opposition to the Rule 2004 Motion [Bank. Doc. 509]. After a hearing on July 11, 2024, the Bankruptcy Court issued its Memorandum-Opinion and Order [Bankr. Doc. 523] granting the Rule 2004 Motion (the "<u>Rule 2004 Order</u>").

1

2. On August 29, 2024, the City filed its Motion for Reconsideration and Relief from Order Granting Rule 2004 Motion for Examination of City of Oakland, or in the alternative, to Stay That Order [Bank. Doc. 525] (the "Motion for Reconsideration"). On September 9, 2024, the Debtor filed its Objection to the Motion for Reconsideration [Bank. Doc. 528]. On January 29, 2025, the Bankruptcy Court entered an Order denying the Motion for Reconsideration [Bank. Doc. 548] (the "Rule 2004 Reconsideration Order").

3. On February 3, 2025, the City filed a Notice of Appeal of Orders Granting Rule 2004 Discovery from Adversary Defendant City of Oakland and Denying the City's Motion for Reconsideration, along with a corresponding Motion for Leave to File Appeal of Orders (the "Motion for Leave to Appeal"). In the Motion for Leave to Appeal, the City asks for leave to file an interlocutory appeal of the Bankruptcy Court's Rule 2004 Order and the Rule 2004 Reconsideration Order (collectively, the "Rule 2004 Orders"). The Motion for Leave should be denied.

**ARGUMENT**

4. The filing of the Motion for Leave to Appeal is the City's latest attempt to forestall the Debtor's efforts to diligently investigate and research the City's activities relating to its potential insolvency – quite specifically those relating to its dealings and activities concerning a potential sale of the Oakland Coliseum, a significant asset owned by the City.[1] The Bankruptcy Court was correct in exercising its considerable discretion in permitting the Debtor's Rule 2004 examination of the City, which is a discovery device recognized in itself as broad, unfettered, and in the nature of a fishing expedition. *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).

---

[1] The City is also attempting to stay the Debtor's efforts to advance discovery in an underlying adversary proceeding that is part of these Chapter 11 Case  That adversary proceeding is styled as *Adv Proc. No. 24-3007, Insight Terminal Solutions, LLC v. City of Oakland* (the "Adversary Proceeding"), and is the now subject of a separate civil action that is pending before the District Court in *Case No. 3:25-cv-00023*. The Debtor emphasizes that the Rule 2004 examination litigation at issue here does not affect discovery or other activity in the Adversary Proceeding – and vice versa.

5. Section 158(a)(3) of Title 28 of the United State Code states that the district courts shall have jurisdiction to hear appeals with leave of court from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157. *See* 28 U.S.C. § 158)(a)(3). In evaluating whether leave is warranted, courts generally apply the standards provided in 28 U.S.C. § 1292(b), which governs interlocutory appeals to federal courts of appeals from district court orders. *In re Ragle*, 395 B.R. 387, 394 (E.D. Ky. 2008) (citing *In re Eggleston Works Loudspeaker Co.*, 253 B.R. 519, 521 (B.A.P. 6th Cir. 2000)).

6. In applying Section 1292(b), the Sixth Circuit has required a movant seeking leave to satisfy four elements: (1) the question involved must be one of "law;" (2) it must be controlling; (3) there must be substantial ground for "difference of opinion;" and (4) an immediate appeal must materially advance the ultimate termination of the litigation. *In re Ragle*, 395 B.R. at 394. The City fails to satisfy any of these requirements. Because the issues in hand do not concern pure issues of law (controlling or otherwise) where substantial grounds for a difference of opinion exists and, this immediate appeal will not materially advance the termination of the bankruptcy case, the City's Motion should be denied.

**The Question Involves a Discretionary Ruling Based on Facts, Not One of Law.**

7. As to the types of questions that can be immediately appealed, "courts have uniformly found that Section 1292(b) does not permit interlocutory appeal of factual matters or mixed questions of law and fact." *In re VeroBlue Farms USA, Inc.*, No. 21-CV-3017-CJW-KEM, 2021 WL 3260087, at *4 (N.D. Iowa June 30, 2021) *(citing *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Section 1292(b) is not the vehicle for a case-specific, factual

3

determinations." *Ritchie v. New York Life Ins. Co*., No. CV 23-70-DLB-EBA, 2024 WL 4649235, at *3 (E.D. Ky. Aug. 1, 2024).

