UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, et al. | ) | CASE NO. 19-32231(1)(11) |
| | ) | Jointly Administered |
| | ) | |
| Debtors | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Reconsideration and Relief from Memorandum-Opinion Denying Motion to Vacate Order Granting Motion for 2004 Examination of Interested Party Sierra Club ("hereinafter referred to as "Sierra Club's Motion for Reconsideration") (DKT 530). The Court considered the Sierra Club's Motion for Reconsideration, the Objection to the Sierra Club's Motion for Reconsideration of Debtor Insight Terminal Solutions, LLC (hereinafter referred to as "Debtor" or "ITS"), (DKT 535), and the Sierra Club's Reply in Support of the Motion for Reconsideration (DKT 556). For the following reasons, the Sierra Club's Motion for Reconsideration is **DENIED in part, AND GRANTED in part**.

**PROCEDURAL BACKGROUND**

On April 22, 2024, the Debtor filed its Motion by the Reorganized Debtor for a Rule 2004 Examination of the Sierra Club (DKT 499). Attached as Supplemental Exhibit B was a "[Draft] Complaint for Damages" by the Debtor against the Sierra Club.

On April 26, 2024, the Court entered an Order granting ITS' request for a Rule 2004 Examination of the Sierra Club (DKT 501), requiring the Sierra Club to appear for the Rule 2004 Examination on June 19, 2024.

On May 24, 2024, the Sierra Club filed its Motion to Set Aside Order Granting Motion by the Reorganized Debtor For a Rule 2004 Examination of the Sierra Club. (DKT 504). Following a hearing on the matter on July 11, 2024, the Court took the matter under submission. (DKT 518).

On August 26, 2024, this Court entered its Memorandum-Opinion denying the Sierra Club's Motion to Set Aside the Order granting ITS' request for the Rule 2004 Examination of the Sierra Club. (DKT 524).

On September 9, 2024, the Sierra Club filed its Motion for Reconsideration. (DKT 530).

On September 13, 2024, ITS filed its Objection to the Sierra Club's Motion for Reconsideration. (DKT 535).

On January 28, 2025, at a hearing on the City of Oakland's Motion for Reconsideration and Relief from Order Granting Rule 2004 Motion for Examination of the City of Oakland, or in the Alternative, to Stay that Order (DKT 525), the Sierra Club orally requested leave to file a Reply Brief in Support of its Motion for Reconsideration. The Court granted the Sierra Club's request and the Sierra Club filed its Reply Brief on February 10, 2025. (DKT 556).

## LEGAL ANALYSIS

Currently before the Court is the Sierra Club's second attempt to have this Court's ruling granting the Debtor's request for a Rule 2004 Examination of the Sierra Club reconsidered. Initially, the Sierra Club contended that the Court erred in its August 26, 2024 Memorandum-Opinion denying its Motion to Vacate the Order granting Debtor's request for a Rule 2004 Examination of the Sierra Club. Specifically, the Sierra Club contended the Court erred in its Memorandum-Opinion by seemingly allowing unlimited discovery from the Sierra Club regarding the Oakland Coliseum. The

Sierra Club is correct that the Memorandum-Opinion denying its Motion to Set Aside the Order granting Debtor's request for the Rule 2004 Examination inadvertently referred to the matters pertaining to the Order directed to the City of Oakland. Specifically, the Court referred to the sale of the Oakland Coliseum and the pending Adversary Proceeding, A.P. No. 24-03007. As the Debtor acknowledges, that language was "unintentionally" borrowed from the Court's Order pertaining to the Rule 2004 Examination of the City of Oakland, not the Sierra Club.

To be clear, the Debtor is allowed to proceed with its Rule 2004 Examination of the Sierra Club's representative and the scope of that examination is as set forth in Rule 2004(b)(1) and (2) of the Federal Rules of Bankruptcy Procedure. Should the Sierra Club object to the scope of any of the Debtor's inquiries, the Sierra Club may enter its objection on the record and the parties may seek redress from the Court as to whether the Debtor's inquiries are permissible.

This Court previously stated in its Memorandum-Opinion granting the Debtor's request for the Rule 2004 examination of the Sierra Club that the Debtor was entitled to examine the Sierra Club to determine whether any actions by the Sierra Club would support a claim by the Debtor. The Sierra Club states that the Debtor's draft complaint against the Sierra Club establishes that the Debtor already has the information it needs to assert its claims against the Sierra Club. That document, however, is a draft and has not been filed with this Court as a formal Complaint by the Debtor against the Sierra Club. Should such a Complaint be filed by the Debtor, then the Sierra Club may, if appropriate, seek dismissal under Fed. R. Civ. P. 12. The Court, however, will not reconsider that portion of its prior Order prohibiting the Debtor from seeking any information from the Sierra Club relevant to the pending Adversary Proceeding, A.P. No. 24-03007, against the City of Oakland and the sale of the Oakland Coliseum.

## CONCLUSION

For all of the above reasons, the Court will enter the accompanying Order **DENYING in part, AND GRANTING in part**, the Sierra Club's Motion for Reconsideration.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 25, 2025

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| INSIGHT TERMINAL SOLUTIONS, LLC, et al. | ) | CASE NO. 19-32231(1)(11) |
| | ) | Jointly Administered |
| | ) | |
| Debtors | ) | |

## ORDER

Pursuant to the Memorandum-Opinion accompanying this Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Motion for Reconsideration and Relief from Memorandum-Opinion-Order Denying Motion to Vacate Order Granting Rule 2004 Examination of Interested Party Sierra Club, be and hereby is, **DENIED in part, AND GRANTED in part**, as follows:

The Debtor is permitted to conduct a Rule 2004 Examination of Interested Party Sierra Club, however, the Debtor is prohibited from examining the Sierra Club on any matters pertaining to Adversary Proceeding No. 24-03007, against the City of Oakland and any matters pertaining to the sale of the Oakland Coliseum.

So Ordered this 25th day of February, 2025.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: February 25, 2025