UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC *et al.*<br><br>Debtors | Case No. 19-32231<br><br>Judge Joan A. Lloyd<br>Chapter 11 |

### MOTION TO COMPEL CITY OF OAKLAND TO COMPLY WITH THE COURT'S ORDER GRANTING RULE 2004 MOTION

Comes now Insight Terminal Solutions, LLC ("ITS"), the reorganized debtor in the above-captioned jointly administered chapter 11 cases, by and through its counsel, and hereby moves this Court for entry of an order compelling the City of Oakland (the "City") to comply with this Court's Memorandum-Opinion and Order [Bankr. Doc. 523] (the "Rule 2004 Order") and produce documents responsive to ITS's discovery requests. In further support, ITS states as follows:

### PRELIMINARY STATEMENT

On July 11, 2024, this Court issued the Rule 2004 Order granting the Motion for a Rule 2004 Examination of the City [Bank. Doc. 508] (the "Rule 2004 Motion"), over the City's opposition. Despite its obligation, commitment, and agreement to produce responsive document to ITS, the City has blatantly flouted the Rule 2004 Order and has failed to produce any documents to ITS. The City's actions are in bad faith and they cannot be allowed to ignore this Court's Order.

The Rule 2004 Order was entered more than seven months ago. In the intervening period, the City attempted to forestall ITS's examination by, among other things, filing a Motion for Reconsideration and Relief from Order Granting Rule 2004 Motion for Examination of City of

1

Oakland, or in the alternative, to Stay That Order [Bank. Doc. 525] (the "Motion for Reconsideration"), which this Court denied by its Order dated January 29, 2025 [Bank. Doc. 548] (the "Order Denying Reconsideration"). In addition, the City filed a Notice of Appeal of Orders Granting Rule 2004 Discovery from Adversary Defendant City of Oakland and Denying the City's Motion for Reconsideration [Bank. Doc. 551] and a corresponding Motion for Leave to File Appeal of Orders [Bank. Doc. 552] (the "Motion for Leave to Appeal"). Despite those filings, there is no doubt that the Rule 2004 Order is not stayed and the City remains obligated to comply with the Rule 2004 Order. Accordingly, this Court should immediately compel the City to comply with the Rule 2004 Order and establish a short deadline by when the City must produce documents responsive to ITS's discovery requests.

## BACKGROUND

1. On July 3, 2024, ITS filed the Rule 2004 Motion. On July 5, 2024, the City filed its Preliminary Opposition to the Rule 2004 Motion [Bank. Doc. 509]. After a hearing on July 11, 2024, the Bankruptcy Court issued the Rule 2004 Order, setting forth multiple reasons for why the City, as an alleged contingent debtor of ITS, is required to comply with the Rule 2004 Motion.

2. On August 29, 2024, the City filed its Motion for Reconsideration. On September 9, 2024, ITS filed its Objection to the Motion for Reconsideration [Bank. Doc. 528]. On January 29, 2025, the Bankruptcy Court entered the Order Denying Reconsideration.

3. On January 31, 2025, the City filed its Motion for Leave to Appeal. In the Motion for Leave to Appeal, the City asks for leave to file an interlocutory appeal of the Bankruptcy Court's Rule 2004 Order and the Order Denying Reconsideration. On February 24, 2025, ITS filed its Objection to Defendant City of Oakland's Motion for Leave to File Appeal of Orders Granting Rule 2004 Motion for Examination of City of Oakland and Denying Motion for

2

Reconsideration [Bank. Doc. 558]. The Motion for Leave to Appeal remains pending. However, the Rule 2004 Order has not been stayed and remains binding and enforceable against the City.

## REQUEST AND BASIS FOR RELIEF

4. As this Court found in the Rule 2004 Order, ITS has satisfied its burden for seeking discovery from the City. In particular, ITS "established that the reason for the Rule 2004 Examination is to determine whether the City's transactions with respect to the [Oakland] Coliseum may constitute an avoidable post-petition transaction under 11 U.S.C. § 549(a) of the United States Bankruptcy Code." Rule 2004 Order, p.6-7. The Court reiterated the broad nature of Rule 2004 examinations: "Unlike discovery under Fed. R. Civ. 26(b)(1), inquiries under Rule 2004 need only be relevant to the 'acts, conduct, or property or to the liability and financial condition of the debtor, or to any matter which affects the administration of the debtor's estate.'" Rule 2004 Order, p. 6 (*quoting In re Velsicol Chemical LLC*, 2024 WL 765083 (Bankr. N.D. Ill. 2024)).

5. After entry of the 2004 Order, the City attempted to derail ITS's efforts to diligently investigate and research the City's activities relating to its potential insolvency by, among other things, filing the Motion for Reconsideration, which as discussed above, this Court denied. One of the arguments raised by the City in the Motion for Reconsideration was that Section 549(a) of the Bankruptcy Code would be inapplicable. In response to that argument, ITS clarified its position and noted that if Section 549(a) does not apply, then Section 549(a)'s state law sibling, the Uniform Voidable Transactions Act as adopted in California, would apply to City transfers of assets. (*See* Objection to Rule 2004 Motion, p. 5); *see generally* Cal. Civ. Code § 3439.01, *et seq.* Moreover, the City's argument is a red herring, as neither the Rule 2004 Motion nor the reasoning in the Court's Opinion was solely reliant on the application of Section 549(a). For example, "good

3

cause" can be shown to grant Rule 2004 discovery where a denial of the request would cause undue hardship. (*See* Opinion, p. 5).  As extensively briefed by ITS and argued at the July 11, 2004 hearing before this Court, denial of its Rule 2004 Motion would have caused extensive hardship in the form of, among other things, a complete dissipation of assets. (*See* Objection to Rule 2004 Order, p. 5).

