# Exhibit A

| | |
|---|---|
| **From:** | Danielle Leonard <dleonard@altshulerberzon.com> |
| **Sent:** | Thursday, February 6, 2025 5:28 PM |
| **To:** | Lee, Barry |
| **Cc:** | Skyler Sanders, Esq. (SSanders@parsonsbehle.com); Andrew Stosberg; robert.hirsh@nortonrosefulbright.com; Wimberg, April A.; Jewett Brewster, Monique D.; Max Carter-Oberstone; Colin Jones |
| **Subject:** | RE: ITS v. City |

**[CAUTION- EXTERNAL EMAIL]**: DO NOT reply, click links, or open attachments unless you have verified the sender and know the content is safe.

Counsel-

Thank you for providing the summary, although a few proposals are presented as agreements, so we have clarified our understanding of the call below:

(1) Rule 2004 Order
   a. City will provide to ITS responsive documents to the 2004 Order on or before March 4, 2025. **The City offered to respond to the document requests contained in the Rule 2004 motion in 30 days, by March 4.**
   b. Notwithstanding the above, Counsel for the City will ask the City if documents can be produced earlier than March 4, 2025. **We agreed to ask our client if they can respond earlier. We will respond shortly re: this request.**
   c. Examination of the Rule 2004 witness will take place at Manatt's office in San Francisco on a date(s) between March 18, 2025, and March 21, 2025. **We confirmed by discussion that you still wished to have two weeks to review any documents prior to the Rule 2004 examination, we all confirmed that March 18 to 21 would work for counsel, and we agreed to check availability with the City's witness during that time. We will respond shortly re: available dates.**

(2) Adversarial Proceeding
   a. Discovery - Generally.
      i. Discovery is currently open.
      ii. The parties agree to comply with Judge Lloyd's order to have discovery completed within 120 days from the January 31, 2025 order. **The City is not going to propose to Judge Lloyd that the 120-day period be changed; ITS agreed it was also not going to make such a request. All of this is subject to a ruling on the City's pending motion for a stay in the District Court, of which you are presumably aware.**
      iii. Discovery cutoff date is Friday, May 30, 2025.
      iv. Initial disclosures (excluding expert reports/depositions but including identification of potential experts) are due on February 18, 2025. **Both sides agreed to comply with the Rule 26 initial disclosures within 14 days, which is Feb. 18.**
   b. Experts

1

  i. Plaintiff's expert(s) report will be provided to Defendant on or before April 18, 2025. Defendant will take the deposition of Plaintiff's expert(s) within thirty (30) days of receipt of Plaintiff's expert(s) report.  **We agreed that Plaintiff's expert reports and supporting documents would be served by April 18.  Defendant would depose Plaintiffs' expert with sufficient time to prepare a responsive report.**
  ii. Defendant's expert's responsive report (if any) will be provided to Plaintiff on or before May 19, 2025.  **Report (if any) and supporting materials, served by May 19.**
  iii. Plaintiff will take the deposition of Defendant's expert on or before the discovery cutoff date.
c. Depositions
  i. Each of Plaintiff and Defendant plan on conducting approximately 5 depositions and one 30(b) 6 representative.  **The City provided an initial estimate, subject to change, not a plan.**
  ii. The parties will meet and confer prior to serving deposition notices in an effort to agree on mutually acceptable dates for the depositions.
  iii. Except for depositions of third-parties where documents are not requested, depositions will be conducted after documents have been produced.
d. Protective Order
  i. Plaintiff to provide Defendant with a proposed protective order.
e. Document Production
  i. No entity (including City/ITS/OBOT/OGRE/CCIG) that produced documents during the OBOT/OGRE v. City matter in response to a production request/subpoena needs to reproduce the same documents in the adversary proceeding.
  ii. Plaintiff has requested that documents produced during the federal lawsuit between OBOT and the City be produced if requested by Plaintiff to the extent responsive to the production request.  **The City is considering this request and will respond.**
  iii. To the extent relevant, prior testimony and admitted exhibits used during the OBOT/OGRE v. City trial may be used by the parties in this matter.  **This was Plaintiff's proposal, not an agreement.  The City is considering this request and will respond.**

Danielle Leonard
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108
(415) 421-7151
Pronouns: she/her

ALTSHULER BERZON LLP

This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege. Any advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, as tax advice.  Issues regarding taxation or tax law should be referred to the intended recipient's tax advisor.

**From:** Lee, Barry <BWLee@manatt.com>
**Sent:** Thursday, February 6, 2025 1:45 PM
**To:** Danielle Leonard <dleonard@altshulerberzon.com>; Max Carter-Oberstone <mcarteroberstone@altshulerberzon.com>; Colin Jones <cjones@altshulerberzon.com>
**Cc:** Lee, Barry <BWLee@manatt.com>; Skyler Sanders, Esq. (SSanders@parsonsbehle.com) <SSanders@parsonsbehle.com>; Andrew Stosberg <astosberg@grayice.com>; robert.hirsh@nortonrosefulbright.com
**Subject:** ITS v. City

Counsel—after reviewing our notes, we summarize our 2/4/2025 meet and confer as follows:

(1) Rule 2004 Order
   a. City will provide to ITS responsive documents to the 2004 Order on or before March 4, 2025.
   b. Notwithstanding the above, Counsel for the City will ask the City if documents can be produced earlier than March 4, 2025.
   c. Examination of the Rule 2004 witness will take place at Manatt's office in San Francisco on a date(s) between March 18, 2025, and March 21, 2025.
(2) Adversarial Proceeding
   a. Discovery - Generally.
      i. Discovery is currently open.
      ii. The parties agree to comply with Judge Lloyd's order to have discovery completed within 120 days from the January 31, 2025 order.
      iii. Discovery cutoff date is Friday, May 30, 2025.
      iv. Initial disclosures (excluding expert reports/depositions but including identification of potential experts) are due on February 18, 2025.
   b. Experts
      i. Plaintiff's expert(s) report will be provided to Defendant on or before April 18, 2025. Defendant will take the deposition of Plaintiff's expert(s) within thirty (30) days of receipt of Plaintiff's expert(s) report.
      ii. Defendant's expert's responsive report (if any) will be provided to Plaintiff on or before May 19, 2025.
      iii. Plaintiff will take the deposition of Defendant's expert on or before the discovery cutoff date.
   c. Depositions
      i. Each of Plaintiff and Defendant plan on conducting approximately 5 depositions and one 30(b) 6 representative.
      ii. The parties will meet and confer prior to serving deposition notices in an effort to agree on mutually acceptable dates for the depositions.

      iii. Except for depositions of third-parties where documents are not requested, depositions will be conducted after documents have been produced.

  d. Protective Order

      i. Plaintiff to provide Defendant with a proposed protective order.

  e. Document Production

      i. No entity (including City/ITS/OBOT/OGRE/CCIG) that produced documents during the OBOT/OGRE v. City matter in response to a production request/subpoena needs to reproduce the same documents in the adversary proceeding.

      ii. Plaintiff has requested that documents produced during the federal lawsuit between OBOT and the City be produced if requested by Plaintiff to the extent responsive to the production request.

      iii. To the extent relevant, prior testimony and admitted exhibits used during the OBOT/OGRE v. City trial may be used by the parties in this matter.

**Barry W. Lee**
Partner

_____

**Manatt, Phelps & Phillips,** LLP
One Embarcadero Center
30th Floor
San Francisco, CA 94111
**D** (415) 291-7450 **F** (415) 291-7519
BWLee@manatt.com

manatt.com

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.