# Exhibit B

# UNITED STATES BANKRUPTCY COURT

# WESTERN DISTRICT OF KENTUCKY

# LOUISVILLE DIVISION

| | |
|---|---|
| In re:<br><br>INSIGHT TERMINAL SOLUTIONS, LLC, *et al*.<br><br>Debtors. | Chapter 11<br><br>Case No. 19-32231<br><br>(Jointly Administered)<br><br>Judge Joan A. Lloyd |

## CITY OF OAKLAND'S RESPONSE TO DEBTOR ITS'S

## RULE 2004 REQUEST FOR PRODUCTION

Defendant City of Oakland, by and through counsel, hereby provides the following written response to Debtor Insight Terminal Solution, LLC's Rule 2004 Request for Documents (ECF 508), as granted by the Western District of Kentucky Bankruptcy Court (ECF 523) ("Requests").

## PRELIMINARY STATEMENT

1. These responses reflect the results of the City's diligent and reasonable efforts to respond to ITS's Requests, based on the investigation the City has thus far been able to conduct. The City provides the following responses without prejudice to the City's right to amend, modify or supplement these responses and/or assert additional objections as this litigation continues and as additional information becomes available to it, while denying any obligation to do so.

2. By providing these responses, the City does not waive: (1) any objections as to the admissibility of, competency of, relevancy of, materiality of, or privilege attaching to any documents provided; or (2) the right to object to other discovery requests or undertakings involving or relating to the subject matter of the Requests herein. An objection or answer in response to these Requests in no way constitutes or should be construed as an admission with respect to the relevance or admissibility of any document.

## GENERAL AND CONTINUING OBJECTIONS

3. The City objects to the subject matter jurisdiction of this Court over the related Adversary Proceeding filed by ITS against the City, and makes this response subject to and without waiving that objection. The City objects to this Rule 2004 Request for all the reasons set forth in the City's prior Motion for Reconsideration and Motion for Leave to Appeal, currently pending with the U.S. District Court for the Western District of Kentucky, and makes this response subject to and without waiving those objections.

4. The City objects to the Requests as not relevant to any issue within the scope of bankruptcy jurisdiction.

5.     The City objects to the Requests as unduly burdensome to the extent that it calls for information that is available to the general public and therefore equally available to ITS and its counsel.

6.     The City objects to the Requests to the extent that they calls for any privileged information that is protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine, or any other lawfully recognized privilege or immunity from disclosure.

7.     The City objects to the Requests to the extent they call for any privileged information that is protected from disclosure under the executive privilege, official information privilege, deliberative process privilege, or any other related lawfully recognized privilege or immunity from disclosure.

8.     The City objects to the Requests and Instructions to the extent they impose obligations inconsistent with and that go beyond the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

## RULE 2004 DOCUMENT REQUESTS

**REQUEST NO. 1:**

All Documents in your possession—including, but not limited to, all Communications and Contracts—with AASEG relating to the Coliseum.

**RESPONSE TO REQUEST NO. 1:**

Subject to and incorporating the foregoing General Objections, the City responds as follows:

The Western District of Kentucky Bankruptcy Court Memorandum-Opinion granting Debtor ITS's Rule 2004 Motion states the following:

> Debtor has established that the reason for the Rule 2004 Examination is to determine whether the City's transactions with respect to the Coliseum may constitute an avoidable post-petition transaction under 11 U.S.C. § 549(a) of the United States Bankruptcy Code. The parties herein, however, are cautioned that this Court's Order allowing the requested Rule 2004 Examination of the City of Oakland is not intended for any party to conduct

3

examination of any party related to the matters outside those in the Debtor's Motion for the Rule 2004 Examination. Any discovery attempts regarding those matters set forth in the pending Adversary Proceeding, A.P. No. 24-03007 are not within the scope of this Order.

ECF 508 at 6-7.  The City therefore further objects to this Request to the extent that it calls for documents that are not relevant to the determination of "whether the City's transactions with respect to the Coliseum may constitute an avoidable post-petition transaction under 11 U.S.C. § 549(a) of the United States Bankruptcy Code."  The Court's order expressly precludes production of testimony and documents that are not relevant to this topic.

> 11 U.S.C. § 549 of the United States Bankruptcy Code states:
> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate— (1) that occurs after the commencement of the case; and (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court.

Upon diligent review of the City's records, there are no documents responsive to this Request that pertain to "a transfer of property of the estate."

Moreover, on February 25, 2025, ITS filed a Notice of Filing of Objection and Debtor's Objection to Defendant City of Oakland's Motion for Leave to File Appeal of Orders Granting Rule 2004 Motion for Examination of City of Oakland and Denying Motion for Reconsideration [ECF 10] in the U.S. District Court for the Western District of Kentucky, Case No. 25-cv-00065.

That documents states:
> [T]he Debtor has since clarified that one of the reasons it is seeking its Rule 2004 Examination If not Section 549(a) but instead California's state law sibling to Section 549(a), the Uniform Voidable Transactions Act, Cal. Civ. Code §3439.01, et seq. [citation omitted] Thus, *Section 549(a) is no longer at issue between the parties*.

