UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| INSIGHT TERMINAL SOLUTIONS, LLC *et al.* | Case No. 19-32231 |
| Debtors | (Jointly Administered) |
| | Judge Joan A. Lloyd |

### MOTION FOR EXPEDITED HEARING ON MOTION TO COMPEL CITY OF OAKLAND TO COMPLY WITH THE COURT'S ORDER GRANTING RULE 2004 MOTION

Comes now the Insight Terminal Solutions, LLC ("ITS"), the reorganized debtor in the above-captioned jointly administered chapter 11 cases, by and through its counsel, and hereby moves the Court for entry of an order scheduling an expedited hearing for the Motion to Compel City of Oakland to Comply with the Court's Order Granting Rule 2004 Motion (the "Motion to Compel") filed by ITS contemporaneously herewith. In support of this Motion, ITS provides as follows:

By this Motion, ITS is asking the Court to hear the Motion to Compel on an expedited basis. Cause exists for an expedited hearing for the Motion to Compel due to the refusal of the City of Oakland (the "City") to comply with this Court's Memorandum-Opinion and Order [Bankr. Doc. 523] (the "Rule 2004 Order"), which was entered more than seven months ago. In the intervening period, the City attempted to forestall ITS's examination by filing a Motion for Reconsideration and Relief from Order Granting Rule 2004 Motion for Examination of City of Oakland, or in the alternative, to Stay That Order [Bank. Doc. 525], which this Court denied by its Order dated January 29, 2025 [Bank. Doc. 548]. In addition, the City filed a Notice of Appeal of

Orders Granting Rule 2004 Discovery from Adversary Defendant City of Oakland and Denying the City's Motion for Reconsideration [Bank. Doc. 551].  Despite those filings, there is no doubt that the Rule 2004 Order is not stayed and the City remains obligated to comply with the Rule 2004 Order. .  The City, however, has not produced any responsive documents.  Given that ITS intends to proceed with its examination of witnesses between March 18, 2025 and March 21, 2025 (which are dates proposed by the City during a February 4, 2025 conference between counsel for the City and ITS), ITS asserts that the Court's expedited assistance in the form of an order compelling the City to comply with this Court's Rule 2004 Order and set a deadline by which the City must provide ITS with documents responsive to its discovery request would decisively resolve this discover dispute.

WHEREFORE ITS asks the Court to enter the proposed order tendered herewith, which schedules the Motion to Compel to be heard in person on an expedited basis on **Tuesday, March 11, 2025 at 11:00 a.m. Eastern Time** with notice of such hearing to the City's attorneys of record in this proceeding being immediately served electronically through the Court's CM/ECF system.

Respectfully submitted,

*/s/ Robert M. Hirsh*
ROBERT M. HIRSH
NORTON ROSE FULLBRIGHT US, LLP
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6022
TELEPHONE: (212) 318-3400
ROBERT.HIRSH@NORTONROSEFULLBRIGHT.COM
COUNSEL FOR INSIGHT TERMINAL SOLUTIONS, LLC

-and-

        */s/ Andrew D. Stosberg*
ANDREW D. STOSBERG
GRAY ICE HIGDON, PLLC
3939 Shelbyville Road, Suite 201
Louisville, Kentucky 40207
Telephone: (502) 625-2734
E-mail: astosberg@grayice.com
COUNSEL FOR INSIGHT TERMINAL SOLUTIONS, LLC

## CERTIFICATE OF SERVICE

It is hereby certified that on March 6, 2025 a copy of the foregoing was transmitted to all counsel who have filed an appearance in the above-captioned adversary proceeding by electronic means through the Bankruptcy Court's CM/ECF system.

        */s/ Andrew D. Stosberg*
Andrew D. Stosberg
COUNSEL FOR INSIGHT TERMINAL SOLUTIONS, LLC