# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| INSIGHT TERMINAL SOLUTIONS, LLC, *et al.*, | Case No. 19-32231 |
| Debtors. | Judge Joan A. Lloyd |

**DECLARATION OF DANIELLE LEONARD IN SUPPORT OF CITY'S OPPOSITION TO ITS'S MOTION TO COMPEL**

I, Danielle Leonard, declare as follows:

1.  I am a member in good standing of the bar of the State of California, a partner at the law firm Altshuler Berzon LLP, and counsel of record for the City of Oakland ("City") in this matter.  The contents of this declaration are based on my personal knowledge, and if called to testify I would competently testify thereto.

2.  I provide this declaration in support of the City's Opposition To ITS's Motion To Compel And Response To Request For An Expedited Hearing.

3.  On March 4, 2025, consistent with the agreement reached between counsel, the City served its written responses to ITS's document request accompanying the Rule 2004 examination.

4.  On March 5, 2025 counsel for Insight Terminal, LLC ("ITS") emailed counsel for the City regarding the City's response to ITS's request for production of documents.  On March 6, 2025 counsel for the City responded to that email, explaining again why the City's investigation revealed no responsive documents consistent with the parameters of this Court's order.  A true and correct copy of this email correspondence is attached hereto as **Exhibit A.**

5.  The Debtor did not consult with counsel for the City in advance of filing the request for expedited hearing.

6.  Since this Court denied the City's motion for a stay pending appeal and reconsideration on the Rule 2004 order, the City has carefully and diligently complied with its obligations. The City met and conferred with counsel very quickly to set a schedule with respect to the Rule 2004 response and discovery in the adversary proceeding, and has complied with that schedule in every way.  Subsequent to exchanging initial disclosures, the City has served extensive written discovery on ITS, and ITS has not served any discovery in the adversary proceeding.  The City will continue to comply with each and every discovery obligation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of March, 2025 in San Francisco, California.

*/s/ Danielle Leonard*

Danielle Leonard

Altshuler Berzon LLP

# EXHIBIT A

| | |
|---|---|
| **From:** | Max Carter-Oberstone <mcarteroberstone@altshulerberzon.com> |
| **Sent:** | Thursday, March 6, 2025 12:04 PM |
| **To:** | Robert M. Hirsh; Giorgia Lingiardi; Lee, Barry; astosberg@grayice.com; Skyler Sanders; Danielle Leonard |
| **Cc:** | Wimberg, April A.; monique.jewettbrewster@lathropgpm.com; kmclaughlin@oaklandcityattorney.org; Colin Jones |
| **Subject:** | Re: ITS v Oakland (Adv. Pro. No. 24-03007-jal) |

**[WARNING: EXTERNAL SENDER]**

Dear Counsel,

The City has fully responded to your requests, on the date we agreed, and has done so in good faith, after reviewing your requests, the City's records, and your more recent filings. It does seem that ITS is conflating discovery in the adversary proceeding with this Rule 2004 exam, which is not appropriate. Main Bk. Dkt. 523 at 7 (discovery into adversary proceeding is "not within the scope of this Order"). The Court's order on your Rule 2004 exam was clear that the examination was limited to whether certain property might constitute an avoidable post-petition transaction under 11 U.S.C. § 549(a). *Id*. at 6-7 ("the reason for the Rule 2004 Examination is to determine whether the City's transactions with respect to the Coliseum may constitute an avoidable post-petition transaction under 11 U.S.C. § 549(a)"). The City has fully responded that there are no responsive documents that fall within the scope of the limited response ordered by the Court. The City has conducted a diligent investigation into your section 549 allegations, including a reasonable review of its documents to determine whether there is any possible relationship between documents involving the Debtor, its estate and the Coliseum deal. There are no responsive documents, within the limits the Court imposed on this request. The scope of a Rule 2004 exam should not "stray into matters which are not relevant to the basic inquiry... [such as] matters having no relationship to the debtor's affairs and no effect on the administration of his estate." In re Mitchell, No. 18-40736-JMM, 2019 Bankr. LEXIS 658, at *16-17 (Bankr. D. Idaho Mar. 5, 2019) (internal citations omitted). It it is not appropriate to proceed as if the Court did not issue an order limited to section 549(a), which it plainly did, or to use this meet and confer process to reopen or expand that decision.

Moreover, well after our meet and confer, your client disclaimed any reliance on section 549(a), which was the only issue the Court granted the examination into. If ITS is disclaiming the only subject matter that the court granted inquiry into, we do not see how, even if there were responsive documents, you could possibly compel them. In any event, there are no documents responsive to the Rule 2004 order.