8. In the case *In re Gray*, 447 B.R. 524 (E.D. Mich. 2011), the court examined an interlocutory appeal of an order granting a debtor's Rule 2004 examination request. In reviewing the appeal, the court found that the questions did not present, as required, "pure" or "abstract" issues of law "suitable for determination by an appellate court without a trial record." *Id*., at 534 (citing *In re Am. Specialty Cars, Inc.,* 386 B.R. 187, 196 (E.D.Mich.2008) ("A legal question of the type envisioned in § 1292(b) . . . generally does not include matters within the discretion of the trial court. Interlocutory appeals are intended for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.").

9. An interlocutory appeal of a Rule 2004 order was similarly rejected in *In re EP Liquidation, LLC*, No. BK 14-10359-CSS, 2015 WL 4634834, at *4 (D. Del. Aug. 4, 2015), where the court recognized that such a contention "does not call into question a controlling issue of law, but rather disputes the Bankruptcy Court's exercise of its discretion." *Id.* at *4. The bankruptcy court in *EP Liquidation* explained that "[q]uestions that arise during the course of a bankruptcy proceeding concerning the appropriate scope of discovery . . . do not involve controlling questions of law [and] are left to the sound discretion of the court that is fully familiar with the entire proceeding—the bankruptcy judge." *Id*., at *5.

10. Here, the issues on which the City is seeking immediate appellate review concern the scope of discovery, issues reserved for the discretion of the trial court. But, as determined by this Court, "Debtor has established that the reason for the Rule 2004 Examination is to determine whether the City's transactions with respect to the Coliseum may constitute an avoidable post-

4

petition transaction under 11 U.S.C. § 549(a) of the United States Bankruptcy Code." (Rule 2004 Order at 6–7.) Thus, the scope of the Rule 2004 examination has been sufficiently tailored to factual questions, the resolution of which requires case-specific factual determinations, not an abstract analysis of pure questions of law. Consequently, the City cannot meet the first element to obtain an interlocutory appeal.

**The Parties' Dispute Does Not Involve a Controlling Question of Law**.

11. The City's Motion also fails under the second factor of Section 1292(b), as the two issues on which it seeks immediate appeal are not controlling issues of law that could materially affect the outcome of the case. *In re Ragle*, 395 B.R. at 395.

12. The City attempts to justify appellate review of the discretionary Rule 2004 Orders on two grounds. First, the City contends that Bankruptcy Court's entry of the Rule 2004 Orders constitutes an error of law because the Orders permits the Debtor to "circumvent the rules that apply to an already pending adversary proceeding." Second, the City contends that, in granting the Rule 2004 examination, the Bankruptcy Court improperly relied on 11 U.S.C. § 549(a) as it applies to the City as a contingent debtor when entering the Rule 2004 Orders. Both arguments are misplaced and do not support leave to appeal.

13. First, the City attempts to conflate the discovery that will be sought in the Adversary Proceeding with the separate and independent Rule 2004 preliminary investigative requests concerning the City's dealings surrounding the proposed sale of the Oakland Coliseum at issue in the Rule 2004 Orders. However, the information sought through the Debtor's 2004 Examination is wholly distinct from the discovery that the Debtor will seek from the City in the Adversary Proceeding, and has nothing to do with the tortious interference claims the Debtor has asserted in the Adversary Proceeding.

14. The range of discovery available in a Rule 2004 examination is entirely different from the scope of discovery in an adversary proceeding. *Compare* Fed. R. Bankr. P. 2004 (limiting examinations to include only matters that "relate []only to the acts, conduct, or property or to the liabilities and financial condition of the debt, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge") *with* Fed. R. Bankr. P. 7026(b) (the scope of discoverable material includes any material that is "nonprivileged" and "relevant" to the claim); *see also In re EP Liquidation, LLC*, 2015 WL 4634834, at *3, n. 1. So, regardless of the status or efficacy of the Rule 2004 Orders, conventional litigation discovery under Bankruptcy Rule 7026 *et seq*. must occur in order to advance that separate and distinct Adversary Proceeding litigation.