6. Following entry of the Order Denying Reconsideration, counsel for ITS and counsel for the City had a "meet and confer" on February 4, 2025 (the "Meet and Confer"). Thereafter, counsel for ITS and counsel for the City exchanged emails memorializing the terms of the agreements and/or understanding as to how the parties would proceed on February 6, 2025 (the "E-mail Exchange").  A true and correct copy of the E-mail Exchange is attached hereto as **Exhibit A**.

7. During the Meet and Confer, counsel for the City agreed to, among other things, provide ITS with responsive documents to the Rule 2004 Order on or before March 4, 2025.  In the E-mail Exchange, the City "offered to respond to the document requests contained in the Rule 2004 motion in 30 days, by March 4."  A strained reading of the E-mail Exchange may be interpreted as the City agreeing to "respond," but not to "produce" documents.  However, the City acknowledged that ITS wanted two weeks to review the responsive documents prior to deposing the City's witness between March 18 and March 21, 2025.  The City agreed to check the availability of the witness during those days.  Additionally, the City even requested a month (as compared to the two weeks requested by ITS) based on its representation that it needed additional time to compile responsive documents.  At no time did the City suggest that it would not produce documents on or before March 4 and had ITS known that this would be the response from the City, ITS would not have agreed to the two week extension to respond.  Consequently, consistent with

the Meet and Confer and the E-mail Exchange, ITS understood and anticipated that the City would produce responsive documents on or before March 4, 2025.

8. On March 4, 2025, the City did not produce any responsive documents. Instead, it delivered its Response to Debtor ITS'S Rule 2004 Request for Production (the "Discovery Response"). A true and correct copy of the Discovery Response is attached hereto as **Exhibit B**. The Discovery Response amounts to nothing more than an objection to all of ITS's discovery requests. The City would have ITS (and this Court) believe that either (1) it has no documents responsive to ITS's discovery request or (2) the Rule 2004 Order precludes the production of any such documents. That just cannot be. Otherwise, the City would not have expended so much time and resources contesting ITS's discovery, including filing an appeal of the Rule 2004 Order. Given this Court's Rule 2004 Order and its finding that ITS is entitled to discovery from the City, the Discovery Response is wholly inappropriate, inadequate, and flies in the face of fairness and dealing in good faith.

9. ITS respectfully submits that the Discovery Response is simply the City's latest attempt to forestall ITS' investigation. This Court should not tolerate the City's continued bad faith actions and gamesmanship and, to remediate this improper conduct, should compel the City to immediately comply with the Rule 2004 Order by providing responsive documents on or before Friday March 14, 2025. *See In re Harang*, 634 B.R. 731, 736 (6th Cir. B.A.P. 2021) (noting that court may impose sanctions for "discovery misconduct").

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, ITS respectfully requests that this Court enter an order compelling the City of Oakland to comply with this Court's Memorandum-Opinion

and Order [Bankr. Doc. 523] (the "Rule 2004 Order") and produce documents responsive to ITS's discovery requests no later than Friday, March 14, 2025.

[*Signature page to immediately follow.*]

Respectfully submitted,

*/s/ Robert M. Hirsh*
Robert M. Hirsh
NORTON ROSE FULLBRIGHT US, LLP
1301 Avenue of the Americas
New York, New York 10019-6022
Telephone: (212) 318-3400
Robert.hirsh@nortonrosefullbright.com
COUNSEL FOR INSIGHT TERMINAL
SOLUTIONS, LLC


*/s/ Barry W. Lee*
Barry E. Lee
MANATT PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California 94111
Telephone: (415) 291-7450
bwlee@manatt.com
COUNSEL FOR INSIGHT TERMINAL
SOLUTIONS, LLC


*/s/ Skyler M. Sanders*
Skyler M. Sanders
PARSONS BEHLE & LATIMER
36 Professional Plaza, Ste. 220
Rexburg, Idaho 83440
Telephone: (208) 557-1953
ssanders@parsonsbehle.com
COUNSEL FOR INSIGHT TERMINAL
SOLUTIONS, LLC

-and-

*/s/ Andrew D. Stosberg*
Andrew D. Stosberg
GRAY ICE HIGDON, PLLC
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
Telephone: (502) 625-2734
astosberg@grayice.com
COUNSEL FOR INSIGHT TERMINAL
SOLUTIONS, LLC

**CERTIFICATE OF SERVICE**

It is hereby certified that on March 6, 2025 a true and correct copy of the foregoing was served electronically through the Court's CM/ECF system to all parties having entered an appearance in this proceeding.

/s/ Andrew D. Stosberg
COUNSEL FOR COUNSEL FOR
INSIGHT TERMINAL SOLUTIONS, LLC