Id. at ¶16 (emphasis added).  In light of ITS's concession that the subject matter allowed by the Court [ECF 508 at 6-7, quoted above], is "no longer at issue between the parties," the City further objects to this Request in its entirety as not relevant.

**REQUEST NO. 2:**

All Documents in your possession evidencing the fair market value of the Coliseum.

**RESPONSE TO REQUEST NO. 2:**

Subject to and incorporating the foregoing General Objections, the City responds as

4

follows:

The City further objects to the terms ""evidencing" and "fair market value" as vague and ambiguous.

Moreover, the Court's Memorandum-Opinion granting Debtor ITS's Rule 2004 Motion states the following:

> Debtor has established that the reason for the Rule 2004 Examination is to determine whether the City's transactions with respect to the Coliseum may constitute an avoidable post-petition transaction under 11 U.S.C. § 549(a) of the United States Bankruptcy Code. The parties herein, however, are cautioned that this Court's Order allowing the requested Rule 2004 Examination of the City of Oakland is not intended for any party to conduct examination of any party related to the matters outside those in the Debtor's Motion for the Rule 2004 Examination. Any discovery attempts regarding those matters set forth in the pending Adversary Proceeding, A.P. No. 24-03007 are not within the scope of this Order.

ECF 508 at 6-7. The City therefore objects to this Request to the extent that it calls for documents that are not relevant to the determination of "whether the City's transactions with respect to the Coliseum may constitute an avoidable post-petition transaction under 11 U.S.C. § 549(a) of the United States Bankruptcy Code." The Court's order precludes production of testimony and documents that are not relevant to this topic.

> 11 U.S.C. § 549 of the United States Bankruptcy Code states:
> (a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate— (1) that occurs after the commencement of the case; and (2) (A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court.

Upon diligent review of the City's records, there are no documents responsive to this Request that pertain to "a transfer of property of the estate."

Moreover, on February 25, 2025, ITS filed a Notice of Filing of Objection and Debtor's Objection to Defendant City of Oakland's Motion for Leave to File Appeal of Orders Granting Rule 2004 Motion for Examination of City of Oakland and Denying Motion for Reconsideration [ECF 10] in the U.S. District Court for the Western District of Kentucky, Case No. 25-cv-00065. That documents states:
> [T]he Debtor has since clarified that one of the reasons it is seeking its Rule 2004

>    Examination If not Section 549(a) but instead California's state law sibling to Section 549(a), the Uniform Voidable Transactions Act, Cal. Civ. Code §3439.01, et seq. [citation omitted] Thus, *Section 549(a) is no longer at issue between the parties*.

Id. at ¶16 (emphasis added).  In light of ITS's concession that the subject matter allowed by the Court [ECF 508 at 6-7, quoted above], is "no longer at issue between the parties," the City further objects to this Request in its entirety as not relevant.

As to Objections:

| | |
|---|---|
| Dated:  March 4, 2025 | By: */s Danielle Leonard* |
| | Danielle Leonard (SBN 218201)<br>ALTSHULER BERZON LLP<br>177 Post St, Suite 300<br>San Francisco, CA 94108<br>Phone: (415) 421-7151<br>Email: dleonard@altshulerberzon.com |
| | April A. Wimberg<br>DENTONS BINGHAM GREENBAUM LLP<br>3500 PNC Tower, 101 South Fifith Street<br>Louisville, Kentucky 40202<br>Phone: (502) 587-3719<br>Email: April.wimberg@dentons.com |
| | Ryan Richardson, City Attorney (SBN 223548)<br>Kevin McLaughlin, Supervising Deputy City Attorney (SBN 251477)<br>Maria S. Bee, Chief Asst City Attorney (SBN 167716)<br>THE CITY OF OAKLAND<br>One Frank Ogawa Plaza, 6th Floor<br>Oakland, California 94612<br>Phone: (510) 238-3601<br>Email: rrichardson@oaklandcityattorney.org<br>mbee@oaklandcityattorney.org<br>kmclaughlin@oaklandcityattorney.org |
| | *Attorneys for Defendant* |

# PROOF OF SERVICE
Code of Civil Procedure §1013

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street, Suite 300, San Francisco, California 94108. On March 4, 2025, I served the following documents on the parties, through their attorneys of record, as designated below:

**CITY OF OAKLAND'S RESPONSE TO DEBTOR ITS'S RULE 2004 REQUEST FOR PRODUCTION**

**By Electronic Mail:** I caused such document(s) to be delivered in PDF format by electronically transmitting a PDF version to the email addresses listed in the service list below.

| | |
|---|---|
| Robert M. Hirsh<br>NORTON ROSE FULBRIGHT US LLP<br>Robert.hirsh@nortonrosefulbright.com | Barry W. Lee<br>MANATT, PHELPS & PHILIPS<br>bwlee@manatt.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
| Andrew D. Stosberg<br>GRAY ICE HIGDON, PLLC<br>astosberg@grayice.com | Skyler Matthew Sanders<br>PARSONS BEHLE & LATIMER<br>ssanders@parsonsbehle.com |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed March 4, 2025, at San Francisco, California.

/s/ *Giorgia Lingiardi*

Giorgia Lingiardi