Finally, your email does not accurately reflect our meet and confer over these issues. During that conference, the City agreed to respond to your document request, and did not agree to produce all of the documents you are asking for, whether or not those are appropriate or within the scope of the Court's order, or whether or not they were privileged. The City has complied with its obligations to determine whether there are responsive documents within the scope of the Court's order: there are not. If you believe that the City is not correct, and there is some category of responsive documents that involve both the Coliseum and the West Gateway terminal or the ITS Sublease (which for these purposes, the City will assume is Debtor "property" notwithstanding our legal dispute as to the validity of that document), please do let us know.

Respectfully,

1

Max

---

**From:** Robert M. Hirsh <robert.hirsh@nortonrosefulbright.com>
**Sent:** Wednesday, March 5, 2025 1:29 PM
**To:** Giorgia Lingiardi <glingiardi@altshulerberzon.com>; Lee, Barry <bwlee@manatt.com>; astosberg@grayice.com <astosberg@grayice.com>; Skyler Sanders <ssanders@parsonsbehle.com>; Danielle Leonard <dleonard@altshulerberzon.com>
**Cc:** april.wimberg@dentons.com <april.wimberg@dentons.com>; monique.jewettbrewster@lathropgpm.com <monique.jewettbrewster@lathropgpm.com>; kmclaughlin@oaklandcityattorney.org <kmclaughlin@oaklandcityattorney.org>; Colin Jones <cjones@altshulerberzon.com>; Max Carter-Oberstone <mcarteroberstone@altshulerberzon.com>
**Subject:** RE: ITS v Oakland (Adv. Pro. No. 24-03007-jal)

You don't often get email from robert.hirsh@nortonrosefulbright.com. Learn why this is important
Danielle,

We received your client's Responses to Plaintiff's Rule 2004 Request for the Production of Documents.  Your responses, although not shocking, are wholly inadequate and improper.  We understand that your client does not like the Court's ruling on ITS' 2004 Motion.  However, even though your client decided to appeal the ruling, that does not allow your client to disregard its legal obligations to comply.

In addition, we had a meet and confer several weeks ago and you agreed to produce documents to our client.  Rather than acting in good faith, you produced a document saying that you were not producing any documents. Plaintiff has been harmed by your failure to raise this issue during that meet and confer, where this issue could have been addressed by the parties and relief sought from the court a month ago.  I will also remind you that you requested a month to produce documents because you said that two weeks was not long enough for your client to assemble all of the responsive documents.  Had Plaintiff and its counsel known at that time that you actually had no intention of producing any documents, Plaintiff would have never agreed to extend the two-week production deadline.  Your actions here are in bad faith, violate the notions of fairness, and will not be tolerated.

Please produce all responsive documents to us by 3 pm ET tomorrow or we will immediately move forward with an emergency motion to compel said production.

Please be guided accordingly.

**Robert Hirsh** | Partner
Norton Rose Fulbright US LLP
1301 Avenue of the Americas, New York, New York  10019-6022, United States
Tel +1 212-318-3060 | Fax +1 212-318-3400 | Mobile +1 516-426-8232
robert.hirsh@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT**

*Law around the world*
nortonrosefulbright.com

**From:** Giorgia Lingiardi <glingiardi@altshulerberzon.com>
**Sent:** Tuesday, March 4, 2025 8:42 PM
**To:** Lee, Barry <bwlee@manatt.com>; Robert M. Hirsh <robert.hirsh@nortonrosefulbright.com>; astosberg@grayice.com; Skyler Sanders <ssanders@parsonsbehle.com>
**Cc:** april.wimberg@dentons.com; monique.jewettbrewster@lathropgpm.com; kmclaughlin@oaklandcityattorney.org; Danielle Leonard <dleonard@altshulerberzon.com>; Colin Jones <cjones@altshulerberzon.com>; Max Carter-Oberstone <mcarteroberstone@altshulerberzon.com>
**Subject:** ITS v Oakland (Adv. Pro. No. 24-03007-jal)

**External Email - Use Caution**

Counsel,

Please see attached the City of Oakland's Response to Debtor ITS's Rule 2004 Request for Production in the above referenced matter.

Thank you,

Giorgia Lingiardi (hear my name)
Legal Administrative Assistant
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Office: (415) 421-7151, Ext. 344
glingiardi@altber.com
Pronouns: she/her

# ALTSHULER BERZON LLP

*This email message and any attached documentation are for the sole use of the intended recipient(s) and may contain privileged or otherwise confidential information. If the reader or recipient of this communication is not the intended recipient or someone authorized to receive the message for the intended recipient, please notify the sender immediately by reply email or telephone, and delete the original communication and any attached documentation without copying or disclosing the contents. Any unauthorized review, use, copying, disclosure, or distribution of this communication and any attached documentation is strictly prohibited. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work product privilege.*

This email message and any attachments are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure, copying or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to nrfus.postmaster@nortonrosefulbright.com.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.