15. <u>Second</u>, the City hopes to prop up the initial Section 549(a) reference by the Debtor and characterizes it as a controlling issue of law. However, the Debtor has since clarified that one of the reasons it is seeking its Rule 2004 Examination is not Section 549(a) but instead California's state law sibling to Section 549(a), the Uniform Voidable Transactions Act, Cal. Civ. Code., § 3439.01, *et seq*. (Debtor's Objection to Motion to Reconsider at 4-5 [Bank. Doc. 528]). Thus, Section 549(a) is no longer at issue between the parties.

16. Moreover, as the Debtor noted in its objection to the City's Motion to Reconsider, neither its Rule 2004 Examination Request nor the reasoning of the Court were solely reliant on the application of Section 549(a). (*Id*. at 4.) Put differently, even if Section 549(a) could not serve as a basis to grant the particular Rule 2004 Examination under these circumstances *as a matter of law*, there was nevertheless "good cause" to issue the Rule 2004 order for other reasons, such as undue hardship to the Debtor, on California's state law sibling to Section 549(a), the Uniform Voidable Transactions Act, Cal. Civ. Code., § 3439.01, *et seq*. (*Id*., pp. 4-5).

17. Finally, and notably, the Bankruptcy Court's Orders do not rest solely on the two issues that the City argues (mistakenly) are controlling issues of law. Instead, the bankruptcy courts simply rely on the facts and circumstances surrounding a party's Rule 2004 request when exercising their discretion. The courts are not relying on controlling issues of law when exercising such discretion because 2004 exams are inherently investigatory in nature.

18. For similar reasons, the City's Motion should be denied as permitting this immediate appeal would not only not materially advance the ultimate termination of the litigation, but have the opposite effect.

19. As noted above, litigation between the parties is going to proceed regardless of the outcome of the requested interlocutory appeal, as is discovery from the City (despite its inevitable future efforts to obstruct). Importantly, it is the City's burden to prove that permitting an immediate appeal would affirmatively and materially advance the ultimate termination of litigation; the standard is not that an immediate appeal would simply not measurably extend the life of the case, or even that it would not stand in the way of an ultimate resolution. And as one court has recognized, in light of the role of Rule 2004 examinations in pre-litigation discovery, immediate appeals of orders pertaining to Rule 2004 examinations would prolong rather than hasten the termination of the litigation. *In re Gray*, 447 B.R. 524, 534 (E.D. Mich. 2011). Thus, the City cannot meet the second element for an interlocutory appeal.

**A Substantial Ground for "Difference of Opinion" Does Not Exist.**

20. As noted generally *supra*, Rule 2004 decisions are discretionary in nature. Notably, the Bankruptcy Court's Orders do not rest solely on the two issues on which the City purports to be controlling issues of law. Instead, bankruptcy courts simply rely on the facts and circumstances surrounding a party's Rule 2004 request when exercising their discretion and are not relying on

7

controlling issues of law when exercising such discretion because 2004 exams are inherently investigatory in nature.

21. Moreover, the breadth of and discretion to allow a Rule 2004 examination does not present a "difference of opinion" to satisfy the third element required for an interlocutory appeal. *In re Blinder, Robinson & Co., Inc.,* 127 B.R. 267, 273 (D. Colo. 1991) ("Whether the [court's] order was overbroad is not a controlling issue of law over which there is substantial difference of opinion. Both parties agree that the scope of examination under Rule 2004 is broad; the court's decision permitting the examinations to go forward is a matter in its discretion.") Thus, the City cannot satisfy the third element for an interlocutory appeal.

22. As noted generally *supra*, Rule 2004 decisions are discretionary in nature. Not surprisingly, given the discretionary nature of Rule 2004 orders, no substantial ground for "difference of opinion" exists here.

## An Appeal of the Rule 2004 Orders Would Not Advance the Ultimate Termination of Litigation.

23. Regardless of the status or disposition of the Rule 2004 Orders, the bankruptcy case will remain open, and the underlying Adversary Proceeding has separate discovery obligations that the parties must satisfy to advance that separate and distinct litigation. A Western District of North Carolina case illustrates the point.

24. In *In re Bestwall LLC*, No. 3:21-CV-151-RJC, 2021 WL 1857295, at *1 (W.D.N.C. May 10, 2021), appellants sought interlocutory review of an order directing submission of Personal Injury Questionnaires ("PIQ Order"). In reviewing the motion for leave to appeal, the court explained that even if an issue of pure law was at the heart of the appeal, it would not be dispositive of the litigation; if appellant were to win the appeal and the PIQ Order was overturned, then the litigation would simply return to the bankruptcy court for the underlying estimation proceeding

and appellee would seek to gather the same information through different means. *Id*., at *3. The underlying dispute between the parties would be maintained (not diminished), and the litigation would not be resolved no matter the ruling on the PIQ Order. *Id*.

25. Likewise, in the present matter, the bankruptcy case will remain open regardless of the disposition of the Rule 2004 Orders. As this Court is well aware, the Debtor has a pending Adversary Proceeding where discovery is underway. The discovery to be sought by the Debtor in the Adversary Proceeding will relate to tortious interference claims that are wholly independent and distinct from the investigatory discovery surrounding the Oakland Coliseum that is the subject of the Rule 2004 Order. Moreover, the bankruptcy case remains open regardless of the outcome of any District Court appeal. In addition to the pending Adversary Proceeding, the Debtor is engaging in other post-confirmation activities, including Rule 2004 investigatory efforts regarding the Sierra Club. As previously acknowledged, the bankruptcy "case remains active before this [Bankruptcy] Court and this [Bankruptcy] Court has continuing jurisdiction over the matter." (Rule 2004 Order at 3.) The outcome of an interlocutory appeal will not terminate the bankruptcy matter or any other matter currently pending before this Bankruptcy Court or the District Court.

26. On top of failing to advance the closing of the bankruptcy case or otherwise affect the Adversary Proceeding, courts may refuse to grant an interlocutory appeal if such an appeal would cause considerable delay and increased expense, or bog down the litigation by requiring a lengthy review of the pleadings, oral argument, and record of the bankruptcy court's proceedings. *In re Cambrian Holding Co., Inc*., No. CV 5:21-134-KKC, 2021 WL 4443326, at *3 (E.D. Ky. Sept. 28, 2021). Here, given the finite nature of time alone, never mind the other resources of the parties and their counsel, litigating an immediate appeal of these ancillary issues would result in considerable delay and expense, and otherwise "bog down" this matter.

## **CONCLUSION**

The application of Section 1292(b) and the Sixth Circuit's related *In re Ragle* four-factor tests demonstrates that the City's Motion for Leave should be denied. As the Bankruptcy Court recognized in rejecting the City's characterization of the manner in which Rule 2004 was being used, the Debtor's Chapter 11 case very much remained active before the Bankruptcy Court, which had continuing jurisdiction over this matter, all while relying on the terms of a confirmed chapter 11 plan. (Bank. Doc. 523, pp. 3-4). Considering the terms of the Plan, the broad scope of a Rule 2004 Examination, and the nature of the information sought, the Bankruptcy Court determined in its discretion that the Debtor's Rule 2004 Examination of the City was "related to" the bankruptcy case, relevant to the execution of the confirmed Plan, and otherwise "well within" the limits of Rule 2004. (*Id.*, pp. 4-6.)  Put simply, the City fails to make the required showing to justify an interlocutory appeal of the Bankruptcy Court's orders regarding the Rule 2004 Examination, which it correctly determined within its sound discretion. The Motion should be denied.

[*Signature page to immediately follow.*]

Respectfully submitted,

*/s/ Robert M. Hirsh*
Robert M. Hirsh
NORTON ROSE FULLBRIGHT US, LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3400
Robert.hirsh@nortonrosefullbright.com
COUNSEL FOR PLAINTIFF


*/s/ Barry W. Lee*
Barry E. Lee
MANATT PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7450
bwlee@manatt.com
COUNSEL FOR PLAINTIFF


*/s/ Skyler M. Sanders*
Skyler M. Sanders
PARSONS BEHLE & LATIMER
36 Professional Plaza, Ste. 220
Rexburg, Idaho 83440
Telephone: (208) 557-1953
ssanders@parsonsbehle.com
COUNSEL FOR PLAINTIFF

-and-

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
GRAY ICE HIGDON, PLLC
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
Telephone: (502) 625-2734
astosberg@grayice.com
COUNSEL FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

It is hereby certified that on February 24, 2025 a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system to all parties having entered an appearance in this proceeding.

                                        */s/ Andrew D. Stosberg*
                                        COUNSEL FOR THE PLAINTIFF